FILED - USDC - FLMD - OCA
AUG 5 2025 AM10:04

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

NEIL JOSEPH GILLESPIE,
Plaintiff,

vs. CASE No. 5-25-CV-486-SPC-PRL

WESLEY WILCOX, MARION COUNTY
SUPERVISOR OF ELECTIONS,
Defendant.
_______________________________________/

COMPLAINT

The Plaintiff, Neil Joseph Gillespie ("Gillespie"), a nonlawyer appearing pro se, states:

1. This is a voting rights case under 52 U.S. Code § 10502 - Residence requirements for voting, seeking relief under 52 U.S. Code § 10504 - Judicial relief; civil actions by the Attorney General; three-judge district court; appeal to Supreme Court.

2. Plaintiff Gillespie is a resident of the City of Ocala, age 69, living and working since January 2, 2023, at 2801 SW College Rd, STE 3, Ocala, Florida, 34474.

3. The Defendant is Wesley Wilcox, Marion County Supervisor of Elections ("SOE Wilcox"), Marion County Election Center, 981 NE 16th St, Ocala, FL 34470.

Jurisdiction and Venue

4. Federal question jurisdiction 52 U.S. Code § 10502; 52 U.S. Code § 10504.

5. Jurisdiction arises in the Ocala Division under 28 USC 1391(b)(1).

Facts:

6. Gillespie has resided in Marion County, Florida for 20 years. On May 19, 2022 Gillespie was evicted at gunpoint after foreclosure of his home on a federal HECM reverse mortgage.

7. Gillespie was homeless from May 19, 2022 until January 2, 2023, when he rented and occupied space in an office condominium in the Starting Gate Executive Office. The office is home to Justice Network, a fictitious name owned by Gillespie. Justice Network is engaged in advocacy, education, news gathering and dissemination, and helping people fight injustice. Gillespie relies on Social Security retirement income and unable obtain other adequate housing.

8. Gillespie is currently registered to vote. SOE Wilcox assigned Gillespie's voting address as the Marion County Election Center, 981 NE 16th St, Ocala, FL 34470. SOE Wilcox has repeatedly refused to register Gillespie to vote where he works and lives since January 2, 2023 in the City of Ocala at 2801 SW College Rd, STE 3, Ocala, Florida, 34474.

9. Gillespie's voter registration at the Marion County Election Center, 981 NE 16th St, Ocala, FL 34470, prevents him from voting or participating in City of Ocala elections, according to SOE Wilcox. Recently Gillespie's voter registration prevented him from qualifying as a candidate in the City of Ocala General Election and Special Election for mayor.

10. On July 28, 2025 Gillespie filed a DS-DE 34 complaint with the Florida Department of State, Division of Elections, alleging SOE Wilcox has willfully refused or willfully neglected to perform his duty to register Gillespie to vote in the City of Ocala, Florida, in violation of Fla. Stat. s. 104.051, Violations; neglect of duty; corrupt practices. The Department has not responded to, or acknowledged Gillespie's complaint, and he does not expect any response.

11. Gillespie believes a more likely response may come from Gov. DeSantis' election police force in the form of a nighttime raid where he may be killed or seriously injured.

12. On Friday August 1, 2025, Gillespie hand-delivered the attached voter registration application to SOE Wilcox. (Exhibit 1). The application states in relevant part:

Wesley Wilcox, CERA
Supervisor of Elections
Marion County, Florida
981 NE 16th Street
Ocala, Florida 34470
Phone: 352.620.3290
Fax: 352.620.3286
Email: wwilcox@votemarion.gov

August 1, 2025

VIA HAND DELIVERY, FAX and EMAIL

Dear Mr. Wilcox:

Enclosed is your letter dated "July 2025" where you wrote in relevant part:

> Your voter registration application was received incomplete and could not be processed because it was missing some of the information required by law.
> The post office did not recognize your address as a residential address.

