**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

NEIL JOSEPH GILLESPIE,

Plaintiff,

vs. CASE No. 5:25-cv-486-SPC-PRL

WESLEY WILCOX, in his official capacity as
Marion County Supervisor of Elections, Florida,
BEN MARCIANO, in his official capacity as
Mayor of the City of Ocala, Florida
WILLIAM E. SEXTON, in his official capacity as
City Attorney, City of Ocala, Florida,
ANGEL B. JACOBS, in her official capacity as
City Clerk, City of Ocala, Florida,
KRISTEN DREYER, in her official capacity as
President, City Council, City of Ocala, Florida,
IRA BETHEA, Sr, in his official capacity as
President Pro-Tem, City Council, City of Ocala, Florida,
BARRY MANSFIELD, in his official capacity as
City Council Member, City of Ocala, Florida,
JAMES HILTY, Sr, in his official capacity as
City Council Member, City of Ocala, Florida,
JAY MUSLEH, in his official capacity as
City Council Member, City of Ocala, Florida,
CORD BYRD, in his official capacity as
Florida Secretary of State, the FLORIDA
DEPARTMENT OF STATE,
RON DESANTIS, in his official capacity
as Governor of Florida,

Defendants.
_______________________________________/

FILED - USDC - FLMD - OCA
AUG 12 2025 PM12:25

PLAINTIFF'S FIRST AMENDED COMPLAINT

The Plaintiff, Neil Joseph Gillespie ("Gillespie"), a nonlawyer appearing pro se, states:

1. Gillespie filed this action 8 days ago as a voting rights case under USC Title 52, Voting and Elections. Process has not been issued by the Court. The complaint has not been served.

2. Pursuant to FRCP 15, Gillespie hereby files his First Amended Complaint, adds Defendants, seeks declaratory and injunctive relief, and makes a constitutional challenge. This First Amended Complaint makes no demand for money damages. Gillespie filed this action for the right to vote where he works and lives, and to run for the office of mayor.

Jurisdiction and Venue

3. Federal question jurisdiction arises under Article III, Section 2, U.S. Constitution, U.S.C. Title 52 Voting and Elections, FRCP 57 Declaratory Judgment, 28 U.S.C. § 2201 Creation of remedy, FRCP 65 Injunctions and Restraining Orders, FRCP 5.1 Constitutional Challenge.

4. Venue is proper in the Ocala Division under 28 USC 1391(b)(1). The Plaintiff resides in the City of Ocala, the cause of action rises in the City of Ocala, 9 of 11 Defendants are located in Ocala, and relief is sought in a Special Election in the City of Ocala.

The Parties

5. Plaintiff Gillespie is a resident of the City of Ocala, age 69, living and working since January 2, 2023, at 2801 SW College Rd, STE 3, Ocala, Florida, 34474. Gillespie has resided in Marion County, Florida for 20 years. On May 19, 2022 Gillespie was evicted at gunpoint after foreclosure of his home on a federal HECM reverse mortgage. Gillespie was homeless from May 19, 2022 until January 2, 2023, when he rented and occupied space in an office condominium in the Starting Gate Executive Office. Gillespie relies on Social Security retirement income to survive and is unable obtain other adequate housing. The office is home to Justice Network, a fictitious name owned by Gillespie. Justice Network is engaged in advocacy, education, news gathering and dissemination, and helping people fight injustice. Gillespie's clients are poor, disabled, forgotten and dammed; and his causes unpopular with the local authorities, including:

- A 15 year-old African-American schoolgirl in a 2016 racial incident at West Port High School, harassed by white supremacists waving Confederate flags in the school. Gillespie is a critic of Neo-Confederates, and the historic lynching of 19 people in Marion County.
- Sarah Thompson, age 35, who died in 2021 of a drug overdose in the hotel room of a convicted drug trafficker at the Stay & Save Extended Stay Hotel in the City of Ocala. Gillespie has evidence that Sarah's death may have been a politically motivated homicide.
- Harold Minnis, age 63, a man on probation with End-Stage Kidney Disease (ESKD) who's benefits were blocked, was denied legal counsel, and denied voluntary surrender at the MCJ. See Florida v. Harold Minnis, Case No. 2025-CF-0383, Marion County Circuit Court.
- Ronnie Cooper, age 63, an amputee in a wheelchair since age 19, pled NGI, convicted at trial without legal counsel, sentenced to life in prison for robbery of a vehicle at a gas station. See State v. Cooper, Case No. 2019-CF-1050, Marion County; Fifth DCA Appeal 5D2024-3513.

Gillespie is now and has been a No Party Affiliation (NPA) candidate for public office.

6. Defendant WESLEY WILCOX ("SOE Wilcox") is the Marion County Supervisor of Elections, Marion County Election Center, 981 NE 16th St., Ocala, FL 34470.

7. Defendant BEN MARCIANO, is the Mayor of the City of Ocala, 110 SE Watula Avenue, Ocala, FL 34471.

8. Defendant WILLIAM E. SEXTON, is the City Attorney, City of Ocala, 110 SE Watula Avenue, Ocala, FL 34471, Florida Bar ID 37197.

9. Defendant ANGEL B. JACOBS, is the City Clerk, City of Ocala, 110 SE Watula Avenue, Ocala, FL 34471.

10. Defendant KRISTEN DREYER, is President, City Council, City of Ocala, 110 SE Watula Avenue, Ocala, FL 34471.

11. Defendant IRA BETHEA, Sr, is President Pro-Tem, City Council, City of Ocala, 110 SE Watula Avenue, Ocala, FL 34471.

12. Defendant BARRY MANSFIELD, is a City Council Member, City of Ocala, 110 SE Watula Avenue, Ocala, FL 34471.

13. Defendant JAMES HILTY, Sr, is a City Council Member, City of Ocala, 110 SE Watula Avenue, Ocala, FL 34471.

14. Defendant JAY MUSLEH, is a City Council Member, City of Ocala, 110 SE Watula Avenue, Ocala, FL 34471.

15. Defendant CORD BYRD, is the Secretary of State, the Florida Department of State (DOS), 500 South Bronough Street, Tallahassee, Florida 32399-0250, Florida Bar ID 134406.

