EXHIBIT 1

# PROCLAMATION

A PROCLAMATION CALLING FOR A SPECIAL ELECTION TO BE HELD ON TUESDAY, SEPTEMBER 16, 2025; PRESCRIBING A RUN-OFF ELECTION DATE FOR THE SAME; PROVIDING FOR QUALIFICATION DATES TO BE DETERMINED BY CITY COUNCIL; AND STATING THE OFFICES AND VACANCIES TO BE FILLED.

WHEREAS, by Proclamation dated April 15, 2025, a General Election for the City of Ocala, Florida was called for and was scheduled to be held on Tuesday, September 16, 2025; and

WHEREAS, the offices declared vacant and to be filled by said General Election were outlined in said Proclamation as Mayor, City Council District I, City Council District III and City Council District V; and

WHEREAS, the qualifying dates for said General Election were set by said Proclamation as the period between Noon on Monday, July 7, 2025, through Noon on Friday, July 11, 2025; and

WHEREAS, as of the close of the aforementioned qualifying period there were no candidates who qualified for the offices set forth in the aforementioned Proclamation; and

WHEREAS, there being no qualified candidates for said offices, the proclaimed vacancies in said offices continue; and

WHEREAS, pursuant to the *Charter* and *Code of Ordinances, City of Ocala, Florida,* said vacancies shall be filled by the conducing of a Special Election for the same; and

WHEREAS, further pursuant to the *Charter* and *Code of Ordinances, City of Ocala, Florida* such Special Election for the purpose of filling those vacancies shall be called by the Mayor and shall be held as soon as is reasonably practicable; and

WHEREAS, pursuant to the requirements of Section 100.151, *Florida Statutes,* the City of Ocala has notified the Marion County Supervisor of Elections of its intent to hold a Special Election on Tuesday, September 16, 2025, and has obtained from him his consent for the same; and

WHEREAS, following issuance of this Proclamation, the City Clerk of the City of Ocala, Florida shall ensure that this Proclamation and the Special Election called for herein are properly advertised in accordance with the requirements of the *Charter* and *Code of Ordinances, City of Ocala, Florida* as well as Chapter 100, *Florida Statutes,* and any other relevant provisions of Florida law.

NOW THEREFORE, by virtue of the authority vested in me as Mayor of the City of Ocala, Florida, I hereby proclaim that:

1. The recitals outlined above are ratified as true and correct and are adopted and incorporated herein as part and parcel of this Proclamation.

2. A Special Election, pursuant to the *Charter* and *Code of Ordinances, City of Ocala, Florida* and in accordance with Chapter 100, *Florida Statutes*, and other relevant provisions of Florida law, shall be held in and for the City of Ocala, Florida on Tuesday, September 16, 2025;

3. A Run-Off Election, if necessary, for the aforementioned Special Election, shall be held on Tuesday, November 18, 2025.

4. The aforementioned Special Election shall be for the vacant seats for the following Offices of the City of Ocala, Florida:

   A. Mayor;

   B. City Council, District I;

   C. City Council, District III; and

   D. City Council, District V.

5. The qualifying dates for the aforementioned Special Election shall be established by the City Council of the City of Ocala, Florida at their regularly-scheduled City Council meeting on Tuesday, July 15, 2025 at 4:00 P.M. in the City Council Chambers on the Second Floor of City Hall, located at 110 S.E. Watula Avenue, Ocala, Florida 34471.

IN WITNESS WHEREOF, I have hereunto set my hand and caused to be affixed hereto the Seal of the City of Ocala, Florida, this 14th day of July, 2025.

CITY OF OCALA
GOD BE WITH US
MARION COUNTY, FLORIDA

BEN MARCIANO, as Mayor
City of Ocala, Florida

EXHIBIT 2

110 SE Watula Avenue
Ocala, FL 34471

www.ocalafl.gov

# Ocala
## City Council
## Minutes

**Tuesday, July 15, 2025** **4:00 PM**

**1. Call to Order**

**2. Roll Call**

**Present:** Mayor Ben Marciano
Pro Tem Ire J. Bethea Sr
Council Member James P. Hilty Sr
Council Member Barry Mansfield
Council Member Jay A. Musleh
Council President Kristen M. Dreyer

a. New Employees

- Richard Crile, Electric
- Clay Surdam, Electric

**3. Public Notice**

- **Public Notice for the July 15, 2025 City Council Regular Meeting was posted on June 10, 2025**

**4. Proclamations and Awards**

**4a.** The Mayor's Citizen Recognition Award will be presented to Ashley Gerds

**RESULT:** POSTPONED

**4b.** Service Award - Doug Peebles - Director of Ocala Electric Utility - 25 Years of Service

Mayor Marciano and City Manager Pete Lee presented a service award to Doug Peebles in appreciation of his 25 years of service to the City of Ocala.

**5. Presentations**

**15. City Attorney's Report**

15a. Approve the Special Election Qualifying Procedures and Schedule

City Attorney Sexton discussed the approval of the special election qualifying procedures and schedule. The City is proposing to hold the special election on September 16, 2025, which is the same date of the original election. Mayor Marciano issued a proclamation calling for a special election to be held on September 16, 2025. The City is requesting City Council approve a qualifications period from 8:00 a.m. Wednesday, July 16, 2025, to 12:00 p.m. noon, Friday July 18, 2025, and qualification requirements used for the general election.

