UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NEIL JOSEPH GILLESPIE,

Plaintiff,

v. Case No.: 5:25-cv-486-SPC-PRL

WESLEY WILCOX, et al.,

Defendants.
_________________________________/

**OPINION AND ORDER**

Before the Court is pro se Plaintiff Neil Joseph Gillespie's construed Objection to United States Magistrate Judge Philip R. Lammens' Order denying Plaintiff's motion to e-file.[1] (Doc. 9). Non-dispositive orders are reviewed for clear error. The district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous if the reviewing court, after assessing the evidence in its entirety, is left with definite and firm conviction that a mistake has been committed." *A.R. by and through Root v. Dudek*, 151 F. Supp. 3d 1309, 1312 (S.D. Fla. 2015) (citation omitted). "A magistrate judge's order is

[1] Plaintiff's motion requests an Article III judge rule on his motion because he never consented to magistrate judge review. (Doc. 11). The Court construes this as an objection under Rule 72(a).

contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (citation omitted).

In his Objection, Plaintiff raises no argument that Judge Lammens' Order is contrary to law or clearly erroneous. Rather, he asserts that it was improper for a United States Magistrate Judge to rule on his motion. This is easily rejected. *See* 28 U.S.C. § 636(b)(1) (outlining a magistrate judge's authority to hear and determine pretrial matters); Fed. R. Civ. P. 72(a) (explaining the standard of review of magistrate judge's rulings on nondispositive matters); M.D. Fla. R. 1.02(a) (permitting magistrate judges to exercise "the maximum authority and perform any duty permitted by the Constitution and other laws of the United States"). Even so, after careful consideration and review of Judge Lammens' order and the record, the Court finds the order denying Plaintiff's request to e-file was not clearly erroneous or contrary to law. So Plaintiff's Objection is overruled.

Accordingly, it is **ORDERED:**

Plaintiff's Objection (Doc. 11) is **OVERRULED**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 13, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record