**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**NEIL JOSEPH GILLESPIE,**

**Plaintiff,**

**v.** **Case No: 5:25-cv-486-SPC-PRL**

**WESLEY WILCOX, MARION COUNTY SUPERVISOR OF ELECTIONS; MAYOR BEN MARCIANO; CITY ATTORNEY WILLIAM E. SEXTON; CITY CLERK ANGEL B. JACOBS; CITY COUNCIL KRISTEN DREYER; CITY COUNCIL IRA BETHEA, SR.; CITY COUNCIL JAY MUSLEH; FL SEC. OF STATE CORD BYRD; THE FLORIDA DEPARTMENT OF STATE; GOVERNOR RON DESANTIS; and CITY COUNCIL BARRY MANSFIELD,**

**Defendants.**

---

# ORDER

Plaintiff Neil Joseph Gillespie, proceeding *pro se*, filed this suit in federal court "for the right to vote where he works and lives" and "to run for the office of mayor" in the City of Ocala, Florida. (Doc. 10). Plaintiff challenges the constitutionality of the City of Ocala's Mayoral Special Election and alleges that the special election violates a myriad of state and local election laws. (*See generally id*.). Plaintiff seeks to proceed in forma pauperis. (Doc. 3). For the reasons explained below, Plaintiff's amended motion to proceed in forma pauperis is taken under advisement, and in an abundance of caution, Plaintiff will be given an opportunity to amend the first amended complaint.

## I. Background

Plaintiff initiated this action in federal court by filing a complaint on August 5, 2025. (Doc. 1). Simultaneously with the filing of the complaint, Plaintiff filed a motion to proceed in forma pauperis. (Doc. 2). The next day, on August 6, 2025, Plaintiff filed an amended motion to proceed in forma pauperis. (Doc. 3). On August 12, 2025, Plaintiff filed an amended complaint, which is the operative complaint in this action. (Doc. 10). The amended complaint names as defendants Wesley Wilcox, the Supervisor of Elections for Marion County, Florida; Ben Marciano, the Mayor of Ocala; William Sexton, the City Attorney for Ocala; Angel Jacobs, the City Clerk for Ocala; Ron DeSantis, the Governor of Florida; the Florida Department of State; Cord Byrd, the Secretary of State of Florida; and various Ocala city council members, including Kristen Dreyer, Ira Bethea, Sr., James Hilty, Jay Musleh, and Barry Mansfield (collectively, the "Defendants"). (*Id.* at ¶¶ 6-16). Plaintiff asserts that this Court has jurisdiction over this action pursuant to Article III, Section 2 of the United States Constitution; "U.S.C. Title 52 Voting and Elections"; Federal Rules of Civil Procedure 5.1, 57, and 65; and 28 U.S.C. § 2201. (*Id.* at ¶ 3).

The amended complaint is not a model of clarity, but it appears that Plaintiff, a member of "No Party Affiliation (NPA)," is asserting claims to establish his purported legal address as his address for the purpose of voting and participating in the City of Ocala's elections and to run for the office of Mayor for the City of Ocala. (*See id.* at pp. 2-23). Plaintiff alleges that he has been unable to register to vote where he has worked and lived since January 2, 2023 in the City of Ocala at 2801 SW College Road, Suite 3, Ocala, Florida 34474. (*Id.* at ¶ 27). Based on his current voter registration information, Plaintiff avers that he is eligible to vote at "Marion County Election Center, 981 NE 16th St[.], Ocala, FL 34470," but this

"prevents him from voting or participating in City of Ocala elections" and "qualifying as a candidate in the City of Ocala General Election and Special Election for mayor." (*Id*. at ¶ 28).