Mr. Wilcox, Florida law does not require the post office to recognize my address as a residential address. Therefore, enclosed is another application to register to vote at 2801 SW College Rd, STE 3, Ocala, FL 34474. Also enclosed:

1. My Declaration of Domicile recorded with the Marion County Clerk and Comptroller, showing my legal address where I live, 2801 SW College Rd., STE 3, Ocala, FL 34474.

2. A 3 page publication by the Florida Division of Elections, Voter Residency In Florida, *DE Reference Guide 0003 (Updated 06-2019; supersedes all prior versions)*. Once again, Florida law does not require the post office to recognize my address as a residential address. See paragraph 1 of the enclosed publication, the last sentence:

> A business address is not a satisfactory legal residential address. However, although not the rule, if the person is able to prove residence there despite the zoning ordinance, a fact-finding body could determine that the business address is the person's legal residential address. Footnote 4: Andrews v. Hartzog, Case No. 38-2008-CA-000032 (8th Cir. Levy County, Florida 2008)

My legal address, 2801 SW College Rd, STE 3, Ocala, Florida 34474, is an office condo zoned B2 according to the Marion County Property Appraiser (MCPA) property card.

B2 zoning means COMMUNITY BUSINESS, according to the MCPA zoning code descriptions. The City of Ocala Municode for B2 Community Business zoning, Sec. 122-622 Permitted principal uses, shows my use as an Residence Office is permitted without exception in the community business (B-2) district. There are additional residential uses permitted in B2, but for now I rely upon Sec. 122-622 - Permitted principal uses. (1) Residential uses, a. Residential operation, 5. Residence—Office.




Neil J. Gillespie at 2801 SW College Rd., STE 3, Ocala, FL 34474

Please see attached my fictitious name certification for Justice Network. The Florida Department of State certified that JUSTICE NETWORK is a Fictitious Name registered with the Department of State on January 25, 2018. The Registration Number of this Fictitious Name is G18000014506. The certification was signed and sealed by Secretary of State Cord Byrd on September 9, 2023. Secretary Byrd further certified as follows: "I further certify that said Fictitious Name Registration is active. I further certify that said Fictitious Name Registration filed a renewal on September 7, 2023, and expires on December 31, 2028."

> Owner Information
> GILLESPIE, NEIL JOSEPH
> 2801 SW COLLEGE RD, STE 3
> OCALA, FL 34474

Also attached is my Employer identification number (EIN) 22-3884681 issued by the IRS.

Should this matter proceed to civil rights litigation, please designate who is authorized to accept service of process on your behalf. Thank you.

Sincerely,
(signature)
Neil J. Gillespie
2801 SW College Rd., STE 3
Ocala, FL 34474
Tel: 352-239-9037
NeilGillespie@mail.com (E-Filing Portal)

Enclosures

13. On Monday, August 4, 2025, Mr. Wilcox responded by email:

> Thanks for alerting us to the inaccuracy in our document.
> We have updated it, to more accurately reflect the facts.
> If you would like to get the zoning changed on that address, please contact the zoning authority.
>
> Wesley
> Wesley Wilcox, CERA
> Supervisor of Elections
> Marion County, Florida
> PO Box 289
> Ocala, Florida 34478-0289
> Phone: 352.620.3290
> Fax: 352.620.3286
> Web: www.VoteMarion.Gov

14. Gillespie checked his online voter registration after getting the email from SOE Wilcox. The registration still shows Gillespie's voting address as the Marion County Election Center, 981 NE 16th St, Ocala, FL 34470. (Exhibit 2).