16. Defendant RON DESANTIS, is the Governor of Florida, Executive Office of Governor Ron DeSantis, 400 S Monroe St., Tallahassee, FL 32399, Florida Bar ID 15976. (Exhibit 6).

The Facts

17. Gillespie is a candidate who failed to qualify on July 11, 2025 for the General Election set for September 16, 2025 for election as mayor the City of Ocala, Marion County, Florida.

18. Gillespie is a candidate who failed to qualify on July 18, 2025 for a Special Election set for September 16, 2025 for election as mayor of the City of Ocala, Marion County, Florida.

19. In the City of Ocala, Marion County, Florida, the qualifying period ended at Noon on Friday July 11, 2025, for the General Election September 16, 2025 with none of the seven candidates qualifying. Per the City Charter and the Code of Ordinances, the offices are again considered vacant and must be filled through a Special Election. Pursuant to Fla. Stat. 100.141, Notice of special election to fill any vacancy in office, the Governor, after consultation with the Secretary of State, is required to issue an order, as required by Fla. Stat. 100.141(1):

> 100.141 Notice of special election to fill any vacancy in office.—
> (1) Whenever a special election is required to fill any vacancy in office, the Governor, after consultation with the Secretary of State, shall issue an order declaring on what day the election shall be held and deliver the order to the Department of State.
>
> (2) The Department of State shall prepare a notice stating what offices are to be filled in the special election, the dates set for the special primary election and the special election, the dates fixed for qualifying for office, the dates fixed for qualifying by the petition process pursuant to s. 99.095, and the dates fixed for filing campaign expense statements.
>
> (3) The department shall deliver a copy of such notice to the supervisor of elections of each county in which the special election is to be held. The supervisor shall have the

> notice published two times in a newspaper of general circulation in the county at least 10 days before the first day set for qualifying for office or, for at least 10 days before the first day set for qualifying for office, publish notice on the county's website as provided in s. 50.0311 or on the supervisor's website.

Pursuant to Fla. Stat. 100.151 Special elections called by local governing bodies, notice:

> 100.151 Special elections called by local governing bodies, notice.— County commissioners or the governing authority of a municipality shall not call any special election until notice is given to the supervisor of elections and his or her consent obtained as to a date when the registration books can be available.

20. Contrary to the above cited Florida election law, Ocala Mayor Ben Marciano issued a Proclamation signed and sealed on July 14, 2025 (Exhibit 1) that knowingly violated the law and authority of the Governor and Secretary of State under Fla. Stat. 100.141(1) to issue an order declaring on what day the special election shall be held. No notice was prepared by the Department of State (DOS) under 100.141(2) for the offices to be filled in the special election. The DOS did not set the dates for the special election and qualifying for the special election, and no dates were fixed by the DOS for filing campaign expense statements; the DOS failed under 100.141(3) to deliver a copy of the notice to SEO Wilcox, and no DOS notice was published two times in a newspaper of general circulation giving 10 days notice before the first day set for qualifying for office, and publish the notice per 50.0311 on the supervisor's website.

21. Instead, Mayor Marciano's Proclamation of July 14, 2025 that purports to comply with the requirements of election law actually violates the law. The Proclamation (Exhibit 1) may correctly recite the need for a special election, **then goes off the rails into election fraud because the Department of State, not the City of Ocala, is authorized to notify Wesley Wilcox, Marion County Supervisor of Elections, of a Special Election**. Here is the violation:

> WHEREAS, pursuant to the requirements of Section 100.151, Florida Statutes, the City of Ocala has notified the Marion County Supervisor of Elections of its intent to hold a Special Election on Tuesday, September 16, 2025, and has obtained from him his consent for the same; and

WHEREAS, following issuance of this Proclamation, the City Clerk of the City of Ocala, Florida shall ensure that this Proclamation and the Special Election called for herein are properly advertised in accordance with the requirements of the *Charter* and *Code of Ordinances, Ciry of Ocala, Florida* as well as Chapter 100, *Florida Statutes,* and any other relevant provisions of Florida law.

NOW THEREFORE, by virtue of the authority vested in me as Mayor of the City of Ocala, Florida, I hereby proclaim that:

1. The recitals outlined above are ratified as true and correct and are adopted and incorporated herein as part and parcel of this Proclamation.

2. A Special Election, pursuant to the Charter and Code of Ordinances, Ciry of Ocala, Florida and in accordance with Chapter 100, Florida Statutes, and other relevant provisions of Florida law, shall be held in and for the City of Ocala, Florida on Tuesday, September 16, 2025;

3. A Run-Off Election, if necessary, for the aforementioned Special Election, shall be held on Tuesday, November 18, 2025.

4. The aforementioned Special Election shall be for the vacant seats for the following Offices of the City of Ocala, Florida:

A. Mayor;
B. City Council, District I;
C. City Council, District III; and
D. City Council, District V.

5. The qualifying dates for the aforementioned Special Election shall be established by the City Council of the City of Ocala, Florida at their regularly-scheduled City Council meeting on Tuesday, July 15, 2025 at 4:00 P.M. in the City Council Chambers on the Second Floor of City Hall, located at 110 S.E. Watula Avenue, Ocala, Florida 34471.

IN WITNESS WHEREOF, I have hereunto set my hand and caused to be affixed hereto the Seal of the City of Ocala, Florida, this 14th day of July, 2025.