Mark Clark, 4989 SE, 5th Avenue, Ocala, FL, expressed concern the proposed special election qualifying procedures negatively impact City Council's ability to vote, due to conflict of interest.

Mr. Sexton confirmed Council Member Hilty does not need to be recused from the vote. Furthermore, he clarified the qualification regulations.

There being no further discussion the motion carried by roll call vote.

**RESULT:** APPROVED
**MOVER:** James P. Hilty Sr
**SECONDER:** Ire J. Bethea Sr
**AYE:** Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer

## 6. Consent Agenda

Consent Agenda items are considered to be routine and will be enacted by one roll call vote. There will be no separate discussion of these items unless members of Council or the public request specific items to be removed for separate discussion and action.

**RESULT:** APPROVED THE CONSENT AGENDA
**MOVER:** Ire J. Bethea Sr
**SECONDER:** Barry Mansfield
**AYE:** Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer

**6a.** Approve additional expenditures for field service assembly and testing services for power transformers under the agreement with Virginia Transformer in the estimated amount of $98,700

Presentation By: Doug Peebles

**6b.** Approve a task work order with McFarland Johnson, Inc. to provide design services for the T-Hangar Taxilane Rehabilitation project in the amount of $85,506

Presentation By: Matthew Grow

**6c.** Approve additional expenditures under the agreement with Chuck's Stokes Electric of Central Florida, Inc. in the amount of $62,059 for a contract total of $502,059

Presentation By: Darren Park

**6d.** Approve expenditures for utility services provided by SECO Energy for Fiscal Year 2024-25 with an estimated expenditure of $76,000

Presentation By: Peter Brill

**6e.** Approve the sale and purchase contract of Surplus Parcel #2260-171-009 to Laverne and Nathaniel Abiaka in the amount of $13,168

Presentation By: Tracy Taylor

**6f.** Approve Jeff Shrum, Growth Management Director, and Tom Duncan, Transit Administrator, as designated "Officials" for the Federal Transit Administration Transit Award Management System

Presentation By: Tom Duncan

**6g.** Adopt Budget Resolution 2025-164 amending the Fiscal Year 2024-25 budget to appropriate a donation for the development of current and future exhibits at the Discovery Center in the amount of $15,000

Presentation By: John Spencer

**6h.** Adopt Budget Resolution 2025-165 amending the Fiscal Year 2024-25 budget to accept and appropriate community donations for K-9 related expenses in the amount of $1,100

Presentation By: Michael Balken

**6i.** Approve the purchase of various inventory items for Ocala Fiber Network from multiple vendors in an amount not to exceed $160,838

Presentation By: Mel Poole

**6j.** Approve appointment of and establish compensation for Dana Dammar as Assistant City Attorney

Presentation By: William E. Sexton

**6k.** Approve minutes from July 1, 2025 City Council meeting

Presentation By: Angel Jacobs

## 7. Consent Agenda Items Held for Discussion

Should any items be removed from the Consent Agenda for discussion, they will be discussed at this time.

## 8. Introduction and First Readings of Ordinances

## 9. Public Hearings / Second and Final Readings / Adoption of Ordinances

**9a.** Public Hearing to consider an amendment to a Site Concurrency Development Agreement pursuant to Chapter 163, Florida Statutes (New Old Town Village LLC) for approximately 38.9 acres located in the 4300-4600 block of E Silver Springs Boulevard (Parcels 27028-004-03, 27028-004-00, 27028-004-01, 27029-000-02, 27028-003-00, and a portion of 2735-000-002) (DMA23-45430); this is the second of two public hearings; the first was held on June 9, 2025, before the Planning and Zoning Commission

Presentation By: Jeff Shrum

Council President Dreyer opened the public hearing for items 9(a) to 9(f).

Growth Management Director Jeff Shrum discussed the adoption of Resolutions 2025-29 and 2025-30 and Ordinances 2025-29, 2025-30, and 2025-31. The property owners are swapping parcels to support their development plans. He provided a brief overview of the subject properties, proposed amendment, acreage correction, PD plan, and staff findings. The Planning & Zoning Commission and staff recommend approval.

Jimmy Gooding, Applicant's Attorney, 1531 SE 36th Avenue, discussed how the proposed design will remedy parking challenges at Mojo's and support development for both property owners. The future land use will be applied to the subject properties, and

the PD plan provides buffering for residents located to the south. The proposed plan will satisfy both property owners' development needs. He clarified the proposed development does not contain an affordable housing component.

No public comment.

There being no further discussion the motion carried by roll call vote.

**RESULT:** APPROVED
**MOVER:** Barry Mansfield
**SECONDER:** Jay A. Musleh
**AYE:** Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer

**9b.** Adopt Resolution 2025-29 to abrogate a portion of NE 47th Court between Block I, Lot 2 and Block F, Lot 17 of Glynnwood Unit 1 as recorded in Plat Book G, Page 91, of the public records of Marion County, Florida (Parcels 2735-0006-017 & 2735-009-002) (Case ABR23-45418) (Quasi-Judicial)

Presentation By: Jeff Shrum

There being no further discussion the motion carried by roll call vote.