## II. Legal standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *See id*.

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (internal quotations omitted); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that an action is frivolous if "it lacks an arguable basis either in law or in fact"); *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (defining a frivolous case as one containing "clearly baseless" factual allegations or one based on an "indisputably meritless" legal theory) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam)). A district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *See Clark*, 915 F.2d at 640, 640 n.2 (indicating that absolute immunity of a defendant would justify the dismissal of a claim as frivolous). Indeed, "[i]ndigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *See Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citation omitted)

When evaluating a complaint under § 1915, courts must liberally construe *pro se* filings and hold them to less stringent standards than papers drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But courts cannot act as counsel for plaintiffs or rewrite pleadings. *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021) (citation omitted). *Pro se* litigants must still comply with the procedural rules applicable to ordinary civil litigation. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Nevertheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See id*. (quoting *Twombly*, 550 U.S. at 555). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests" and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *See Twombly*, 550 U.S. at 555 (citations omitted). Although a court must accept as true well-pleaded allegations, it is not bound to accept a legal conclusion stated as a "factual allegation" in the complaint. *See id*.; *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (citations omitted); *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (stating that the court "afford[s] no

presumption of truth to legal conclusion and recitations of the basic elements of a cause of action") (citations omitted).

Subject-matter jurisdiction is a threshold issue in any case pending in the United States District Court. Federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *See Univ. of So. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "[A] court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001); *see Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *See Univ. of So. Ala.*, 168 F.3d at 410; *Fitzgerald*, 760 F.2d at 1251. If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3); *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000) ("[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.").

## III. DISCUSSION

### A. Failure to Comply with the Federal Rules of Civil Procedure

At the most basic level, Plaintiff's amended complaint fails to meet the pleading requirements set forth in the Federal Rules of Civil Procedure, particularly Rules 8 and 10. Federal Rules of Civil Procedure 8 and 10 lay out the minimum federal pleading requirements. Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Under Rule 10, "[a] party must state its claims . . . in numbered paragraphs," with each paragraph "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *See id*. The purpose of Rules 8(a)(2) and 10(b) is "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted," and then "at trial, the court can determine that evidence which is relevant and that which is not." *See Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

In this instance, Plaintiff's amended complaint does not contain a short and plain statement of the claim showing that he is entitled to relief as required by Rule 8(a)(2), nor does it set forth each paragraph limited as far as practicable to a single set of circumstances as required by Rule 10(b). *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(b). In addition, each of Plaintiff's claims asserted in the amended complaint is not stated in a separate count. *See* Fed. R. Civ. P. 10(b). Although Plaintiff is proceeding *pro se*, he is "still required to conform to

procedural rules, and the court is not required to rewrite a deficient pleading." *See Washington v. Dep't of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007).

What's more, Plaintiff's amended complaint constitutes an impermissible shotgun pleading. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "exact an intolerable toll on the trial court's docket." *See Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). The Eleventh Circuit has identified four basic categories of shotgun pleadings: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "each cause of action or claim for relief" into a different count; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See Weiland*, 792 F.3d at 1321-23. Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See id.* at 1323.

Plaintiff's amended complaint falls under the second, third, and fourth categories of shotgun pleadings. First, Plaintiff makes conclusory and vague factual assertions throughout the amended complaint and fails to connect these facts with any particular causes of action. *See id.* at 1322 n.12 (collecting cases). Due to the vague, disjointed nature of Plaintiff's allegations, it is difficult to discern which facts Plaintiff offers in support of each of his claims.

Second, Plaintiff fails to separate his causes of action or claims for relief into different counts in the amended complaint. Third, and finally, Plaintiff fails to identify which defendant is responsible for which acts or omissions, and he does not link any particular defendant to any particular cause of action. As a result, Plaintiff's amended complaint makes it virtually impossible for the Court to discern what claims Plaintiff asserts against each defendant and what role, if any, each defendant played in the alleged violations. *See Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1164 (M.D. Fla. 1996) (determining that the complaint's pleading deficiency makes it "virtually impossible to ascertain . . . which defendant committed which alleged act" for defendants to defend the claims against them). Because Plaintiff's amended complaint constitutes an impermissible shotgun pleading, it fails to give the Defendants adequate notice of the claims asserted against them and the grounds upon which each claim rests. *See Weiland*, 792 F.3d at 1323.