Relief Sought

15. Pursuant to 52 U.S. Code § 10504, Gillespie seeks judicial relief to register to vote in the City of Ocala where he works and lives: 2801 SW College Rd., STE 3, Ocala, FL 34474. The Florida Division of Elections publication, Voter Residency In Florida, *DE Reference Guide 0003 (Updated 06-2019; supersedes all prior versions)*, states:

> A business address is not a satisfactory legal residential address. However, although not the rule, if the person is able to prove residence there despite the zoning ordinance, a fact-finding body could determine that the business address is the person's legal residential address. Footnote 4: Andrews v. Hartzog, Case No. 38-2008-CA-000032 (8th Cir. Levy County, Florida 2008)

16. Pursuant to 52 U.S. Code § 10504, Gillespie believes the Court can act as a "fact-finding body" to determine that the business address is Gillespie's legal residential address. In the alternative Gillespie seeks money damages of $1,000,000 plus attorneys fees and costs.

City of Ocala Mayoral Election

17. The Ocala Star-Banner reported July 14, 2025, "None of the candidates for the city of Ocala election qualified. Here's what happens next". Gillespie is shown as a candidate for mayor.

> "Incumbent Mayor Ben Marciano, and challenging him were Zackary Feliciano and Neil J. Gillespie." (Exhibit 3) and at the URL

https://www.ocala.com/story/news/local/2025/07/14/ocala-city-council-to-discuss-special-election-in-september-2025/85198041007/

18. The Ocala Gazette previously reported, "Historically, the mayor's duties have been largely ceremonial. The mayor has no vote on the Ocala City Council but does hold veto power. The pay is a nominal $550 a month. However, there is one aspect of the job that literally involves life and death. Because of the structure of Ocala government, the mayor, not the city council, has sole oversight of the Ocala Police Department." (Ocala Gazette, August 10, 2022)

19. A Special Election was called when no candidates qualified. Attached as Exhibit 4 is Gillespie's request for petitions. "Under the special election rules I must obtain 25 petitions signed by eligible voters who live within the city limits of the City of Ocala, Florida, and provide them to the City Clerk, Angel B. Jacobs, by 12 Noon on Friday, July 18, 2025."

20. Under Florida election law, a candidate generally has the option to either pay the filing fee, or obtain candidate petitions. However in the City of Ocala, a candidate must pay the filing fee AND obtain 25 petitions. Gillespie paid the filing fee for the General Election, and for the Special Election. Gillespie turned in 41 candidate petitions on July 18, 2025. SEO Wilcox only accepted 12 out of Gillespie's 41 candidate petitions. Gillespie contends the petition requirement is unconstitutional because he paid the filing fee for each election.

21. Gillespie sought election as mayor for better oversight of the Ocala Police Department:

> This is one reason I want to be mayor. Through Justice Network I see firsthand problems with the Ocala Police Department, and the Marion County Sheriff's Office. I believe

police officers and sheriff's deputies work hard to protect Ocala and Marion County. But oversight by the current mayor Ben Marciano shows a need for new leadership. (Exhibit 4)

22. For example, on May 12, 2021, Sarah M. Thompson, age 35, died of a drug overdose in the hotel room of a convicted drug trafficker, Matthew Paul Smith, at the Stay & Save Extended Stay Hotel, Room 118, 2430 NE 2nd St, Ocala, FL 34470. The Ocala Police Department incident report could not determine where Sarah may have obtained the heroin, fentanyl and methamphetamine that killed her. The Ocala Police Department also failed to obtain the hotel's surveillance video showing her entering Room 118. Sarah left Room 118 dead in a body bag.

WHEREFORE, pursuant to 52 U.S. Code § 10504, Gillespie seeks judicial relief to register to vote in the City of Ocala where he works and lives: 2801 SW College Rd., STE 3, Ocala, FL 34474. In the alternative Gillespie seeks money damages of $1,000,000 plus attorneys fees and costs, and other relief this Court deems necessary in the interest of justice.

Respectfully Submitted August 4, 2025.

Neil J. Gillespie, Plaintiff pro se
2801 SW College Rd., STE 3
Ocala, FL 34474
Tel: 352-239-9037
Neil4Justice@yahoo.com
NeilGillespie@mail.com (E-Filing Portal)