BEN MARCIANO, as Mayor
City of Ocala, Florida

22. The forgoing election fraud was confirmed by the Minutes of the Ocala City Council meeting July 15, 2025 appearing at Exhibit 2. The Defendants present on July 15, 2025:

Mayor Ben Marciano
Pro Tem Ire J. Bethea Sr
Council Member James P. Hilty Sr

Council Member Barry Mansfield
Council Member Jay A. Musleh
Council President Kristen M. Dreyer
City Attorney William E. Sexton
City Clerk, Angel Jacobs
SOE Wilcox

5. Presentations
15. City Attorney's Report

15a. Approve the Special Election Qualifying Procedures and Schedule
City Attorney Sexton discussed the approval of the special election qualifying procedures and schedule. The City is proposing to hold the special election on September 16, 2025, which is the same date of the original election. Mayor Marciano issued a proclamation calling for a special election to be held on September 16, 2025. The City is requesting City Council approve a qualifications period from 8:00 a.m. Wednesday, July 16, 2025, to 12:00 p.m. noon, Friday July 18, 2025, and qualification requirements used for the general election

Mark Clark, 4989 SE, 5th Avenue, Ocala, FL, expressed concern the proposed special election qualifying procedures negatively impact City Council's ability to vote, due to conflict of interest.

Mr. Sexton confirmed Council Member Hilty does not need to be recused from the vote. Furthermore, he clarified the qualification regulations.
There being no further discussion the motion carried by roll call vote.

RESULT: APPROVED
MOVER: James P. Hilty Sr
SECONDER: Ire J. Bethea Sr
AYE: Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer

23. The above cited election fraud was confirmed by the Affidavit of Publication July 23, 2025 (Exhibit 3). The Affidavit of Publication for the Special Election, Mayor Ben Marciano's Proclamation of July 14, 2025, was only published one time on July 23, 2025 in the Ocala Star-Banner, a date five days after the qualifying period ended on July 18, 2025. Election law requires publication of the notice two times, and 10 days prior to the end of the qualifying period. The Affidavit of Publication is addressed to Pamela Omichinski, City of Ocala Clerk's Office, 110 SE Watula Avenue, Ocala, FL 34471.

24. The forgoing election fraud was confirmed in Press Releases by the City of Ocala:

- Press Release July 14, 2025: City of Ocala Announces Special Election (Exhibit 4)

  In part: "Following a thorough review by the City Clerk and City Attorney, in consultation with the Marion County Supervisor of Elections, it was determined that none of the candidates strictly complied with the requirements of Florida law as it pertains to the payment of their qualifying fee."

  "The Mayor has now issued a new Proclamation on July 14, officially calling for the Special Election."

  "The City Council will establish the dates, times, procedures, and requirements for the qualifying period for the Special Election during its regularly scheduled meeting on Tuesday, July 15, at 4 p.m. at Ocala City Hall (110 SE Watula Ave.)."

- Press Release July 18, 2025: City of Ocala Election Back on Track; Seven Candidates Qualify for Special Election (Exhibit 5)

  "OCALA, Fla. (July 18, 2025) – The City of Ocala has confirmed the candidates who have officially qualified for the upcoming Special Election scheduled for Tuesday, Sept. 16. The Special Election will fill the offices of Mayor, City Council District 1, City Council District 3, and City Council District 5.

  The qualifying period for the Special Election concluded at noon today following a thorough review of each candidate's qualification materials by the City Clerk and City Attorney, as well as petition verification conducted by the Marion County Supervisor of Elections Office…"

25. Therefore, the Special Election set by SEO Wilcox for September 16, 2025 in the City of Ocala failed to comply with sections 100.151 and 100.141 of the Florida Statutes, and notice thereof was NOT published two times in a newspaper of general circulation in the county at least 10 days before the first day set for qualifying for office or, for at least 10 days before the first day set for qualifying for office, publish notice on the county's website as provided in s. 50.0311 or on the supervisor's website. The record shows notice of the Special Election was only published one time, on July 23, 2025 in the Ocala Star-Banner, five days AFTER the qualifying period closed on July 18, 2025 for the Special Election set for September 18, 2025.

26. WHEREFORE, pursuant to the provisions of Title 52 of the U.S.C., Voting and Elections, the Court must strike the Special Election as a fraud on the voters of the City of Ocala.

GILLESPIE SEEKS DECLARATORY JUDGMENT - RULE 57 AND 28 USC 2201
To register to vote in the City of Ocala, where he works and lives:
2801 SW College Rd., STE 3, Ocala, Florida 34474

27. Gillespie is currently registered to vote. SOE Wilcox assigned Gillespie's voting address as the Marion County Election Center, 981 NE 16th St, Ocala, FL 34470. SOE Wilcox has repeatedly refused to register Gillespie to vote where he works and lives since January 2, 2023 in the City of Ocala at 2801 SW College Rd, STE 3, Ocala, Florida, 34474.

28. Gillespie's voter registration at the Marion County Election Center, 981 NE 16th St., Ocala, FL 34470, prevents him from voting or participating in City of Ocala elections, according to SOE Wilcox. Recently Gillespie's voter registration, *inter alia*, prevented him from qualifying as a candidate in the City of Ocala General Election and Special Election for mayor.

29. On July 28, 2025 Gillespie filed a DS-DE 34 complaint with the Florida Department of State, Division of Elections, alleging SOE Wilcox has willfully refused or willfully neglected to perform his duty to register Gillespie to vote in the City of Ocala, Florida, in violation of Fla. Stat. s. 104.051, Violations; neglect of duty; corrupt practices. The DOS has not responded to, or acknowledged Gillespie's complaint, and he now knows why: The Governor, the Secretary and the DOS are part of the election fraud concocted by SEO Wilcox, and City of Ocala Defendants described in this First Amended Complaint.