**RESULT:** ADOPTED
**MOVER:** Barry Mansfield
**SECONDER:** James P. Hilty Sr
**AYE:** Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer

**9c.** Adopt Ordinance 2025-29 to change the Future Land Use designation on approximately 0.78 acres for property located in the 1900 block of NE 49th Avenue (Parcels 2735-006-017 and 2735-009-002) from Neighborhood to Low Intensity (Case LUC23-45427) (Quasi-Judicial)

Presentation By: Jeff Shrum

**Introduced By:** Ire J. Bethea Sr

There being no further discussion the motion carried by roll call vote.

**RESULT:** ADOPTED
**MOVER:** Ire J. Bethea Sr
**SECONDER:** James P. Hilty Sr
**AYE:** Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer

**9d.** Adopt Ordinance 2025-30 to rezone approximately 6.83 acres for property located at the southwestern corner of the intersection at NE 49th Avenue and E Silver Springs Boulevard (Parcel 2735-000-002, 2735-009-001, 2735-009-002, 2735-006-017, and a portion of parcel 27028-004-03) from PD, Planned Development, R-1, Single-Family Residential, & B-2, Community Business, to PD, Planned Development (Case PD23-45431) (Quasi-Judicial)

Presentation By: Jeff Shrum

**Introduced By:** James P. Hilty Sr

There being no further discussion the motion carried by roll call vote.

**RESULT:** ADOPTED
**MOVER:** James P. Hilty Sr
**SECONDER:** Ire J. Bethea Sr
**AYE:** Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer

**9e.** Adopt Ordinance 2025-31 to rezone approximately 0.59 acres for property located at the southwestern corner of the intersection at NE 49th Avenue and E Silver Springs Boulevard (a portion of 2735-000-002) from PD, Planned Development, to B-2, Community Business (Case ZON23-45419) (Quasi-Judicial)

Presentation By: Jeff Shrum

**Introduced By:** Barry Mansfield

There being no further discussion the motion carried by roll call vote.

**RESULT:** ADOPTED
**MOVER:** Barry Mansfield
**SECONDER:** James P. Hilty Sr
**AYE:** Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer

**9f.** Adopt Resolution 2025-30 to approve a resolution for a Planned Development Plan and Standards Book for property located at the southwestern corner of the intersection at NE 49th Avenue and E Silver Springs Boulevard (Parcel 2735-000-002, 2735-009-001, 2735-009-002, 2735-006-017, and a portion of parcel 27028-004-03), approximately 6.83 acres (Case No. PD23-45431) (Quasi-Judicial)

Presentation By: Jeff Shrum

There being no further discussion the motion carried by roll call vote.

**RESULT:** ADOPTED
**MOVER:** Barry Mansfield
**SECONDER:** James P. Hilty Sr
**AYE:** Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer

**9g.** Adopt Ordinance 2025-33 to rezone approximately 18.24 acres for the property located southwest of the intersection at SW 48th Avenue and SW 49th Place (Parcel 23832-000-00 and a portion of 23894-002-00) from R-3, Multi-Family Residential, to B-2, Community Business (Case ZON25-0007) (Quasi-Judicial)

Presentation By: Emily Johnson

**Introduced By:** Ire J. Bethea Sr

Council President Dreyer opened the public hearing.

Senior Planner Emily Johnson discussed the adoption of Ordinance 2025-33. The applicant requested to rezone the subject property from R-3 (Multifamily Residential) to B-2 (Community Business), to accommodate future commercial development. She provided a brief overview of the property's history, rezoning, and staff findings. The Planning & Zoning Commission and staff recommend approval.

Jimmy Gooding, Applicant's Attorney, 1531 SE 36th Avenue, stated the property owner is requesting to revert back to the original zoning, due to a failed real estate transaction with the adjacent property owner, who previously requested to purchase the property to expand the development of multifamily housing.

No public comment.

There being no further discussion the motion carried by roll call vote.

| | |
|---|---|
| **RESULT:** | ADOPTED |
| **MOVER:** | Ire J. Bethea Sr |
| **SECONDER:** | James P. Hilty Sr |
| **AYE:** | Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer |

## 10. General Business

### 10a. Adopt Resolution 2025-34 providing for the reimposition of non-ad valorem Fire Assessments, establishing proposed rates for Fiscal Year 2025-26, directing preparation of the Fire Assessment Roll, setting a date for a public hearing, and directing publication and mailing notices of proposed Fire Assessments

Presentation By: Tammi Haslam

Budget Director Tammi Haslam discussed the tentative millage rates for Fiscal Year 2025-26. She stated the final action will take place at a public hearing scheduled for Thursday, September 11, 2025.

There being no further discussion the motion carried by roll call vote.

| | |
|---|---|
| **RESULT:** | ADOPTED |
| **MOVER:** | Barry Mansfield |
| **SECONDER:** | James P. Hilty Sr |
| **AYE:** | Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer |

### 10b. Adopt the Fiscal Year 2025-26 tentative millage rates: Basic City - 6.6177; District A - 1.7185; District B - 1.6332; District C - 1.4699

Presentation By: Tammi Haslam

Budget Director Tammi Haslam explained the City must provide its tentative millage rates, rollback rates, and date, time and place of the public budget hearings to the Marion County Property Appriaser no later than August 3, 2025. The tentative millage rates

become the ceiling for the rates and staff recommends the tentative rates remain the same as Fiscal Year 2024-25. She noted the budget will be discussed further at the August 12 Budget Workshop.

There being no further discussion the motion carried by roll call vote.