**B. Article III Standing**

Plaintiff lacks standing to bring some, if not all, of his claims. Article III of the United States Constitution limits the jurisdiction of federal courts to deciding cases and controversies. *See* U.S. Const. Art. III, § 2; *A&M Gerber Chiropractic LLC v. Geico Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019). The "case-or-controversy" requirement, also known as standing, may be raised at any stage of a case, even by the court. *See A&M Gerber Chiropractic LLC*, 925 F.3d at 1210 (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (stating that "an essential and unchanging part of the case-or-controversy requirement of Article III" is that the plaintiff must have standing) (citation omitted); *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) (recognizing that courts "have an obligation to assure ourselves that [the plaintiff] had

Article III standing at the outset of the litigation"). Standing refers to whether a litigant has a sufficiently "personal stake" in the outcome of a case so as to assure "concrete adverseness" and to allow the court to properly resolve the dispute on the merits. *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1264 (11th Cir. 2015) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). Indeed, "[s]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (citations omitted); *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) ("[S]tanding is a jurisdictional matter.") (citations omitted).

"The party invoking federal jurisdiction bears the burden of [establishing] standing." *Bischoff v. Osceola Cnty., Fla.*, 222 F.3d 874, 878 (11th Cir. 2000) (citing *Lujan*, 504 U.S. at 561). To establish Article III standing in federal court, a plaintiff must show: (1) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) that the defendants likely caused his injury; and (3) that a favorable decision can likely redress his injury. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021); *Polelle v. Fla. Sec'y of State*, 131 F.4th 1201, 1208 (11th Cir. 2025), *cert. denied sub nom. Polelle v. Byrd*, No. 25-147, 2025 WL 2906520 (U.S. Oct. 14, 2025) (citing *TransUnion LLC*, 594 U.S. at 423). All three requirements are necessary, and the failure to establish any of them deprives a federal court of jurisdiction. *See Polelle*, 131 F.4th at 1208. An injury in fact is "an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, not conjectural or hypothetical." *See Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020) (quoting *Lujan*, 504 U.S. at 560) (internal quotation marks omitted); *A&M Gerber Chiropractic LLC*, 925 F.3d at 1210 (stating that the controversy "cannot be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future

injury" that can be resolved by the court's intervention) (citation and internal quotation marks omitted); *Wood v. Raffensperger*, 981 F.3d 1307, 1314 (11th Cir. 2020) (indicating that "[a] particularized injury is one that affect[s] the plaintiff in a personal and individual way[,]" rather than a mere generalized grievance that anybody could pursue) (citation omitted).

Due to the cursory nature of Plaintiff's allegations, the Court is largely unable to determine whether Plaintiff suffered a "concrete, particularized, and actual or imminent" injury as a result of Defendants' purported actions. *See Polelle*, 131 F.4th at 1208; *see also Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) ("The complainant must allege an injury to himself that is distinct and palpable.") (citation and internal quotation marks omitted). For example, while Plaintiff alleges that Defendant Wesley Wilcox, who is the Marion County Supervisor of Elections, has "refused to register [Plaintiff] to vote where he works and lives since January 2, 2023 in the City of Ocala" (Doc. 10 at ¶ 27), there is no indication that Plaintiff has been prevented from exercising his constitutional right to vote, nor does Plaintiff allege that his pending voter registration application to change his voter registration address has been denied. In fact, Plaintiff affirmatively states that he is currently registered to vote (*id*.), and in response to Plaintiff's letter dated August 1, 2025, which addressed the subject voter registration application, Defendant Wilcox instructed Plaintiff that "[i]f [he] would like to get the zoning changed on [his] address, [he should] contact the zoning authority" (*id*. at ¶ 32). Without further context or information concerning Plaintiff's voter registration application, the Court cannot discern the precise injury from Plaintiff's vague and conclusory allegations. *See United States v. Richardson*, 418 U.S. 166, 176-78 (1974) (declining to find standing for a "generalized grievance" when it is "plainly undifferentiated and common to all members of the public") (citations and internal quotation marks omitted).