30. Gillespie believes a more likely response may come from Gov. DeSantis and his election police force: Lawfare, in violation of 18 U.S.C. § 241 - Conspiracy against rights:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same;...

https://www.law.cornell.edu/uscode/text/18/241

31. On Friday August 1, 2025, Gillespie hand-delivered a letter and voter registration application to SOE Wilcox. (DOC 1-1, pages 8-22). The application states in relevant part:

> Wesley Wilcox, CERA
> Supervisor of Elections
> Marion County, Florida
> 981 NE 16th Street
> Ocala, Florida 34470
> Phone: 352.620.3290
> Fax: 352.620.3286
> Email: wwilcox@votemarion.gov
>
> August 1, 2025
>
> VIA HAND DELIVERY, FAX and EMAIL
>
> Dear Mr. Wilcox:
>
> Enclosed is your letter dated "July 2025" where you wrote in relevant part:
>
>> Your voter registration application was received incomplete and could not be processed because it was missing some of the information required by law. The post office did not recognize your address as a residential address.
>
> Mr. Wilcox, Florida law does not require the post office to recognize my address as a residential address. Therefore, enclosed is another application to register to vote at 2801 SW College Rd, STE 3, Ocala, FL 34474. Also enclosed:
>
> 1. My Declaration of Domicile recorded with the Marion County Clerk and Comptroller, showing my legal address where I live, 2801 SW College Rd., STE 3, Ocala, FL 34474.
>
> 2. A 3 page publication by the Florida Division of Elections, Voter Residency In Florida, *DE Reference Guide 0003 (Updated 06-2019; supersedes all prior versions)*. Once again, Florida law does not require the post office to recognize my address as a residential address. See paragraph 1 of the enclosed publication, the last sentence:
>
>> A business address is not a satisfactory legal residential address. However, although not the rule, if the person is able to prove residence there despite the zoning ordinance, a fact-finding body could determine that the business address is the person's legal residential address. Footnote 4: Andrews v. Hartzog, Case No. 38-2008-CA-000032 (8th Cir. Levy County, Florida 2008)
>
> My legal address, 2801 SW College Rd, STE 3, Ocala, Florida 34474, is an office condo zoned B2 according to the Marion County Property Appraiser (MCPA) property card.
>
> B2 zoning means COMMUNITY BUSINESS, according to the MCPA zoning code descriptions. The City of Ocala Municode for B2 Community Business zoning, Sec. 122-

622 Permitted principal uses, shows my use as an Residence Office is permitted without exception in the community business (B-2) district. There are additional residential uses permitted in B2, but for now I rely upon Sec. 122-622 - Permitted principal uses. (1) Residential uses, a. Residential operation, 5. Residence—Office.




Neil J. Gillespie at 2801 SW College Rd., STE 3, Ocala, FL 34474

Please see attached my fictitious name certification for Justice Network. The Florida Department of State certified that JUSTICE NETWORK is a Fictitious Name registered with the Department of State on January 25, 2018. The Registration Number of this Fictitious Name is G18000014506. The certification was signed and sealed by Secretary of State Cord Byrd on September 9, 2023. Secretary Byrd further certified as follows: "I further certify that said Fictitious Name Registration is active. I further certify that said Fictitious Name Registration filed a renewal on September 7, 2023, and expires on December 31, 2028."

> Owner Information
> GILLESPIE, NEIL JOSEPH
> 2801 SW COLLEGE RD, STE 3
> OCALA, FL 34474

Also attached is my Employer identification number (EIN) 22-3884681 issued by the IRS.

Should this matter proceed to civil rights litigation, please designate who is authorized to accept service of process on your behalf. Thank you.

Sincerely,
(signature)
Neil J. Gillespie

2801 SW College Rd., STE 3
Ocala, FL 34474
Tel: 352-239-9037
NeilGillespie@mail.com (E-Filing Portal)
Enclosures

32. On Monday, August 4, 2025, Mr. Wilcox responded by email:

> Thanks for alerting us to the inaccuracy in our document.
> We have updated it, to more accurately reflect the facts.
> If you would like to get the zoning changed on that address, please contact the zoning authority.
>
> Wesley
> Wesley Wilcox, CERA
> Supervisor of Elections
> Marion County, Florida
> PO Box 289
> Ocala, Florida 34478-0289
> Phone: 352.620.3290
> Fax: 352.620.3286
> Web: www.VoteMarion.Gov

33. Gillespie checked his online voter registration after getting the email from SOE Wilcox. The registration still shows Gillespie's voting address as the Marion County Election Center, 981 NE 16th St, Ocala, FL 34470. (DOC 1-1, page 23).

34. Gillespie checked his online voter registration status through the DOS Voter Information Lookup website on August 12, 2025. Gillespie's "Voter Status" shows "Active*" (*An active voter means the person is registered to vote.), but his voting address still appears as "981 NE 16TH ST, OCALA, 34470", the address of the Marion County Election Center.

35. Pursuant to 52 U.S. Code § 10504, Gillespie seeks judicial relief to register to vote in the City of Ocala where he works and lives: 2801 SW College Rd., STE 3, Ocala, FL 34474. The Florida Division of Elections publication, Voter Residency In Florida, *DE Reference Guide 0003 (Updated 06-2019; supersedes all prior versions)*, states:

> A business address is not a satisfactory legal residential address. However, although not the rule, if the person is able to prove residence there despite the zoning ordinance, a fact-finding body could determine that the business address is the person's legal residential address. Footnote 4: Andrews v. Hartzog, Case No. 38-2008-CA-000032 (8th Cir. Levy County, Florida 2008)

36. In Andrews v. Hartzog, Case No. 2008-CA-0032 (8th Cir. Levy County, Florida 2008), the Plaintiff Andy Andrews allegedly resided in the A.D. Andrews Nursery office at 13 S.E. First St., Chiefland, FL. The issue presented to the Court is whether Plaintiff, AD. Andrews, was a resident of Chiefland, Florida and therefore properly registered and entitled to vote as an elector of the municipality of Chiefland, Florida under F.S. Chapter 97.