Ms. Haslam offered Council two options for meeting schedules. The preferred option would move the first Council meeting in September to Wednesday, September 3, to minimize the number of meetings Council would be required to hold.

City Council agreed with the City's preferred option schedule.

City Manager Pete Lee confirmed staff will perform significant public outreach regarding the meeting dates.

| | |
|---|---|
| **RESULT:** | APPROVED |
| **MOVER:** | Ire J. Bethea Sr |
| **SECONDER:** | James P. Hilty Sr |
| **AYE:** | Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer |

**10c.** **Adopt Budget Resolution 2025-166 amending the Fiscal Year 2024-25 budget to provide a supplemental appropriation to reconcile cash balance forward accounts and for the continuation of projects not completed in Fiscal Year 2023-24 in the amount of $3,786,945**

Presentation By: Tammi Haslam

There being no discussion the motion carried by roll call vote.

| | |
|---|---|
| **RESULT:** | ADOPTED |
| **MOVER:** | James P. Hilty Sr |
| **SECONDER:** | Jay A. Musleh |
| **AYE:** | Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer |

**10d.** **Approve a task work order with Infrastructure Consulting & Engineering, PLLC, for design services for the A12 Hangar Infrastructure project in the amount of $147,741**

Presentation By: Matthew Grow

Airport Director Matthew Grow clarified the sales marketing process for available spots with Council Member Mansfield.

There being no further discussion the motion carried by roll call vote.

| | |
|---|---|
| **RESULT:** | APPROVED |
| **MOVER:** | James P. Hilty Sr |
| **SECONDER:** | Barry Mansfield |
| **AYE:** | Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer |

**10e.** **Approve a task work order with McFarland Johnson, Inc. to provide design services for fuel farm expansion, aircraft wash pad and vehicle parking pads in the amount not to exceed $102,117**

Presentation By: Matthew Grow

Airport Director Matthew confirmed the public is allowed to use the aircraft wash pad with Council Member Mansfield. Furthermore, the fuel farm will be operated and maintained by Sheltair Aviation.

There being no further discussion the motion carried by roll call vote.

| | |
|---|---|
| **RESULT:** | APPROVED |
| **MOVER:** | Ire J. Bethea Sr |
| **SECONDER:** | Barry Mansfield |
| **AYE:** | Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer |

**10f.** **Approve a contract between the City of Ocala and Cummins, Inc D/B/A Cummins Sales and Service for engine and transmission replacement services on an as-needed basis not to exceed $1,340,270**

Presentation By: Tom Duncan

Transit Administrator Tom Duncan clarified the life expectancy of the engine with Mayor Marciano.

There being no further discussion the motion carried by roll call vote.

| | |
|---|---|
| **RESULT:** | APPROVED |
| **MOVER:** | James P. Hilty Sr |
| **SECONDER:** | Barry Mansfield |
| **AYE:** | Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer |

**10g.** **Approve a one-year renewal with HM Insurance Group to provide stop-loss insurance for the City's self-insured health plan, with an expenditure of $1,977,347**

Presentation By: Todd Swanson

Director of HR & Risk Management Devan Kikendall noted a correction to the agenda item: the policy renewal represents a 6.41% increase in premiums.

Council Member Musleh expressed concern regarding the high premium increases.

There being no further discussion the motion carried by roll call vote.

| | |
|---|---|
| **RESULT:** | APPROVED |
| **MOVER:** | Ire J. Bethea Sr |
| **SECONDER:** | Barry Mansfield |
| **AYE:** | Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer |

**10h.** **Approval of agreement with Marion County School Board for the School Resource Officer Program with receivables over three years of $5,946,781**

Presentation By: Mike Balken

Police Chief Mike Balken confirmed the department will be servicing all of Ocala's public schools located in the City with Council Member Bethea.

There being no further discussion the motion carried by roll call vote.

| | |
|---|---|
| **RESULT:** | APPROVED |
| **MOVER:** | James P. Hilty Sr |
| **SECONDER:** | Jay A. Musleh |
| **AYE:** | Bethea Sr, Hilty Sr, Mansfield, Musleh, and Dreyer |

## 11. Internal Auditor's Report

## 12. City Manager's Report

- **City's storm preparation**

City Manager Pete Lee reported the City will continue to monitor the stormy weather along the east coast.

## 13. Ocala Police Department Report

- **Overview of Crime and Traffic Stops**

Police Chief Mike Balken reported on the Police Departments efforts for a two-week period, June 30, 2025 to July 13, 2025: 44 significant crimes, 203 arrests, and 1,218 traffic stops. Vehicle crashes on State Road 200 yearly (January-June) comparison: 105 vehicle crashes for 2024 and 122 vehicle crashes for 2025. The department arrested three individuals involved in a series of vehicle burglaries.

Council President Dreyer encouraged pedestrians to drive slower to prevent vehicle crashes on State Road 200. Furthermore, she requested staff present information regarding the types of vehicle crashes at a future meeting.

Mayor Marciano noted U-turns are the major cause of vehicle crashes.

Council Member Musleh discussed how the medians impact the public traveling to merchant destinations.

City Manager Pete Lee stated the City will revisit establishing a cross-access agreement.

- **Department Highlights**

## 14. Ocala Fire Rescue Department Report

- **Unit Responses**

  Fire Chief Clint Welborn reported on unit responses for a two-week period, July 1, 2025 to July 14, 2025. The two busiest units: Fire Rescue One (152-unit responses) and Fire Engine Four (97-unit responses).