Furthermore, the conduct complained of by Plaintiff is not fairly traceable to the challenged actions of most, if not all, of the named Defendants in the amended complaint. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). As such, it remains unclear which of the purported wrongdoings referenced in the amended complaint contributed to Plaintiff's failure to qualify for the general and special election as mayor of the City of Ocala and how the outcome should have been different, such that a favorable decision would remedy the apparent injustice experienced by Plaintiff. Without such baseline allegations, Plaintiff cannot establish an Article III case or controversy that affords him standing. Because Plaintiff's amended complaint does not establish that he has standing, the Court lacks jurisdiction over his claims. *See Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991).

**C. Failure to State a Claim**

Even if Plaintiff had standing, his amended complaint fails to state any claims on which relief can be granted. In the amended complaint, Plaintiff cites several statutes and rules, including 28 U.S.C. § 2201, 28 U.S.C. § 2403, "U.S.C. Title 52 Voting and Elections," 52 U.S.C. § 10504, and Rules 5.1, 57, and 65 of the Federal Rules of Civil Procedure, as well as a slew of other state and local election laws. (Doc. 10 at ¶¶ 19-21, 25-26, 29, 35, 38-39, 43, 45-53, 56-59, 63). All these potential claims for relief lack a sufficient legal basis.[1]

First, Federal Rules of Civil Procedure 5.1, 57, and 65 do not create an independent cause of action for Plaintiff to seek relief. *See State Police for Automatic Retirement Ass'n v. Difava*, 164 F. Supp. 2d 141, 156 (D. Mass. 2001), *aff'd*, 317 F.3d 6 (1st Cir. 2003) ("[T]he Federal

---

[1] "To the extent that [Plaintiff] is dissatisfied with voter registration requirements and the manner in which voting takes place . . ., his grievance is with State law." *Kennedy v. Wilkinson*, No. CV ELH-21-1569, 2021 WL 2649790, at *2 (D. Md. June 28, 2021), *aff'd sub nom. Kennedy v. Garland*, No. 21-1870, 2021 WL 6101831 (4th Cir. Dec. 22, 2021).

Rules of Civil Procedure do not create independently enforceable rights upon which [a plaintiff] may sue.") (citations omitted); *Woods v. Florida*, No. 4:20-cv-177-MW-MJF, 2020 WL 2497993, at *1 (N.D. Fla. Apr. 14, 2020), *report and recommendation adopted*, 2020 WL 2496030 (N.D. Fla. May 14, 2020) ("Rule 5.1 does not create a separate cause of action or basis for relief."); *McKeithan v. Angel Oak Prime Bridge, LLC*, No. 1:20-cv-04580-ELR-RDC, 2020 WL 9600585, at *2 (N.D. Ga. Dec. 3, 2020), *report and recommendation adopted*, 2020 WL 9600555 (N.D. Ga. Dec. 29, 2020) ("Federal Rule of Civil Procedure 65 does not create any independent cause of action for [p]laintiff to seek any relief.") (citations omitted).

Likewise, the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., does not provide an independent cause of action for determining the constitutionality of state or local laws; rather, it is a remedy. *See Burke v. Johnson*, No. 6:16-cv-199-ORL-41TBS, 2016 WL 9503732, at *3 (M.D. Fla. June 27, 2016) (collecting cases); *Harris v. Florida*, No. 8:16-cv-12-T-27MAP, 2016 WL 656977, at *2 (M.D. Fla. Jan. 12, 2016), *report and recommendation adopted*, 2016 WL 676427 (M.D. Fla. Feb. 17, 2016) (finding that plaintiff failed to state a claim because he brought his case "under the declaratory judgment act, which does not provide an independent cause of action for determination of the constitutionality of a statute") (citing *Earnest v. Lowentritt*, 690 F.2d 1198, 1203 (5th Cir. 1982)).