37. In the context of voting, "legal residence" means domicile, which " ... is the place where a person has a fixed abode with the present intention of making it their permanent home." Walker v. Harris, 398 So. 2d 955 (Fla. 4th DCA 1981). The Plaintiffs subjective intent is a significant factor, but there must be a concurrence of both fact and intention. Bloomfiled v. St Petersburg Beach, 82 So. 2d 364 (Fla. 1955); Perez v. Marti, 770 So. 2d 284 (Fla. 2000)(Legal residence consists of the concurrence of both fact and intention.); Kevloh v. Carter, 699 So 2d 285 (Fla. 5th DCA 1997). The Plaintiff proved his case. Summary Final Judgment granted.

38. Pursuant to 52 U.S. Code § 10504, Gillespie believes the Court can act as a "fact-finding body" to determine that the business address is Gillespie's legal residential address.

39. Gillespie's Declaration pursuant to 28 U.S.C. § 1746(2) accompanies this First Amended Complainant for the purpose of a Rule 57 Decaratory Judgment under 28 U.S.C. § 2201 to further establish his residency in the City of Ocala at 2801 SW College Rd, STE 3, Ocala 34474.

40. Gillespie previously informed City Clerk Angel Jacobs that he was technically homeless upon eviction at gunpoint after foreclosure on a HECM reverse mortgage. Gillespie told Clerk Jacobs that he slept in his office and showered at Planet Fitness under his health plan.

41. The Declaration of Neil Joseph Gillespie accompanies this pleading, and states

- My name is Neil Joseph Gillespie. I make this declaration within the United States pursuant to 28 U.S.C. § 1746(2) on personal knowledge unless otherwise stated.

- My Declaration of Domicile August 6, 2025 appears at Exhibit A.

- Evidence of my homelessness appears at Exhibit B: Writ of Possession served on me May 19, 2022 at 8092 SW 115th Loop, Ocala, FL 34481, with eviction photos.

- Email June 9, 2022 from Cynthia Paddock, Joint Office on Homelessness, City of Ocala, to Neil J. Gillespie at celticein@yahoo.com appears at Exhibit C. Ms. Paddock wrote in relevant part, "The only immediate housing if needed would be to go to a shelter and there is currently shelter available for men at the Salvation Army Center of Hope, located at 320 NW 1 st Ave., Ocala, and their number is (352)732-8326."

- On July 21, 2022 I submitted, as Neil Joseph Gillespie d/b/a Justice Network, an application with a $35 fee to rent a Neighborhood Workspace unit located at 1535 NE 8th Avenue, Ocala, FL. Page 1 of the application, and page 1 of the screening, appear at Exhibit D. On July 29, 2022 Todd Rudnianyn called me and said in essence, 'Getting a lot of interest in the property, so we can't rent to you, will refund your application fee." Todd Rudnianyn manages NSC 8TH AVE, LLC shown on the property card for the Neighborhood Workspace address.

- On August 2, 2022, Stacy Collier, Executive Director of Saving Mercy Incorporated, affiliated with Blessed Trinity Catholic Church, a referral from United Way of Marion County, refused to lease me a room at Saving Mercy Village, 3601 W. Silver Springs Blvd., Ocala, FL.

- Marion Senior Services, 1101 SW 20 Ct. Ocala, FL 34471, refused to provide me services while homeless, and trespassed me from the property in 2022. Marion County Sheriff Billy Woods was vice president of Marion Senior Services, Inc. Attorney Samantha Shealy Rauba, FL Bar #59503, served on the Board of Directors of Marion Senior Services, Inc.. Mrs. Shealy Rauba is married to Erik John Rauba, FL Bar # 59429. Mr. Rauba is employed by the State Attorney for the Fifth Judicial Circuit, 110 NW 1st Ave. Ste 5000, Ocala, FL 34475. Also see Neil J. Gillespie v. Florida, US. Supreme Court Petition No. 20-929 for writ of certiorari.

- My 2025-2026 Florida Vehicle Registration appears at Exhibit E: Tag # HYHG09, 2013 Dodge Grand Caravan, Neil Joseph Gillespie, 2801 SW College Rd., STE 3, Ocala, FL 34474.

- My Florida drivers license #G421-630-56-099-0, replaced April 7, 2023, shows Neil Joseph Gillespie, 2801 SW COLLEGE RD STE 3 OCALA, FL 34474.

- A 2024 Jury duty notice appears at Exhibit F, from the Marion County Clerk, addressed and mailed to Neil Joseph Gillespie, 2801 SW College Rd., STE 3, Ocala, FL 34474-4430.

- The Social Security Administration provided a 2025 benefit letter addressed to Neil J. Gillespie, 2801 SW College Rd., Suite 3, Ocala, FL 34474-4430. (Exhibit G).

- The Social Security Administration provided a July 10, 2023 benefit letter addressed to Neil J. Gillespie, 2801 SW College Rd Suite 3, Ocala, FL 34474-4430 (Exhibit H)

- The Social Security Administration provided a December 21, 2023 benefit letter addressed to Neil J. Gillespie, 2801 SW College Rd., Suite 3, Ocala, FL 34474-4430. (Exhibit I).

- The Social Security Administration provided a May 15, 2024 benefit letter addressed to Neil J. Gillespie, 2801 SW College Rd., Suite 3, Ocala, FL 34474-4430 (Exhibit J)

- A Wells Fargo Everyday Checking statement May 31, 2024 (page 1, redacted) addressed to Neil J. Gillespie, 2801 SW College Rd., STE 3, Ocala, FL 34474-4430 appears at Exhibit K.

- A Wells Fargo Everyday Checking statement July 31, 2025 (page 1) addressed to Neil J. Gillespie, 2801 SW College Rd., STE 3 Ocala, FL 34474-4430 appears at Exhibit L

- A July 2024 benefit report from Ultimate Health Plans addressed to Neil Gillespie, 2801 SW College Rd, STE 3, Ocala, FL 34474, appears at Exhibit M, and shows on page 9 of 13 Gillespie requires dental treatment in the amount of $173,280. (page 1, 9 and envelope)

- A July 10, 2025 plan information letter from Freedom Health to Neil J. Gillespie, 2801 SW College Road, STE 3, Ocala, FL 34474 appears at Exhibit N. (page 1 redacted, envelope)

- A letter from Wesley Wilcox, Marion County Supervisor of Elections to Neil J. Gillespie, 2801 SW College Rd, Unit 3, Ocala, FL 34474, rejecting Gillespie's application to vote, dated "August 2025" by Wilcox, Received August 7, 2025 by Gillespie, with envelope. (Exhibit O)

- A letter from Wesley Wilcox, Marion County Supervisor of Elections to Neil J. Gillespie, 2801 SW College Rd, Unit 3, Ocala, FL 34474, rejecting Gillespie's application to vote, dated "August 2025" by Wilcox, Received August 8, 2025 by Gillespie, with envelope. (Exhibit P)

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of August, 2025, in the City of Ocala, Marion County, Florida. Signed, Neil Joseph Gillespie

42. The Florida Division of Elections publication, Voter Residency In Florida, *DE Reference Guide 0003 (Updated 06-2019; supersedes all prior versions)* (DOC 1-1, pp 5-7), paragraph 4:

> 4. Legal residence - Homeless. It is against Florida and federal laws to discriminate against a homeless person. The voter registration laws cannot be applied in a manner to deny such person the right to register to vote.[fn6] Therefore, a person who is homeless or without a permanent 'traditional' home but intends to remain permanently in the locale can register using an address for: 1) place where he or she regularly receives messages, 2) the church if it agrees to accept mail or messages on the person's behalf, 3) the shelter or other local that a person frequents and could be reached, 4) the specific post office for general delivery. It may even be a specific street corner, park bench, vacant lot, etc., to where the person frequently rests or returns and intends to serve as the "home-base".[fn7] The point is to be able to locate and assign a precinct to correspond with that location.
>
> FN6: Advisory Opinions DE 89-04 (Jun-01-1989) and DE 90-07 (Obsolete)
>
> Also see, U.S. Department of Justice: Statutes Enforced By The Voting Section https://www.justice.gov/crt/statutes-enforced-voting-section

43. Gillespie is homeless but not unsheltered; he works and lives in his office. While Gillespie does not have a 'traditional' home, he has since January 2, 2023 worked and lived at 2801 SW College Rd. STE 3, Ocala, FL 34474 serving the people of the City of Ocala.

WHEREFORE, The Court may act as a "fact-finding body" under 52 U.S.C. § 10504 and enter a Summary Final Judgment under Rule 57 and 28 U.S.C. 2201 to establish Gillespie's legal address for voting in the City of Ocala as 2801 SW College Rd., STE 3, Ocala, FL, 34474.

FRCP 5.1 CONSTITUTIONAL CHALLENGE 28 U.S.C. § 2403

City of Ocala, Florida Mayoral Special Election

44. The Ocala Star-Banner reported July 14, 2025, "None of the candidates for the city of Ocala election qualified. Here's what happens next". Gillespie is shown as a candidate for mayor.

> "Incumbent Mayor Ben Marciano, and challenging him were Zackary Feliciano and Neil J. Gillespie." (DOC 1-1, page 17) and at the URL

https://www.ocala.com/story/news/local/2025/07/14/ocala-city-council-to-discuss-special-election-in-september-2025/85198041007/

Special Election for Mayor is Unconstitutional

45. The office of Ocala mayor is nonpartisan. See the Ocala City Code, Chapter 26 Elections, Sec. 26-10. - Nonpartisanship required: Municipal elections shall be nonpartisan and the offices of mayor and city council shall be elected without reference to their registration status.

46. The definition of a "special election", found in Fla. Stat. 97.021(36), is partisan:

> "Special election" is a special election called for the purpose of voting on a party nominee to fill a vacancy in the national, state, county, or district office.

47. Therefore the special election is unconstitutional in a nonpartisan mayoral election.

48. Fla. Stat. § 97.0115 governs preemption:

> 97.0115 Preemption.—All matters set forth in chapters 97-105 are preempted to the state, except as otherwise specifically authorized by state or federal law. The conduct of municipal elections shall be governed by s. 100.3605.

49. Fla. Stat. 100.3605 governs conduct of municipal elections:

> 100.3605 Conduct of municipal elections.—
> (1) The Florida Election Code, chapters 97-106, shall govern the conduct of a municipality's election in the absence of an applicable special act, charter, or ordinance provision. No charter or ordinance provision shall be adopted which conflicts with or exempts a municipality from any provision in the Florida Election Code that expressly applies to municipalities.
> (2) The governing body of a municipality may, by ordinance, change the dates for qualifying and for the election of members of the governing body of the municipality and provide for the orderly transition of office resulting from such date changes.

Also see Ocala City Code Sec. 26-17. - Florida Election Code applicable.

50. A Special Election was called when no candidates qualified. Gillespie's request for candidate petitions (DOC 1-1 pp21-22): "Under the special election rules I must obtain 25 petitions signed by eligible voters who live within the city limits of the City of Ocala, Florida, and provide them to the City Clerk, Angel B. Jacobs, by 12 Noon on Friday, July 18, 2025."

51. The Ocala City Code Sec. 26-4(1) provides for "nominating petitions" but not the "candidate petitions" required of Gillespie by the City Clerk in the General and Special elections.

> (1) There shall be presented to the city clerk during the qualifying period for an election the qualifying papers required by the Florida Election Code along with the nominating petitions requesting that they become a candidate for such office, such petition to be signed by at least 25 qualified electors of the city. It shall be the duty of each candidate to insure that the petitioning electors are duly qualified electors. Failure to insure that at least 25 petitioning electors are qualified electors shall preclude that candidate from qualifying and having his or her name put on the election ballot.

52. Under Florida election law, a candidate generally has the option to either pay the filing fee, or obtain candidate petitions. However in the City of Ocala, a candidate must pay the filing fee AND obtain 25 petitions. Gillespie paid the filing fee for the General Election, and for the Special Election. Gillespie turned in 41 candidate petitions on July 18, 2025. SEO Wilcox only accepted 12 out of Gillespie's 41 candidate petitions. Gillespie contends the petition requirement is unconstitutional because he paid the filing fee for each election.

NOTICE PROVIDED TO CITY ATTORNEY WILLIAM SEXTON
Candidate Petitions Violate the Florida Election Code and the Vagueness Doctrine
Ocala Municode Chapter 26 - Elections

53. On July 19, 2025, Gillespie made a records request to the City Attorney. (Exhibit 7). Mr. Sexton responded that he could provide a cost estimate for the records by August 13, 2025, so Gillespie modified his request for fewer records. This is Gillespie's original request:

> Dear Mr. Sexton,
>
> This is a request for public records showing the Proclamation of Mayor Marciano signed July 14, 2025, and the Special Election called for therein, was properly advertised in accordance with the requirements of the Charter and Code of Ordinances, City of Ocala, Florida as well as Chapter 100, Florida Statutes, and any other relevant provisions of Florida law.
>
> Regarding the Special Election for the vacant seat for Mayor of Ocala, provide public records showing that the qualifying dates for the aforementioned Special Election were lawfully established by the City Council of the City of Ocala, Florida at their regularly-scheduled City Council meeting on Tuesday, July 15, 2025 at 4:00 P.M. in the City

Council Chambers on the Second Floor of City Hall, located at 110 S.E. Watula Avenue, Ocala, Florida 34471. Provide a video of the meeting if available.

I believe the qualifying dates of July 16, 2025 to Noon July 18, 2025, 3 days, was insufficient. The previous qualifying dates announced in the mayor's proclamation of April 15, 2025, Noon, July 7, 2025, to Noon July 11, 2025, allowed 5 days to qualify. The shortened qualifying time denied me due process to qualify. Of my 41 Candidate Petitions submitted July 18, 2025, only 12 were accepted, according to a Candidate Petition Signature List provided to me by Ms. Jacobs. I believe at least one rejected Candidate Petition should have been accepted, the Candidate Petition of Neil J. Gillespie, ID 105766466, my petition for myself. So far Mr. Wilcox has not explained why my Candidate Petition was rejected. Attached you will find a copy of my Candidate Petition, showing the residence address assigned to me by Mr. Wilcox on my voter card October 11, 2024: 981 NE 16TH ST, OCALA FL 34470. Mr. Wilcox mailed my voter card to me at 2801 SW College Rd., STE 3, Ocala, FL 34474.

On July 11, 2025 I paid the City of Ocala $2.50 to verify the Candidate Petitions submitted on July 11, 2025, but did not get a Candidate Petition Signature List for those petitions, so I do not know how many were accepted, or if there was a problem to rectify.

It now appears to me that the requirement for 25 Candidate Petitions is an unconstitutional scheme to deny ballot access to an otherwise qualified candidate. Eighteen of my Candidate Petitions were rejected for "Wr Dist" (wrong district?), petitions signed by eligible voters in Marion County who reasonably believe they lived in the City of Ocala, because their address is Ocala, Florida. Here, the shortened qualifying time denied me due process to qualify, and further verify and correct the rejected petitions. In my view the requirement for 25 Candidate Petitions violates the vagueness doctrine, because the average citizen, eligible voters in Marion County, reasonably believe they live in the City of Ocala, but in fact do not. See Vagueness doctrine, Wikipedia https://en.wikipedia.org/wiki/Vagueness_doctrine

> "In American constitutional law, a statute may be void for vagueness and unenforceable if it is too vague for the average citizen to understand what acts or duties are required or restricted. This is because constitutionally permissible activity may not be chilled because of a statute's vagueness (either because the statute is a penal statute with criminal or quasi-criminal civil penalties, or because the interest invaded by the vague law is sufficiently fundamental to subject the statute to strict scrutiny by a court determining its constitutionality)."

Yesterday an officer of the Ocala Police Department acknowledged to me the public may not know if they live within the city limit or not, and he added, the police certainly know exactly where the city boundaries lie. On July 18, 2025 I visited the Ocala Police Department, 402 South Pine Ave., Ocala, FL 34471, to obtain signed Candidate Petitions. I was refused by both police officers and police staff on two different grounds. Police staff cited the requirement to disclose their home address. I found this objection by the

public also in Ocala. Residents who would like to sign a Candidate Petition do not sign because of the address reporting requirement.

One police officer I spoke with, a resident of the city, said he was prevented from signing a Candidate Petition while on duty/in uniform. The other officer with whom I spoke said he lived outside the city limit.

Please provide a record of my text message to you sent Monday July 14, 2025, that stated:

> "Hello Mr. Sexton, got your message, please clarify your request that I open another campaign account, does the city not want Regions Bank? What is the requirement regarding campaign checks, temporary checks, or ??? What happens to money already paid? Can I use the petitions I already obtained? Has the number of petitions required changed?"

As of today I do not show a response from you.

Please provide a record of my second text message to you sent Monday July 14, 2025, that stated:

"Ms Sexton, on Friday Angel Jacobs provided me an opinion letter of the Division of Elections dated March 18, 2013 that appears to allow debit cards in lieu of checks, is that your view? Thanks, Neil Gillespie"

As of today I do not show a response from you.

When I spoke with you on Friday, July 11, 2025, you said there would likely be a special election on a shortened timeline, and as such, the number of Candidate Petitions needed might be less than 25. Provide records showing why the number of Candidate Petitions remained at 25 for the shortened qualifying time.

Provide the benefit package for the Mayor of Ocala, including the salary, healthcare benefits, vacation time, etc. Also provide the duties required of the Mayor of Ocala.

This public records request is submitted pursuant to section 119.07(1) Florida Statutes, Rule 2.420(2), Florida Rules of General Practice and Procedure, and Article I, Section 24a of the Florida Constitution. All public records requests shall be acknowledged promptly and in good faith, F.S. § 119.07(1)(c).

Thank you.
Sincerely,
Neil J. Gillespie (Signature block omitted)

Records of the Candidate Petition Signature List Show a Pattern

54. Candidate Petition Signature List, General Election (qualifying ended July 11, 2025)

Mark Clark, 26 of 34 Candidate Petitions accepted
Neil Gillespie, 1 of 17 Candidate Petitions accepted
Zachary Feliciano, 20 of 38 Candidate Petitions accepted (batch 1)
Zachary Feliciano, 2 of 5 Candidate Petitions accepted (batch 2)
Zachary Feliciano, 6 of 10 Candidate Petitions accepted (batch 3)
James Hilty, 28 of 31 Candidate Petitions accepted
TamBoura Jenkins, 25 of 30 Candidate Petitions accepted
Barry Mansfield, 41 of 48 Candidate Petitions accepted
Ben Marciano, 22 of 28 Candidate Petitions accepted (batch 1)
Ben Marciano, 6 of 6 Candidate Petitions accepted (batch 2)

55. Candidate Petition Signature List, Special Election (qualifying ended July 18, 2025)

Mark Clark, 39 of 41 Candidate Petitions accepted
Neil Gillespie, 12 of 41 Candidate Petitions accepted
Zachary Feliciano, 26 of 62 Candidate Petitions accepted
James Hilty, 31 of 34 Candidate Petitions accepted
TamBoura Jenkins, 12 of 33 Candidate Petitions accepted (batch 1)
TamBoura Jenkins, 16 of 27 Candidate Petitions accepted (batch 2)
Barry Mansfield, 43 of 48 Candidate Petitions accepted
Ben Marciano, 31 of 34 Candidate Petitions accepted
Jay Musleh, 29 of 32 Candidate Petitions accepted

56. The Ocala City Code Sec. 26-4(1) requirement for nominating petitions from candidates who paid a filing fee is in conflict with and violates the Florida Election Code and is an unconstitutional encroachment on the Florida Election Code and the election process.

57. The Ocala City Code Sec. 26-4(1) requirement for 25 nominating petitions from candidates violates the Vagueness Doctrine due to the vagaries shown on the map of the City of Ocala (Exhibit 8) and Gillespie's discussion with police officers in the Ocala Police Department who know the city limits, and the average citizen, eligible voters in Marion County, who reasonably believe they live in the City of Ocala, but in fact do not live in the city.

58. In addition, Police staff cited the requirement to disclose their home address as an obstacle to signing a nominating petition. Gillespie found this objection by the public also in Ocala. Residents who would like to sign a nominating petition do not sign because of the address

reporting requirement. A review of the Candidate Petition Signature Lists for the General Election and the Special Election show a pattern: Fewer rejected incumbent petitions. In some cases one incumbent signs a petition for another incumbent, and vice versa, showing the petition requirement is rigged to favor incumbents, an insiders game, not a free and fair election.

59. The definition of a "special election", found in Fla. Stat. 97.021(36), is partisan, making a special election unconstitutional in a nonpartisan mayoral election.

## CONCLUSION

60. The Ocala Gazette previously reported, "Historically, the mayor's duties have been largely ceremonial. The mayor has no vote on the Ocala City Council but does hold veto power. The pay is a nominal $550 a month. However, there is one aspect of the job that literally involves life and death. Because of the structure of Ocala government, the mayor, not the city council, has sole oversight of the Ocala Police Department." (Ocala Gazette, August 10, 2022)

61. Gillespie sought election as mayor for better oversight of the Ocala Police Department:

> This is one reason I want to be mayor. Through Justice Network I see firsthand problems with the Ocala Police Department, and the Marion County Sheriff's Office. I believe police officers and sheriff's deputies work hard to protect Ocala and Marion County. But oversight by the current mayor Ben Marciano shows a need for new leadership.
> (DOC 1-1, p 21)

62. On May 12, 2021, Sarah M. Thompson, age 35, died of a drug overdose in the hotel room of a convicted drug trafficker, Matthew Paul Smith, at the Stay & Save Extended Stay Hotel, Room 118, 2430 NE 2nd St, Ocala, FL 34470. The Ocala Police Department incident report could not determine where Sarah may have obtained the heroin, fentanyl and methamphetamine that killed her. The Ocala Police Department also failed to obtain the hotel's surveillance video showing her entering Room 118. Sarah left Room 118 dead in a body bag.

63. The City of Ocala pays the mayor just $550 a month. That amounts to $6,600 a year, or about $127 a week. As of September 30, 2024, the minimum wage in Florida is $13.00 per hour. It appears the City of Ocala does not want any meaningful oversight of its police department.

WHEREFORE, Gillespie prays this Court will find unconstitutional the Special Election, and the requirement under Ocala City Code Sec. 26-4(1) for 25 nominating petitions.

Respectfully Submitted August 12, 2025.

Neil J. Gillespie, Plaintiff pro se
2801 SW College Rd., STE 3
Ocala, FL 34474
Tel: 352-239-9037
Neil4Justice@yahoo.com
NeilGillespie@mail.com (E-Filing Portal)