- **Service calls update**

  Fire Chief Clint Welborn reported on call type spotlights for a two-week period, July 1, 2025 to July 14, 2025: motor vehicle accidents 80, structure fires 4, and community paramedicine/core 71, and 915 calls for service (13,366 calls-to-date).

- **Department Highlights**

  Fire Chief Clint Welborn reported the Florida Task Force 8 was deployed to Texas in response to the devastating floods affecting the state. The department conducted several successful search training courses at the AdventHealth Facility and hosted a successful Mayor for the Day event.

## 16. Public Comments

- **David Layman, 4567 NE 6th Street, commented on fiber installation issues**

  David Layman, 4567 NE 6th Street, discussed hazardous fiber installations jeopardizing the safety of the public. A fiber installation project completed by a vendor known as Lumen, caused a hazardous gas leak in the residential neighborhood. He suggested the City evaluate allowing multiple fiber companies to access easements and perform audits to protect the safety of the public.

  City Manager Pete Lee stated staff will perform site inspections to support public safety. The City will suspend a vendor's permits if they cause infrastructure damage. The public must report property damage to the City immediately, as vendors should not be encroaching on private property and must restore the property back to the original condition. Furthermore, the City's Code Enforcement Inspectors have been allocated to job sites to ensure the vendor is incompliance.

  City Engineer & Director of Water Resources Sean Lanier stated the City has the ability to suspend a vendor's permits. The City has jurisdiction over the right-of-way; however, residential damage caused by the vendor is considered a civil matter, due to the City's lack of jurisdiction.

  City Attorney Sexton expressed concern about billing the vendor for fire services. He requested Council consider creating penalties for vendors.

  Council Member's Musleh and Hilty support penalizing vendors for being negligent.

  Mr. Lee expressed concern that assigning Fire Department employees to job sites will impact public services. Furthermore, he suggested reevaluating fiber permit fees.

Council Member Dreyer favors Mr. Lanier's suggestion to establish inspection fees.

Mr. Lanier noted the vendor must restore the right-of-way to the original condition.

Mr. Sexton advised City Council that the City has worked with vendors to restore damaged properties back to their original condition.

Council Member Dreyer requested the City require vendors to issue notices to residents.

- **Jerry Lourenco, 2350 NW 27th Avenue, commented on the invitation to bid for the disposal of Class 1 and Class 3 solid waste**

  Jerry Lourenco, 2350 NW 27th Avenue, expressed concern regarding an invitation to bid that is currently under review for the disposal of Class 1 and Class 3 solid waste. He questioned why the bid package would require vendors to haul certain items for free. He discussed his concern about the inability to pass along any price increases to the City over the term of the proposed five-year contract.

  Council President Dreyer noted Council cannot discuss an open procurement process.

## 17. Informational Items and Calendaring Items

- Tuesday, August 5, 2025 - 4:00pm - City Council meeting - Council Chambers
- Tuesday, August 12, 2025 - 12:00pm - City Council Workshop Re: FY 2025-26 Budget - Council Chambers
- Tuesday, August 19, 2025 - 3:45pm - CRA Board meeting - Council Chambers
- Tuesday, August 19, 2025 - 4:00pm - City Council meeting - Council Chambers
- Tuesday, August 26, 2025 - 3:00pm - TPO Meeting - Marion County BOCC Auditorium
- Monday, September 1, 2025 - Labor Day Holiday - City offices closed
- Tuesday, September 2, 2025 - 4:00pm - City Council meeting - Council Chambers
- Thursday, September 11, 2025 - 5:01pm - City Council Special Meeting re: Fire Assessment - Council Chambers
- Tuesday, September 16, 2025 - 3:45pm - CRA Board meeting - Council Chambers
- Tuesday, September 16, 2025 - 4:00pm - City Council meeting - Council Chambers
- Tuesday, September 23, 2025 - 3:00pm - TPO Meeting - Marion County BOCC Auditorium

**17a.** Fully Executed Contracts Under $50,000

**17b.** Monthly budget to actual report and Capital Improvement Project status report as of May 31, 2025

## 18. Comments by Mayor

- **Recognition of the Parks & Recreation Department and Ocala Main Street for 4th of July celebration**

- **Recognition of the Electric Department for storm response**

  Mayor Marciano recognized the Electric Department for responding to a power outage in the City.

- **Workout with the Mayor event scheduled for Saturday, July 19, 2025, at 9 am, location Tuscawila Park**

**19. Comments by City Council Members**

**20. Adjournment**

**Adjourned at 5:44 pm**

**Minutes**

| | |
|---|---|
| Kristen M. Dreyer<br>Council President | Angel B. Jacobs<br>City Clerk |

LOCALiQ

The Gainesville Sun | The Ledger
Daily Commercial | Ocala StarBanner
News Chief | Herald-Tribune

PO Box 631244 Cincinnati, OH 45263-1244

EXHIBIT 3

## AFFIDAVIT OF PUBLICATION

Pamela Omichinski
City Of Ocala Clerk'S Office
110 SE WATULA AVENUE
OCALA FL 34471

STATE OF WISCONSIN, COUNTY OF BROWN

Before the undersigned authority personally appeared, who on oath says that he or she is the Legal Coordinator of the Star Banner, published in Marion County, Florida; that the attached copy of advertisement, being a , was published on the publicly accessible website of Marion County, Florida, or in a newspaper by print in the issues of, on:

07/23/2025

Affiant further says that the website or newspaper complies with all legal requirements for publication in chapter 50, Florida Statutes.
Subscribed and sworn to before me, by the legal clerk, who is personally known to me, on 07/23/2025

Legal Clerk

Notary, State of WI, County of Brown

3.7.27

My commission expires

| | | | |
|---|---|---|---|
| Publication Cost: | $753.50 | | |
| Tax Amount: | $0.00 | | |
| Payment Cost: | $753.50 | | |
| Order No: | 11505212 | # of Copies: | |
| Customer No: | 522373 | 1 | |
| PO #: | Proclamation | | |

THIS IS NOT AN INVOICE!

*Please do not use this form for payment remittance.*

KAITLYN FELTY
Notary Public
State of Wisconsin

PROCLAMATION

A PROCLAMATION CALLING FOR A SPECIAL ELECTION TOBE HELD ON TUESDAY, SEPTEMBER 16, 2025; PRESCRIBING A RUN-OFF ELECTION DATE FOR THE SAME; PROVIDING FOR QUALIFICATION DATES TOBE DETERMINED BY CITY COUNCIL; AND STATING THE OFFICES AND VACANCIES TOBE FILLED.

WHEREAS, by Proclamation dated April 15, 2025, a General Election for the City of Ocala, Florida was called for and was scheduled to be held on Tuesday, September 16, 2025; and

WHEREAS, the offices declared vacant and to be filled by said General Election were outlined in said Proclamation as Mayor, City Council District I, City Council District III and City Council District V; and

WHEREAS, the qualifying dates for said General Election were set by said Proclamation as the period between Noon on Monday, July 7, 2025, through Noon on Friday, July 11, 2025; and

WHEREAS, as of the close of the aforementioned qualifying period there were no candidates who qualified for the offices set forth in the aforementioned Proclamation; and

WHEREAS, there being no qualified candidates for said offices, the proclaimed vacancies in said offices continue; and

WHEREAS, pursuant to the *Charterand Code oJOrdinances, Ciry ojOcala, Florida,* said vacancies shall be filled by the conducing of a Special Election for the same; and

WHEREAS, further pursuant to the *Charter* and *Code* ef *Ordinances, Ciry* ef *Ocala, Florida* such Special Election for the purpose of filling those vacancies shall be called by the Mayor and shall be held as soon as is reasonably practicable; and

WHEREAS, pursuant to the requirements of Section 100.151, *Florida Statutes,* the City of Ocala has notified the Marion County Supervisor of Elections of its intent to hold a Special Election on Tuesday, September 16, 2025, and has obtained from him his consent for the same; and

WHEREAS, following issuance of this Proclamation, the City Clerk of the City of Ocala, Florida shall ensure that this Proclamation and the Special Election called for herein are properly advertised in accordance with the requirements of the *Charterand Code efOrdinances, Ciry efOca!a, Florida* as well as Chapter 100, *Florida Statutes,* and any other relevant provisions of Florida law.

NOW THEREFORE, by virtue of the authority vested in me as Mayor of the City of Ocala, Florida, I hereby proclaim that:

1. The recitals outlined above are ratified as true and correct and are adopted and incorporated herein as part and parcel of this Proclamation.
2. A Special Election, pursuant to the *Charter* and *Code of Ordinances, Ciry of Oca!a, Flonda* and in accordance with Chapter 100, *Florida Statutes,* and other relevant provisions of Florida law, shall be heldin and for the City of Ocala, Florida on Tuesday, September 16, 2025;
3. A Run-Off Election, if necessary, for the aforementioned Special Election, shall be held on Tuesday, November 18, 2025.
4. The aforementioned Special Election shall be for the vacant seats for the following Offices of the City of Ocala, Florida:
   A. Mayor;
   B. City Council, District I;
   C. City Council, District III; and
   D. City Council, District V.
5. The qualifying dates for the aforementioned Special Election shall be established by the City Council of the City of Ocala, Florida at their regularly-scheduled City Council meeting on Tuesday,July 15, 2025 at 4:00 P.M. in the City Council Chambers on the Second Floor of City Hall, located at 110 S.E. Watula Avenue, Ocala, Florida 34471.

IN WITNESS WHEREOF, I have hereunto set my hand and caused tobe affixed hereto the Seal of the City of Ocala, Florida, this 14th day of July, 2025.

BEN MARCIANO, as Mayor
City of Ocala, Florida

OF-42247502

EXHIBIT 4

# Press Releases | City of Ocala

**OCALA, Fla.** (July 14, 2025) – The City of Ocala will hold a Special Election on Tuesday, Sept. 16, to fill the offices of Mayor, City Council District I, City Council District III, and City Council District V.

In accordance with Section 26-2 of the Code of Ordinances, the Mayor issued a Proclamation on April 15 calling for a General Election to be held on Sept. 16 for the aforementioned offices. The qualification period for the election began at noon on Monday, July 7, and ended at noon on Friday, July 11.

Following a thorough review by the City Clerk and City Attorney, in consultation with the Marion County Supervisor of Elections, it was determined that none of the candidates strictly complied with the requirements of Florida law as it pertains to the payment of their qualifying fee.

Specifically, Section 99.061, Florida Statutes, requires candidates to pay the qualifying fee using a properly, executed check drawn from their campaign account. Section 106.11, Florida Statutes, further requires that such checks including the campaign account name, account number and bank name, exact amount, treasurer's signature, purpose of the expenditure, and the payee's name.

None of the seven candidates met all of these criteria. As a result, no candidates qualified for the offices listed in the April 15 Proclamation. The City Clerk provided formal notice of this determination to the Supervisor of Elections on Monday, July 14.

Per the City Charter and Code of Ordinances, the offices are again considered vacant and must be filled through a Special Election held as soon as reasonably practicable. The City intends to conduct the Special Election on the same date as originally scheduled: Tuesday, Sept. 16.

The Mayor has now issued a new Proclamation on July 14, officially calling for the Special Election.

The City Council will establish the dates, times, procedures, and requirements for the qualifying period for the Special Election during its regularly scheduled meeting on Tuesday, July 15, at 4 p.m. at Ocala City Hall (110 SE Watula Ave.).

###

EXHIBIT 5

# Press Releases | City of Ocala

**OCALA, Fla.** (July 18, 2025) – The City of Ocala has confirmed the candidates who have officially qualified for the upcoming Special Election scheduled for Tuesday, Sept. 16. The Special Election will fill the offices of Mayor, City Council District 1, City Council District 3, and City Council District 5.

The qualifying period for the Special Election concluded at noon today following a thorough review of each candidate's qualification materials by the City Clerk and City Attorney, as well as petition verification conducted by the Marion County Supervisor of Elections Office. The City then formally reported the following slate of qualified candidates to the Supervisor of Elections:

**Mayor:**

- Ben Marciano (Incumbent)
- Zachary "Arbor" Feliciano

**City Council District 1:**

- Barry Mansfield (Incumbent)

**City Council District 3:**

- Jay Musleh (Incumbent)
- Mark Clark
- TamBoura Jenkins

**City Council District 5:**

- James "Jim" Hilty, Sr. (Incumbent)

The official reporting allows the Supervisor of Elections to move forward with preparation on the same timeline as the originally scheduled General Election.

The Special Election was called after it was determined that no candidates from the original qualifying period had strictly complied with Florida law regarding the payment of qualifying fees.

A new proclamation was issued on July 14, calling for the Special Election to proceed as originally scheduled. A second qualifying period was held and managed by the City Clerk's Office in accordance with the procedures approved by City Council on July 15.

If necessary, a runoff election will be held on Tuesday, Nov. 18.

Voters are encouraged to visit www.votemarion.gov for additional election information.

###

# MEMBER PROFILE

## Ron D DeSantis

EXHIBIT
6

Member in Good Standing

Eligible to Practice Law in Florida

**Bar Number:**

15976

**Mail Address:**

Executive Office of Governor Ron DeSantis
400 S Monroe St
Tallahassee, FL 32399-6536

Office: **850-488-7146**

**Email:**

**governorron.desantis@eog.myflorida.com**

**Personal Bar URL:**

https://www.floridabar.org/mybarprofile/15976

**vCard:**

**County:**

Leon

**Circuit:**

02

**Admitted:**

10/05/2005

**10-Year Discipline History:**

None

**Law School:**

Harvard Law School, 2005

The Find a Lawyer directory is provided as a public service. The Florida Bar maintains limited basic information about lawyers licensed to practice in the state (e.g., name, address, year of birth, gender, law schools attended, admission year). However, The Florida Bar allows individual attorneys the opportunity to add personal and professional information to the directory. The lawyer is solely responsible for reviewing and updating any additional information in the directory. The lawyer's added information is not reviewed by The Bar for accuracy and The Bar makes no warranty of any kind, express or implied. The Florida Bar, its Board of Governors, employees, and agents are not responsible for the accuracy of that additional information. Publication of lawyers' contact information in this listing does not mean the lawyers have agreed to receive unsolicited communications in any form. Unauthorized use of this data may result in civil or criminal penalties. The Find a Lawyer directory is not a lawyer referral service.

## Public Records Request

From: Neil J Gillespie (neil4ocalamayor@yahoo.com)

To: wsexton@ocalafl.gov; neil4ocalamayor@yahoo.com

Cc: ajacobs@ocalafl.org; austin.miller@starbanner.com; jennifer@ocalagazette.com

Date: Saturday, July 19, 2025 at 12:06 PM EDT

EXHIBIT 7

William Sexton, City Attorney
City if Ocala, Florida
110 SE Watula Ave
Ocala, FL 34471-2180
Office: 352-401-3972
Email: wsexton@ocalafl.gov

Dear Mr. Sexton,

This is a request for public records showing the Proclamation of Mayor Marciano signed July 14, 2025, and the Special Election called for therein, was properly advertised in accordance with the requirements of the Charter and Code of Ordinances, City of Ocala, Florida as well as Chapter 100, Florida Statutes, and any other relevant provisions of Florida law.

Regarding the Special Election for the vacant seat for Mayor of Ocala, provide public records showing that the qualifying dates for the aforementioned Special Election were lawfully established by the City Council of the City of Ocala, Florida at their regularly-scheduled City Council meeting on Tuesday, July 15, 2025 at 4:00 P.M. in the City Council Chambers on the Second Floor of City Hall, located at 110 S.E. Watula Avenue, Ocala, Florida 34471. Provide a video of the meeting if available.

I believe the qualifying dates of July 16, 2025 to Noon July 18, 2025, 3 days, was insufficient. The previous qualifying dates announced in the mayor's proclamation of April 15, 2025, Noon, July 7, 2025, to Noon July 11, 2025, allowed 5 days to qualify. The shortened qualifying time denied me due process to qualify. Of my 41 Candidate Petitions submitted July 18, 2025, only 12 were accepted, according to a Candidate Petition Signature List provided to me by Ms. Jacobs. I believe at least one rejected Candidate Petition should have been accepted, the Candidate Petition of Neil J. Gillespie, ID 105766466, my petition for myself. So far Mr. Wilcox has not explained why my Candidate Petition was rejected. Attached you will find a copy of my Candidate Petition, showing the residence address assigned to me by Mr. Wilcox on my voter card October 11, 2024: 981 NE 16TH ST, OCALA FL 34470. Mr. Wilcox mailed my voter card to me at 2801 SW College Rd., STE 3, Ocala, FL 34474.

On July 11, 2025 I paid the City of Ocala $2.50 to verify the Candidate Petitions submitted on July 11, 2025, but did not get a Candidate Petition Signature List for those petitions, so I do not know how many were accepted, or if there was a problem to rectify.

It now appears to me that the requirement for 25 Candidate Petitions is an unconstitutional scheme to deny ballot access to an otherwise qualified candidate. Eighteen of my Candidate Petitions were rejected for "Wr Dist" (wrong district?), petitions signed by eligible voters in Marion County who reasonably believe they lived in the City of Ocala, because their address is Ocala, Florida. Here, the shortened qualifying time denied me due process to qualify, and further verify and correct the rejected petitions. In

my view the requirement for 25 Candidate Petitions violates the vagueness doctrine, because the average citizen, eligible voters in Marion County, reasonably believe they live in the City of Ocala, but in fact do not. See Vagueness doctrine, Wikipedia https://en.wikipedia.org/wiki/Vagueness_doctrine

> "In American constitutional law, a statute may be void for vagueness and unenforceable if it is too vague for the average citizen to understand what acts or duties are required or restricted. This is because constitutionally permissible activity may not be chilled because of a statute's vagueness (either because the statute is a penal statute with criminal or quasi-criminal civil penalties, or because the interest invaded by the vague law is sufficiently fundamental to subject the statute to strict scrutiny by a court determining its constitutionality)."

Yesterday an officer of the Ocala Police Department acknowledged to me the public may not know if they live within the city limit or not, and he added, the police certainly know exactly where the city boundaries lie. On July 18, 2025 I visited the Ocala Police Department, 402 South Pine Ave., Ocala, FL 34471, to obtain signed Candidate Petitions. I was refused by both police officers and police staff on two different grounds. Police staff cited the requirement to disclose their home address. I found this objection by the public also in Ocala. Residents who would like to sign a Candidate Petition do not sign because of the address reporting requirement.

One police officer I spoke with, a resident of the city, said he was prevented from signing a Candidate Petition while on duty/in uniform. The other officer with whom I spoke said he lived outside the city limit.

Please provide a record of my text message to you sent Monday July 14, 2025, that stated:

> "Hello Mr. Sexton, got your message, please clarify your request that I open another campaign account, does the city not want Regions Bank? What is the requirement regarding campaign checks, temporary checks, or ??? What happens to money already paid? Can I use the petitions I already obtained? Has the number of petitions required changed?"

As of today I do not show a response from you.

Please provide a record of my second text message to you sent Monday July 14, 2025, that stated:

> "Ms Sexton, on Friday Angel Jacobs provided me an opinion letter of the Division of Elections dated March 18, 2013 that appears to allow debit cards in lieu of checks, is that your view? Thanks, Neil Gillespie"

As of today I do not show a response from you.

When I spoke with you on Friday, July 11, 2025, you said there would likely be a special election on a shortened timeline, and as such, the number of Candidate Petitions needed might be less than 25. Provide records showing why the number of Candidate Petitions remained at 25 for the shortened qualifying time.

Provide the benefit package for the Mayor of Ocala, including the salary, healthcare benefits, vacation time, etc. Also provide the duties required of the Mayor of Ocala.

This public records request is submitted pursuant to section 119.07(1) Florida Statutes, Rule 2.420(2), Florida Rules of General Practice and Procedure, and Article I, Section 24a of the Florida Constitution. All public records requests shall be acknowledged promptly and in good faith, F.S. § 119.07(1)(c).

Thank you.

Sincerely,
/s/
Neil J. Gillespie
2801 SW College Rd., STE 3
Ocala, FL 34474
Tel: 352-239-9037
Email: Neil4OcalaMayor@yahoo.com

Cc: Angel B. Jacobs, CMC
Ocala City Clerk
110 SE Watula Avenue
Tel: 352-629-8403
Fax: 352-629-5208
Email: ajacobs@ocalafl.org

Austin Miller, Ocala Star-Banner
austin.miller@starbanner.com

Jennifer Hunt Murty, Ocala Gazette
jennifer@ocalagazette.com

2024, 11-11-24, Wesley Wilcox to Neil Gillespie Voter Card.pdf
134.5 kB

2025, 07-16-25, CANDIDATE PETITION Neil Joseph Gillespie (105766466).pdf
118.7 kB

# Midtown Location