Further, Plaintiff makes references to 28 U.S.C. § 2403 and 52 U.S.C. § 10504 in the amended complaint, but those statutes are inapplicable here. *See* 28 U.S.C. § 2403 (allowing the United States or states to intervene in actions in which they are not a party to defend the constitutionality of their statutes); *McCumsey v. Dixon*, No. 3:24cv203/LAC/ZCB, 2024 WL 5049269, at *2 n.5 (N.D. Fla. Nov. 15, 2024), *report and recommendation adopted*, 2024 WL 5046304 (N.D. Fla. Dec. 9, 2024) (noting that "§ 2403 is an intervention statute, not a

jurisdictional or remedial statute, . . . [and] applies only to a federal action to which a State (or any agency, officer, or employee thereof) is a not a party"); *Petty v. Leahy*, No. 09-14225-CIV, 2009 WL 10711963, at *3 (S.D. Fla. July 30, 2009), *report and recommendation adopted*, 2009 WL 10711961 (S.D. Fla. Aug. 31, 2009) (explaining that "the general purpose of § 2403 intervention is to give the Attorney General the opportunity to defend the statute called into question"); *People First of Alabama v. Merrill*, 467 F. Supp. 3d 1179, 1223-24 (N.D. Ala. 2020) (explaining that § 10504 "allows the Attorney General to initiate a civil action whenever the Attorney General has reason to believe that a State or political subdivision . . . has enacted or is seeking to administer any test or device as a prerequisite to voting in violation of § [10501], and that when the Attorney General brings such an action, it shall be heard and determined by a court of three judges in federal district court") (citing 52 U.S.C. § 10504) (internal quotation marks omitted).

As to Plaintiff's alleged "U.S.C. Title 52" claim, Plaintiff does not specify under which section of Title 52 of the U.S. Code he purports to bring his claims. *See Anthony Pappas for Cong. v. Lorintz*, No. CV184199JSAKT, 2019 WL 4396589, at *13 (E.D.N.Y. Aug. 2, 2019), *report and recommendation adopted sub nom. Pappas v. Lorintz*, No. 2:18-cv-04199, 2019 WL 4396761 (E.D.N.Y. Aug. 26, 2019), *aff'd*, 832 F. App'x 8 (2d Cir. 2020) (finding that plaintiff failed to state a claim for relief under his "federal election law" claim because he "d[id] not specify under which section of Title 52 of the United State Code he purport[ed] to bring his claims"); *see also* 52 U.S.C. §§ 10101, *et. seq*. (discussing voting and elections). To the extent Plaintiff asserts a claim under the Voting Rights Act, he has failed to state a claim for relief under the Voting Rights Act because nothing in the amended complaint suggests that he was denied the right to vote on account of his race or color. *See* 52 U.S.C. § 10301(a); *Voinovich v.*

*Quilter*, 507 U.S. 146, 152 (1993) (noting the scope of the Voting Rights Act is limited to claims involving an abridgement based on membership in a protected class associated with race or color).

Stated plainly, Plaintiff's amended complaint lacks well-pled factual allegations that could support a viable federal cause of action.

**D. Amendment**

While it is doubtful Plaintiff will be able to allege viable claims that this Court has jurisdiction over, out of an abundance of caution, the Court will provide the Plaintiff with an opportunity to file a second amended complaint to clarify the basis of his claims and the jurisdiction over them. Plaintiff must provide the Court with sufficient information in a coherent manner so that it can perform the review required under § 1915. The second amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how each defendant is responsible. Additionally, the second amended complaint must clearly state the basis for the Court to exercise jurisdiction over Plaintiff's claims. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

Plaintiff is cautioned that, despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Additionally, resources and information related to proceeding in court without a lawyer, including a handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's

website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Civil Discovery Handbook for a general discussion of this District's discovery practices (http://www.flmd.uscourts.gov/civil-discovery-handbook).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Amended Motion to Proceed in Forma Pauperis (Doc. 3) is **TAKEN UNDER ADVISEMENT**. Plaintiff shall file a second amended complaint on or before **December 12, 2025**. The second amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure and those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute.

(2) Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is **DENIED as moot**, in light of the filing of the Amended Motion to Proceed in Forma Pauperis (Doc. 3).

**DONE** and **ORDERED** in Ocala, Florida on November 12, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties