EXHIBIT 3

Tim Reagan, Federal Judicial Center, February 20, 2025: (Exhibit 3a)

This report compiles local rules and procedures in the ninety-four district courts on electronic filing by self-represented litigants. More than two thirds of the courts permit self-represented litigants to use the court's electronic filing system at least on a case-by-case basis. Twenty-nine courts (31%) generally prohibit electronic filing by self-represented litigants. The Northern District of Texas generally requires it. Ten other courts (11%) generally permit it. The remaining fifty-four courts (57%) permit self-represented litigants to request permission to use the electronic filing system. (Exhibit 3b)

A 2022 report included a survey of rules and procedures and interviews with court staff in a selection of appellate, district, and bankruptcy courts: Federal Courts' Electronic Filing by Pro Se Litigants. (Exhibit 3c)

Federal Judicial Center (/)

Home [/]
Publications Catalog [/publications]

# United States District Courts' Local Rules and Procedures on Electronic Filing by Self-Represented Litigants

Tim Reagan
February 20, 2025

This report compiles local rules and procedures in the ninety-four district courts on electronic filing by self-represented litigants. More than two thirds of the courts permit self-represented litigants to use the court's electronic filing system at least on a case-by-case basis. Twenty-nine courts (31%) generally prohibit electronic filing by self-represented litigants. The Northern District of Texas generally requires it. Ten other courts (11%) generally permit it. The remaining fifty-four courts (57%) permit self-represented litigants to request permission to use the electronic filing system.

A 2022 report included a survey of rules and procedures and interviews with court staff in a selection of appellate, district, and bankruptcy courts: Federal Courts' Electronic Filing by Pro Se Litigants [/content/368499/federal-courts-electronic-filing-pro-se-litigants] .

**Downloadable file:**
Local Rules on Electronic Filing [/sites/default/files/materials/39/Local Rules on Electronic Filing.pdf] 36 pages

**Tags:**
Electronic Case Filing (CM/ECF) [/subject/electronic-case-filing-cmecf] | Court Administration [/subject/court-administration] | Use of Restraints in Court [/subject/use-restraints-court] | Electronic Case Filing [/subject/electronic-case-filing-0] | About District Judges [/subject/about-district-judges] | Local Rules [/subject/local-rules] | Federal Rules of Practice and Procedure [/federal-rules-practice-and-procedure/federal-rules-practice-and-procedure] | Federal Rules of Civil Procedure [/federal-rules-practice-and-procedure/federal-rules-civil-procedure] | Fed. R. Civil P. 5 [/federal-rules-practice-and-procedure/fed.-r.-civil-p.-5] | Research Reports [/collection/research-reports]

# United States District Courts' Local Rules and Procedures on Electronic Filing by Self-Represented Litigants

Federal Judicial Center
2025

This Federal Judicial Center publication was undertaken in furtherance of the Center's statutory mission to conduct and stimulate research and development for the improvement of judicial administration. While the Center regards the content as responsible and valuable, this publication does not reflect policy or recommendations of the Board of the Federal Judicial Center.

# United States District Courts' Local Rules and Procedures on Electronic Filing by Self-Represented Litigants

Tim Reagan
Federal Judicial Center 2025

Filing a document in a case file used to require the inconvenience of a trip to the courthouse or the delay of mail. Now attorneys can use electronic filing without the inconvenience of travel or the delay of mail. Some self-represented litigants also have access to the efficiencies of electronic filing.

Local rules make clear that more than two thirds of the federal district courts permit self-represented litigants to use the court's electronic filing system at least on a case-by-case basis. Twenty-nine courts generally prohibit it (31%). The Northern District of Texas requires self-represented litigants to use the court's electronic filing system absent permission not to. Ten courts (11%) generally permit pro se electronic filing without individual permission. The remaining fifty-four courts (57%) permit self-represented litigants to request permission to use the electronic filing system.

Self-represented litigants in districts that appear to prohibit pro se electronic filing have sometimes nevertheless received permission to file electronically.

The rules for nine courts state that the court can accept pro se filings by email.[1] An additional three courts have informed us that they also accept pro se filings by email.[2] At least six courts allow electronic submission of filings to the court via online portal.[3]

Even if a court does not permit a self-represented litigant to make filings using the court's electronic filing system, most courts permit self-represented litigants to register for electronic notices of other parties' filings.

Permission to file electronically does not imply permission to open a case electronically, which is not always permitted even for attorneys. Permission is typically limited to the case in which the pro se litigant is already a party.

Several federal courts have arrangements with nearby prisons that permit prison staff members to electronically submit prisoners' filings to the court. However, this report covers electronic filing by pro se litigants who are not in prison.

Rule excerpts follow, organized by the extent to which each district permits pro se use of the court's electronic filing system.

---

1. Colorado, Illinois Central, Indiana Southern, Maine, Missouri Eastern, Northern Mariana Islands, Oklahoma Eastern, Oklahoma Northern, and Utah.
2. Iowa Northern, Kentucky Western, and Wyoming.
3. California Central, Illinois Northern, Louisiana Eastern, Maryland, New Jersey, and New York Northern.

## REQUIRED

### Northern District of Texas

*U.S. District Court for the Northern District of Texas: Local Civil Rules*

Attorney. The word "attorney" means either:

(1) A person licensed to practice law by the highest court of any state or the District of Columbia; or

(2) A party proceeding pro se in any civil action.

R. 1.1(c).

Unless the presiding judge otherwise directs, an attorney—other than a prisoner pro se party—must file any pleading (except a complaint), motion, or other paper by electronic means, subject to the restrictions and requirements of the ECF Administrative Procedures Manual. A party may, for cause, move to be excused from the requirement of electronic filing.

R. 5.1(e).

*U.S. District Court for the Northern District of Texas: Instructions to a Non-Prisoner Pro Se Plaintiff*

After you have filed your complaint, unless you are excused for cause or the presiding judge directs otherwise, you must:

- register as an Electronic Case Files (ECF) user within 14 days (you may register online via our website at www.txnd.uscourts.gov), and
- file any pleading, motion, or other paper electronically. (Electronic filing is not permitted in a case assigned to the docket of U.S. District Judge John H. McBryde.).

P.1.

## GENERALLY PERMITTED

### Northern District of California

*United States District Court: Northern District of California: Civil Local Rules*

"Pro se parties must file case-initiating documents manually in each new action brought in the court. After manually filing case-initiating documents, pro se parties may file subsequent documents in the same case manually, or may register for ECF and file subsequent documents in the same case electronically." R. 5-1(b).

*United States District Court: Northern District of California: Criminal Local Rules*

The Court historically required that material sought to be sealed in criminal cases be submitted manually to the court in all instances. While manual filing remains the process for pro se parties who are not e-filers, all attorneys and e-filers are now expected to electronically file these requests via ECF.

R. 56.1 Commentary.

*United States District Court: Northern District of California: E-Filing Self-Registration Instructions for Pro Se Litigants* (webpage)

> NOTE: Effective May 1, 2020, and until further notice, pro se litigants whose names appear on existing cases before this court may register to become ECF users and may file documents electronically without first obtaining a judge's permission. Initial complaints and other case-opening documents must still be filed manually or by mail/private carrier.
>
> If you have an existing pro se e-filing account, and you wish to e-file in another case in which your name is listed, send an email to ECFHelpDesk@cand.uscourts.gov to link your account to that case.

cand.uscourts.gov/e-file/.

## Northern District of Illinois[4]

*United States District Court for the Northern District of Illinois General Order 16-0020: General Order on Electronic Case Filing*

"A party to a pending civil action who is not represented by an attorney and who is not under filing restrictions imposed by the Executive Committee of this Court, may register as an E-Filer solely for purposes of the case." § IV(B)(1). "Parties who are in custody are not permitted to register as E-Filers." § IV(B)(3).

*United States District Court: Northern District of Illinois: ECF Account Registration* (webpage)

"Pro se litigants are not permitted to e-file new cases. All new cases must be filed in paper." www.ilnd.uscourts.gov/Pages.aspx?page=ECFAccountRegistration.

## District of Kansas

*Rules of Practice of the United States District Court for the District of Kansas*

"A party who is not represented by an attorney may register as a Filing User in the Electronic Filing System." R. 5.4.1(c).

*United States District Court: District of Kansas: Filing Your Lawsuit in Federal Court: A Pro Se Guide*

> Once you have filed your initial documents and your case is on file with the court, you may file documents in your case on-line, or electronically, using our Case Management/Electronic Case Filing System (CM/ECF). This system not only allows you to file your documents without coming into the clerk's office, it also allows you to see everything that is filed by you (the plaintiff), the court, the defense and any other parties in your case.

P.14.

4. We are informed that the Northern District of Illinois also permits pro se litigants to file documents with the court, including a complaint, using an online portal.

## Western District of Missouri

*United States District Court: Western District of Missouri: Filing Your Lawsuit in the Western District of Missouri: A Guide to "Pro Se" or Self-Representation (Non-Prisoners)*

"Once you have filed your initial documents and your case is on file with the court, you may file documents in your case electronically, using the Case Management/Electronic Case Filing System (CM/ECF)." P.17.

## District of Montana

*United States District Court for the District of Montana Local Rules of Procedure*

"Self-represented litigants may file electronically through Public Access to Court Electronic Records ("PACER") by registering for an account as a non-attorney filer. All filings by self-represented litigants must be done through PACER, by mail, or by in person delivery to the clerk's office." Civ. R. 1.4(b)(3). "Self-represented litigants may file electronically through PACER by registering for an account as a non-attorney filer. All filings by self-represented litigants must be done through PACER, by mail, or by in person delivery to the clerk's office." R. 83.8(c).

## District of Nebraska

*United States District Court for the District of Nebraska General Rules*

> Before electronically filing a document with the court, an attorney or a pro se party (*i.e.*, one not represented by an attorney) to a pending civil case must register for electronic filing with PACER at the following web address: https://www.pacer.gov/. *See* NECivR 5.1; NECrimR 49.1. Electronic filing registration constitutes a party's consent to electronic service and waiver of the right to service by personal service or first class mail. Once registration is complete, a login and password are issued by PACER and serve as part of the user's electronic signature on documents filed on the System. *See* NECivR 11.1; NECrimR 49.2.

R. 1.3(b)(1).

## Middle District of Pennsylvania

*U.S. District Court: Middle District of Pennsylvania: ECF: Electronic Case Files: User Manual*

"A party who is not represented by counsel may file papers with the clerk in the traditional manner, but is not precluded from filing electronically." P.5. "A person who is a party to an action who is not represented by an attorney may register as a Filing User in the Electronic Filing System solely for purposes of the action" P.8.

## Western District of Pennsylvania

*In the United States District Court for the Western District of Pennsylvania: Electronic Case Filing Policies and Procedures*

"A party who is not represented by counsel may file papers with the clerk in the traditional manner but is not precluded from filing electronically." § 2. "A person who is a party to an action who is not represented by an attorney may register as a Filing User in the Electronic Filing System solely for purposes of the action." § 3.

## District of Vermont

*United States District Court: District of Vermont: Local Rules of Procedure*

"Electronic filing is voluntary." R. 5(a).

*United States District Court: District of Vermont: Administrative Procedures for Electronic Case Filing (ECF)*

"A non-prisoner who is a party to a civil action and who is not represented by an attorney may register as an ECF user." § E(2).

*United States District Court: District of Vermont: Representing Yourself as a* Pro se *Litigant Guide*

"The court has the capacity to accept pleadings filed electronically through the Internet. A non-prisoner who is a party to a civil action and who is not represented by an attorney may submit an Electronic Case Filing (ECF) registration form." § I.D.

*United States District Court: District of Vermont: CM/ECF: Case Management Electronic Case Files Attorney User Manual*

"A non-prisoner who is a party to a civil action and who is not represented by an attorney may register as a filing user in the ECF system." P.7.

## Western District of Washington

*United States District Court for the Western District of Washington Civil Rules*

In civil cases, "Unrepresented parties may, but are not required to, electronically file documents." Civ. R. 5(d). In criminal cases, "Unrepresented parties are authorized, but are not required to, electronically file documents." Crim. R. 49(a).

*United States District Court: Western District of Washington: Pro Se Guide to Filing Your Lawsuit in Federal Court*

> Once the filing fee has been paid or the court has granted your IFP [motion], you have the option of filing documents directly into the Case Management/Electronic Case Filing System, referred to as "CM/ECF." The CM/ECF program allows you to electronically file documents in your case directly into the system—commonly known as "e-filing" —without having to

> deliver them in person or through the mail. The term, "e-file" differs from "email" in that the court does not accept pleadings via email.

P.18.

## Western District of Wisconsin

*United States District Court for the Western District of Wisconsin Local Rules*

"Unless otherwise ordered by the court, papers shall be filed, signed and served electronically as required by the Court's Administrative Procedures for Electronic Filing and Service." R. 5.

*United States District Court: Western District of Wisconsin: Electronic Filing Procedures* (webpage)

"Documents filed by pro se parties who are not Filing Users" are exempted from mandatory electronic filing. § II.C.1, www.wiwd.uscourts.gov/electronic-filing-procedures.

*United States District Court: Western District of Wisconsin: Pro Se Frequently Asked Questions* (webpage)

Can I use the court's electronic filing system?

> Yes, pro se litigants may register to file documents electronically. Please be advised that before you register for electronic filing, you must:
>
> 1. Have a pending case in this court;
> 2. Have regular access to a computer;
> 3. Have an e-mail address where you agree to receive service of all documents filed in your case and all notices issued by the court; and
> 4. Have the ability to scan or convert documents into PDF files.
>
> If permission to file electronically is granted, the clerk will provide you with a login and password to access the electronic filing system. Your documents are stored securely in an electronic format. Access to the electronic filing system is available 24 hours a day, meaning you have the ability to file documents outside of the court's normal business hours. Permission to use the electronic filing system may be withdrawn for cause.

www.wiwd.uscourts.gov/pro-se-frequently-asked-questions#Can_I_use_the_court_s_electronic_ filing_system_.

# PERMITTED WITH INDIVIDUAL PERMISSION

## Southern District of Alabama

*United States District Court: Southern District of Alabama: Pro Se Litigant Handbook*

"You may file documents with the Clerk of Court in person, by mail, or (with prior Court approval) electronically." P.27. "A judge may order that you use CM/ECF to understand what is happening with your case and to file documents." P.20.[5]

5. We are informed that the Southern District of Alabama typically allows pro se litigants

## District of Alaska

*United States District Court: District of Alaska: Local Civil Rules*

"Self-represented Litigants must file all documents conventionally, unless otherwise permitted by the court's order." Civ. R. 79.2(c)(1).

## District of Arizona

*Rules of Practice and Procedure of the U.S. District Court for the District of Arizona*

"Unless the Court orders otherwise, parties appearing without an attorney shall not file documents electronically." R. 5.5(d).

*Electronic Case Filing Administrative Policies and Procedures Manual in the United States District Court for the District of Arizona*

> Unless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office by parties appearing without an attorney must be in legible, paper form. The Clerk's Office will scan and electronically file the document.
>
> A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies referred to in the ECF Administrative Policies and Procedures Manual. If granted leave to electronically file, the pro se party must register as a user with the Clerk's Office and as a subscriber to PACER within five (5) days.
>
> A pro se party must seek leave to electronically file documents in each case filed. If an attorney enters an appearance on behalf of a pro se party, the attorney must advise the Clerk's Office to terminate the login and password for the pro se party.

§ II.B.3.

## Central District of California

*Local Rules: United States District Court: Central District of California*

According to the court's civil rules,

> After entering an appearance in a civil case, any non-incarcerated pro se litigant may seek leave of Court to use the CM/ECF System to file documents electronically in that particular case. Leave to file electronically must be sought by motion, which must demonstrate that the pro se litigant has access to the equipment and software necessary to prepare documents for filing in PDF format and to connect to the Court's CM/ECF System.

R. 5-4.1.1. "Unless otherwise ordered by the Court, pro se litigants may present documents to the Clerk for filing either in paper format or through the Court's Electronic Document Submission System." R. 5-4.2(a)(1). In criminal cases, "Unless otherwise ordered by the Court, pro se litigants shall continue to present all documents to the Clerk for filing in paper format." R. 49-

---

to have electronic filing privileges upon request, unless or until they abuse those privileges.

1.2(a)(1).

*United States District Court: Central District of California: Electronic Filing and Case Access for People Without Lawyers* (webpage)

> There are two electronic methods of submitting documents to the Court for filing. As described below, you can apply for permission to electronically file documents in a case directly into the Court's Case Management/Electronic Filing ("CM/ECF") System. You may also submit documents to the Court using the Electronic Document Submission System ("EDSS"). You do not need to seek permission to use EDSS, but it does not provide all the features of electronic filing.

www.cacd.uscourts.gov/e-filing/electronic-filing-and-case-access-people-without-lawyers#E-Filing.

*United States District Court: Central District of California: Electronic Document Submission System for People Without Lawyers* (webpage)

> EDSS [the Electronic Document Submission System] allows people who are not represented by attorneys, but who have cases pending in the United States District Court for the Central District of California (the "District Court") or who are in the process of filing a new case in the District Court, to submit documents for filing through an online portal.

apps.cacd.uscourts.gov/edss.

## Eastern District of California

*Local Rules of the United States District Court Eastern District of California*

"Any person appearing pro se may *not* utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." R. 133(b)(3).

## Southern District of California

*Electronic Case Filing Administrative Policies and Procedures Manual: United States District Court for the Southern District of California*

> Unless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office by parties appearing without an attorney must be in legible, paper form. The Clerk's Office will scan and electronically file the document.
>
> A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual. If granted leave to electronically file, the pro se party must register as a user with the Clerk's Office and as a subscriber to PACER within five (5) days.
>
> A pro se party must seek leave to electronically file documents in each case filed.

§ 2(b).

*United States District Court: Southern District of California: Representing Yourself in Federal Court (Pro Se): Electronic Filing Information* (webpage)

"If you do not have an attorney and are representing yourself, you must open your case by mail or in person. However, after your case is opened and you want to request to file electronically over the Internet ("efile"), you must file a motion." www.casd.uscourts.gov/Prose/Prose-FilingInfo.aspx.

## District of Colorado

*Civil Rules for the District of Colorado*

Pleadings and documents filed in civil cases by unrepresented prisoners must be filed in paper form. R. 5.1(b)(2). Pleadings and documents filed in civil cases by other unrepresented parties "shall be filed in paper unless the filing party obtains authorization to use electronic filing under the Electronic Case Filing Procedures . . . or the filing party e-mails documents to the clerk for filing under the procedures [provided]." R. 5.1(b)(3).

*Electronic Case Filing Procedures (Civil Cases)*

In civil cases,

> A non-prisoner pro se party may apply to register as a participant in ECF by completing an ECF Registration Form—Pro Se and submitting it, in paper, to the clerk's office. . . . The non-prisoner pro se party must have a pending case before the court. If the applicant is approved by the court, the non-prisoner pro se applicant will be required to take ECF training before a login is issued.

§ 2.2(b).

"Unless they comply with Section 2.2(b) of these procedures, non-prisoner pro se parties must file their documents in paper. Their documents will be scanned and uploaded into ECF by court staff." § 1.2(f).

*Electronic Case Filing Procedures (Criminal Cases)*

In criminal cases, "Prisoner and non-prisoner pro se parties must file their documents in paper. Their documents will be scanned and uploaded into ECF by court staff." § 1.2(g).

## District of Connecticut

*United States District Court: District of Connecticut: Electronic Filing Policies and Procedures*

"[S]elf-represented non prisoner parties may file a motion for permission to electronically file documents." § I.D.

## District of Delaware

*United States District Court: District of Delaware: Administrative Procedures Governing Filing and Service by Electronic Means*

"Upon approval of the judge, a party to a case who is not represented by an

attorney may register as a user of CM/ECF solely for purposes of the action." § (B)(4).

## District of the District of Columbia

*Rules of the United States District Court for the District of Columbia*

> A *pro se* party may obtain a CM/ECF username and password from the Clerk with leave of Court. Whether leave of Court should be granted is within the discretion of the judge to whom the case is assigned. To obtain leave of Court, the *pro se* party must file a written motion entitled "Motion for CM/ECF User Name and Password," describing the party's access to the internet, confirming the capacity to file documents and receive filings electronically on a regular basis, and certifying that he or she either has successfully completed the entire Clerk's Office on-line tutorial or has been permitted to file electronically in other federal courts.

Civ. R. 5.4(b)(2).

> A *pro se* party may obtain a CM/ECF user name and password from the Clerk with leave of Court. Whether leave of Court should be granted is within the discretion of the judge to whom the case is assigned. To obtain leave of Court, the *pro se* party must file a written motion entitled "Motion for CM/ECF User Name and Password," describing the party's access to the internet, confirming the capacity to file documents and receive filings electronically on a regular basis, and confirming that he or she either has viewed the Clerk's Office on-line tutorial or has been permitted to file electronically in other federal courts.

Crim. R. 49(b)(2).

## Middle District of Florida

*United States District Court: Middle District of Florida: Administrative Procedures for Electronic Filing*

"'E-filer' means an eligible and properly registered lawyer or pro se litigant authorized by court order to file in CM/ECF." § A.3.

> Absent a court order, a pro se litigant is not permitted to file documents in CM/ECF. If the presiding judge authorizes a pro se litigant to use CM/ECF, the pro se litigant must register in the same manner as a lawyer. Pro se litigant access is restricted to the case in which the pro se litigant has received approval from the presiding judge.

§ B.4.

## Middle District of Georgia

*United States District Court for the Middle District of Georgia Local Rules*

"Pro se parties are not authorized to file electronically without permission from the court." R. 5.0(A).

*CM/ECF Administrative Procedures for Filing, Signing, and Verifying Documents by Electronic Means: United States District Court: Middle District of Georgia*

"A *pro se* party meeting the participant requirements [for elecronic filing] may file documents electronically in a particular action. The mandatory e-filing requirements apply to pro se parties registered for PACER. A *pro se* party may not receive the benefit of electronic notice without electronically filing documents." Pp.6–7.

*United States District Court: Middle District of Georgia: Guide for Self-Represented Litigants*

"Pursuant to Local Rule 5, pro se litigants may only file electronically if they first receive permission from the court." P.7.

*United States District Court: Middle District of Georgia: Filing Without an Attorney* (webpage)

"Pursuant to Local Rule 5, pro se litigants may only file electronically if they first receive permission from the court." www.gamd.uscourts.gov/filing-without-attorney.

## District of Hawaii

*United States District Court: District of Hawaii: Representing Yourself (Pro Se)* (webpage)

"Parties representing themselves are not required to e-file, but many choose to do so, on a case-by-case basis, with advanced permission from the Judge assigned to each case." www.hid.uscourts.gov/home/pro-se.

## District of Idaho

*United States District and Bankruptcy Court: District of Idaho: Electronic Case Filing Procedures*

"Any document filed by a non-attorney *pro se* party" is among those that "shall not be filed electronically unless otherwise authorized by the Court." § 5.A. Attorneys in good standing with this Court and . . . appearing *pro se* may use their PACER account to access CM/ECF and file electronically without seeking prior Court approval." § 2.H.

## Central District of Illinois

*Local Rules: United States District Court: Central District of Illinois*

"Pro se parties are not required to register for electronic filing but may apply to the Court for leave to file electronically, and if granted, must register for electronic filing and obtain a password." R. 5.2. "Non-registered pro se parties must file all documents conventionally or by email unless these Rules provide otherwise." R. 5.4(B); *see* R. 49.5(B)(2) (similar rule for criminal cases).

*United States District Court: Central District of Illinois: Prisoner E-Filing Initiative* (webpage)

> The U.S. District Court for the Central District of Illinois has forged a partnership with the Illinois Department of Corrections to allow the electronic transmission of prisoner pleadings to the court for electronic filing by court personnel. The Central District of Illinois and Southern District of Illinois have now partnered to expand this project. Digital senders have been placed at eleven IDOC facilities and one IDHS facility for submitting filings electronically to both district courts.

www.ilcd.uscourts.gov/prisoner-e-filing.

## Southern District of Illinois

*United States District Court: Southern District of Illinois: Local Rules*

> *Pro Se* Parties: *Pro se* parties may register as a *Pro Se* Filing User in CM/ECF, but they must file a motion for permission to receive Court authorization to file electronically through CM/ECF. *Pro Se* Filing User privileges are case specific; *pro se* filers must seek prior Court approval in each unique case filed. For more information regarding pro se filings via the CM/ECF system, see Electronic Case Filing Rules 1 and 2 and the Court's *Pro Se* Litigant Guide available on the Court's website.

R. 5.1(b)(2).

*United States District Court for the Southern District of Illinois* Pro Se *Litigant Guide*

> Initially, you will not be authorized to use the Court's electronic case filing ("ECF") system and must submit your complaint to the Clerk's Office for filing . . . . However, once your complaint is filed, you may choose to file (either by hand-delivery or mail to the Clerk's Office address above) a Motion for *Pro Se* Filing User privileges which would authorize you to file pleadings through the ECF system (via login and password) on a case-by-case basis should the Court grant your request. You should review the Electronic Case Filing Rules on the Court's website prior to requesting such privileges. In the event your request is granted, you will be directed to the Court's website and the Electronic Filing Registration Form as you must register for an e-file only account via www.pacer.gov before you can utilize the ECF system. *Pro se* filers must seek prior Court approval to use the ECF system in each unique case filed.

Pp.9–10.

## Southern District of Indiana

*United States District Court: Southern District of Indiana: Local Rules*

> If authorized to file electronically pursuant to Fed. R. Civ. P. 5(d)(3)(B), the person's electronic signature in accordance with Local Rule 5-7 constitutes the person's signature on the document for purposes of the Federal Rules of Civil Procedure, including Rule 11, and these local rules, and for any

> other purpose for which the unrepresented person's signature may be required in connection with the court's activities.

R. 5-3(e).

*United States District Court: Southern District of Indiana: Representing Yourself in United States District Court* (webpage)

"The Clerk's Offices for the Southern District of Indiana are currently accepting filings by drop box and emails, in addition to in-person filings in the clerk's offices." www.insd.uscourts.gov/representing-yourself-united-states-district-court.

## Southern District of Iowa

*Local Rules of the United States District Courts for the Northern and Southern Districts of Iowa*

> All documents submitted to the Clerk of Court for filing by parties proceeding pro se must be in paper form. . . . Pro se parties who desire to file documents electronically via the ECF system in a case in which they are a party may request permission to do so by filing a motion with the court requesting such relief.

Rule 5A(c). "If a pro se party obtains court approval to participate in the ECF system, the pro se party must not knowingly cause or permit the pro se party's login or password to be utilized by any other person." R. 5A(h).

*Electronic Case Filing Procedures Manual: Procedures for Electronically Serving, Filing, Imaging, and Accessing Documents in CM/ECF for the United States District Courts for the Northern and Southern Districts of Iowa*

"Unless otherwise authorized by the court, all documents submitted to the Clerk for filing by parties proceeding pro se must be in paper form." § VI.B.

## Eastern and Western Districts of Kentucky[6]

*In the United States District Court for the Eastern and Western Districts of Kentucky: Amended Electronic Case Filing Administrative Policies and Procedures*

"A party proceeding pro se shall not file electronically, unless otherwise permitted by the court." § 2(d).

## Eastern District of Louisiana

*United States District Court: Eastern District of Louisiana: Filing Without an Attorney (Pro Se)* (webpage)

There are three ways for a pro se party to file: in person, by mail, and using the court's Electronic Document Submission System (EDSS). www.laed.uscourts.gov/filing-without-attorney-pro-se.

---

6. We are informed that the Western District of Kentucky permits email filing by pro se litigants without leave of court.

*United States District Court: Eastern District of Louisiana: Frequently Asked Questions* (webpage)

> Pursuant to the Administrative Procedures for Electronic Case Filings of the United States District Court for the Eastern District of Louisiana, only attorneys admitted to practice in this Court who have complied with Rule 2 of the Administrative Procedures are allowed to file documents using CM/ECF. Any requests for exemption to this rule must be made in the form of a formal pleading.

www.laed.uscourts.gov/pro-se/frequently-asked-questions.

*United States District Court: Eastern District of Louisiana: Electronic Document Submission System (EDSS)* (webpage)

> The Electronic Document Submission System (EDSS) is available for parties who are not represented by an attorney. Such parties may use this service to submit documents for filing with the Court. The Pro Se Unit reviews all documents submitted through the EDSS for compliance with Federal and Local Rules prior to filing them in the record.

www.laed.uscourts.gov/content/electronic-document-submission-system-edss.

## Middle District of Louisiana

*United States District Court: Middle District of Louisiana: Administrative Procedures for Filing Electronic Documents for Civil and Criminal Cases*

"Pro se filers shall file paper originals of all complaints, pleadings, motions, affidavits, briefs, and other documents that must be signed or that require either verification or an unsworn declaration under any rule or statute, unless otherwise authorized by the court." R. I.A.2. "Documents filed by pro se litigants shall be filed conventionally, unless otherwise authorized by the Court." R. I.A.3.a.

## Western District of Louisiana

*United States District Court: Western District of Louisiana: Administrative Procedures for Filing Documents for Civil and Criminal Cases*

"Pro se filers shall file all pleadings and documents in conventional paper form unless otherwise allowed by the court." § I.A.2.

*Information on Filing a Lawsuit in Federal Court Without a Lawyer: United States District Court for the Western District of Louisiana*

"If you have been granted the right to file a document electronically through the court's electronic filing system, no certificate of service is required." P.12.

## District of Massachusetts

*United States District Court: District of Massachusetts: CM/ECF: Case Management/Electronic Case Files Administrative Procedures*

"Anyone who is a party to a civil action, and not a prisoner, and who is not represented by an attorney may register as a filer in the CM/ECF system. The

party must . . . have the approval of the judicial officer assigned to the case . . . ." § E.2.

## Eastern District of Michigan

*United States District Court: Eastern District of Michigan: Electronic Filing Policies and Procedures*

"'Filing User' is an attorney or a pro se party who has been granted permission by the Court to file papers electronically over the Internet in the Eastern District of Michigan. Pro se party refers to a non-incarcerated person only." R. 1(e). "A filing user must be an attorney admitted and in good standing to practice in the Eastern District of Michigan, an attorney authorized to represent the United States Government, or a non-incarcerated *pro se* party granted permission to file on a case-by-case basis." R. 3(a).

## Western District of Michigan

*United States District Court: Western District of Michigan: Local Civil Rules*

In civil cases, "documents submitted by a person who is not a registered attorney (for example, a *pro se* litigant who is not registered under the '*Pro Se* E-Filing and Service Protocol,' posted by the clerk on the court's website)" are among those that may not be filed electronically. R. 5.7(d)(ii)(A).

*United States District Court: Western District of Michigan: Local Criminal Rules*

In criminal cases, "documents submitted by a person who is not a registered attorney (for example, a *pro se* litigant)" are among those that may not be filed electronically. R. 49.10(d)(ii)(A).

*United States District Court: Western District of Michigan: Representing Yourself* (webpage)

The following applies to civil cases: "On a case by case basis, a judge may grant the privilege of electronic filing and service to a non-prisoner *pro se* party who requests permission to do so." www.miwd.uscourts.gov/representing-yourself.

## District of Minnesota

*Civil ECF Procedures Guide: United States District Court: District of Minnesota*

> A non-prisoner pro se party may complete and sign an "Application for Pro Se Litigant to File Electronically" form. In addition to submitting the form, applicants must also obtain an individual PACER account and apply for electronic filing access with the District of Minnesota through the "Non-Attorney E-File Registration" option on PACER's website. If the application is approved, the applicant will log in through PACER to file electronically.

P.3. "Prisoner pro se parties must file their documents in paper." *Id.*

"Pro se filers (including prisoners) cannot open new cases electronically; they must submit the initiating documents in paper." P.7.

*United States District Court: District of Minnesota: Electronic Case Filing Procedures Guide: Criminal Cases*

> A non-prisoner pro se party may complete and sign an "Application for Pro Se Litigant to File Electronically" form. In addition to submitting the form, applicants must also obtain an individual PACER account and apply for electronic filing access with the District of Minnesota through the "Non-Attorney E-File Registration" option on PACER's website. If the application is approved, the applicant will log in through PACER to file electronically.

P.3. "Prisoner pro se parties must file their documents in paper." *Id.*

## District of Nevada

*Local Rules of Practice: United States District Court: District of Nevada*

"A pro se litigant may request the court's authorization to register as a filer in a specific case." R. IC 2-1(b).

## District of New Hampshire

*United States District Court: District of New Hampshire: ECF User Guide for External Filers*

"A non-prisoner who is a party to a civil action and who is not represented by an attorney may file a motion asking to be allowed to file and receive documents via ECF." P.5.

*United States District Court: District of New Hampshire: Pro Se Civil Litigation/Habeas Corpus Guide*

"A non-prisoner who is a party to a civil action and who is not represented by an attorney may file a motion to obtain an Electronic Case Filing (ECF) login and password." § H.

*United States District Court: District of New Hampshire: Filing Without an Attorney: General Information* (webpage)

"A non-prisoner who is a party to a civil action, and who is not represented by an attorney, may file a motion for permission to file documents electronically." www.nhd.uscourts.gov/general-information.

## District of New Mexico

*United States District Court: District of New Mexico: CM/ECF Administrative Procedures Manual*

> Parties who are not represented by an attorney are called "*pro se*" parties. The *pro se* party must familiarize him or herself with the District's Guide for Pro Se Litigants and comply with all applicable rules .... If a *pro se* party wishes to electronically file documents in a particular case, he or she must file a motion in paper requesting permission to do so.

§ 3(b)(3)(C).

*Guide for Pro Se Litigants: United States District Court: District of New Mexico*

> A *pro se* litigant may register for a Case Management/Electronic Case Files (CM/ECF) electronic filing account. Once an account has been approved and established, the *pro se* litigant will have the ability to electronically file documents and receive notices electronically in their cases (with a valid email address). However, approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account.

P.13.

## Northern District of New York

*United States District Court: Northern District of New York: Administrative Procedures for Electronic Case Filing*

"A non-prisoner who is a party to a civil action and who is not represented by an attorney may file a motion to obtain an Electronic Case Filing (ECF) login and password on a form prescribed by the Clerk's Office." § 12.1.

*United States District Court for the Northern District of New York Pro Se Handbook: The Manual for the Litigant Filing a Lawsuit Without Counsel*

"After your case is opened, you may file a Pro Se Motion for permission to file electronically in ECF found on the court's website at www.nynd.uscourts.gov if you meet the required qualifications, subject to judicial approval." § VI.D.

*Submitting Files to the Court via MFT* (webpage)

> What can [the Managed File Transfer (MFT)] service be used for?
>
> - Pro se litigants can electronically transmit documents to start a new case or to be filed in an existing case. All documents transmitted electronically to be filed in CM/ECF, in an existing case, should include the caption and case number on the first page of each document. (Documents submitted electronically will be filed in ECF by a member of the clerk's office. The submission date will be preserved and used for the date of the filing.) . . .
> - Attorneys can use this service to transmit files that are not able to be filed on CM/ECF. For example, attorneys can transmit digital media, including audio files and video files. If directed by a Judge, the attorney can transmit trial exhibits, deposition transcripts, documents for in camera inspection or documents for *ex parte* review for the Judge's review.
> - Members of the public can electronically transmit a written request for a service offered by the Clerk's Office (i.e. request for Transcript of Judgment, request for Certificate of Conviction, request for copy of INS "Petition for Name Change", etc.)
> - Documents that are required to be filed on CM/ECF should not be transmitted to the court with this service. A pro se litigant who has

> been granted e-filing privileges in CM/ECF should not use this service to transmit documents to be filed.

www.nynd.uscourts.gov/submitting-files-court-mft.

## Southern District of New York

*United States District Court: Southern District of New York: Electronic Case Filing Rules & Instructions*

> The Court may permit or require a *pro se* party to a pending civil action to register as a Filing User in the ECF system solely for purposes of that action. Registration is in a form prescribed by the Clerk and requires identification of the action as well as the name, address, telephone number and Internet e-mail address of the party.

§ 2.2(a). *See* Motion for Permission for Electronic Case Filing, www.nysd.uscourts.gov/sites/default/files/2019-04/2012-prosemotionecffiling-final.pdf.

## Western District of New York

*Administrative Procedures Guide for Electronic Filing: United States District Court: Western District of New York*

"Typically only registered attorneys, as Officers of the Court, will be permitted to file documents electronically. A Judicial Officer may, at his or her discretion, grant a pro se litigant who demonstrates a willingness and capability to file documents electronically, permission to register to do so." P.3.

*United States District Court: Western District of New York: Pro Se E-Filing* (webpage)

"You must submit a motion for electronic filing privileges to the judge assigned to your case and wait for the judge to approve it. You shall download and fill in the sample motion and registration form located on the Court's internet site at http://www.nywd.uscourts.gov/pro-se-forms." www.nywd.uscourts.gov/pro-se-e-filing.

## Middle District of North Carolina

*Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina*

"Upon the approval of the assigned Judge, a party to a case who is not represented by an attorney may register as a CM/ECF Filing User in the CM/ECF System solely for the purpose of the action." R. 5.3(c)(2). "*Pro se* parties are exempted from the requirement of filing documents electronically. *Pro se* parties must file documents in person at the Clerk's Office or by mail, and any person appearing pro se may use electronic filing only with the permission of the assigned Judge." R. 11.1(c).

*CM/ECF User Manual: Middle District of North Carolina*

"Pro se parties, in accordance with Local Rules 5.3(c)(2) and 11.1(c), must file a motion seeking permission from the Court to register as a CM/ECF user."

## Northern District of Ohio

*The United States District Court for the Northern District of Ohio Local Rules*

> While parties and pro se litigants may register to receive "read only" electronic filing accounts so that they may access documents in the system and receive electronic notice, typically only registered attorneys, as Officers of the Court, will be permitted to file electronically. The Judicial Officer may, at his or her discretion, grant a pro se litigant who demonstrates a willingness and capability to file documents electronically permission to register to do so.

R. 5.1(c), 49.2(c).

## Southern District of Ohio

*Local Civil and Criminal Rules: United States District Court: Southern District of Ohio*

"Except as provided herein or unless otherwise authorized by a Judge, all documents shall be filed electronically as a searchable text PDF using the ECF system except that documents filed by *pro se* litigants may be filed on paper." R. 5.1(c).

*United States District Court: Southern District of Ohio: CM/ECF Procedures Guide*

"After making a first appearance, non-incarcerated pro se parties may seek leave of Court to file electronically (e-file) with CM/ECF." § 1.2.

## Northern District of Oklahoma

*Local Rules: United States District Court for the Northern District of Oklahoma*

"Pro se parties must not file electronically unless authorized by the Court. If the Court permits, a pro se party may register as a CM/ECF user solely for the purpose of a particular action." Gen. R. 2-1. "Pro se parties not authorized to file electronically may file papers in compliance with the Procedure for Pro Se Email Filing, available on the Court's website." Gen. R. 2-3.

*United States District Court: Northern District of Oklahoma: CMECF Administrative Guide*

"As a matter of routine practice, approved litigants proceeding pro se will not be authorized to file electronically. If the Court permits, a pro se party may register as a CM/ECF User solely for purposes of the action." P.1.

*United States District Court: Northern District of Oklahoma: Pro Se Email Filing*

> Pro Se Email Filing:
> - must only be made by a pro se litigant,
> - must only be used for an existing civil action in this Court in which the pro se litigant is a party not authorized to file electronically,

- must not be used to initiate a new action or to submit criminal documents for filing, and
- must be made in accordance with the instructions and requirements set forth below.

P.1.

## District of Oregon

*United States District Court for the District of Oregon Local Rules of Civil Procedure*

"A self-represented party who is not incarcerated may apply to the assigned judge for permission to become a Registered User by submitting a request to e-file." R. 5-1(a)(2). A "registered user" is "[a]n attorney or self-represented litigant who has been granted e-filing privileges in CM/ECF." R. 1-5(l).

*United States District Court for the District of Oregon Local Rules of Criminal Procedure*

"A self-represented party who is not incarcerated may apply to the assigned judge for permission to become a Registered User in his or her specific case." Crim. R. 49-4(b).

*U.S. District Court: District of Oregon: CM/ECF User Manual* (webpage).

"Self-represented parties wishing to e-file should follow the instructions on the Court's website regarding registering for CM/ECF access as a self-represented party." ord.uscourts.gov/index.php/filing-and-forms/cm-ecf/user-manual (section 3).

*Handbook for Self-Represented Parties: United States District Court for the District of Oregon*

> In the District of Oregon, non-prisoner self-represented parties who wish to e-file must register with PACER and fill out and submit a Pro Se Party Application for CM/ECF Registration. Detailed instructions about how to apply for permission to be a Registered User are available on the Court's website: www.ord.uscourts.gov.
>
> If the Court approves your application, you will be a "Registered User" in your case. As a Registered User, you would be able to e-file documents in your case.

P.18.

*U.S. District Court: District of Oregon: Representing Yourself: Applying to E-File in Your Case* (webpage)

"As a non-prisoner self-represented party, you may apply for a CM/ECF user account that will allow you to file documents electronically with the Court and to receive electronic service via e-mail of filings in your case." ord.uscourts.gov/index.php/representing-yourself/applying-to-e-file-in-your-case.

## Eastern District of Pennsylvania

*United States District Court for the Eastern District of Pennsylvania Local Rules of Civil Procedure*

> Unrepresented litigants are required to file their documents: (1) in paper form; (2) by using the Court's Electronic Document Submission tool available on the home page domain of the Court's website; (3) via the ECF System if they receive court permission to use the System under Local Civil Rule 5.1.2(3)(b); or (4) any other electronic means authorized by standing order of the Court.

R. 5.1.2(2)(d).

> Upon the approval of the judge, a party to a case who is not represented by an attorney must create a PACER account in order to register as an ECF Filing User in the ECF System solely for purposes of the action, but may not file a complaint or other case opening documents.

R. 5.1.2(3)(b).

*Electronic Document Submission (EDS)* (webpage)

"Electronic Document Submission (EDS) is a service that may be used by self-represented litigants without CM/ECF privileges for filing a new civil case or for filing documents in existing civil, criminal or miscellaneous cases, as an alternative to mailing or bringing the documents to the courthouse." www.paed.uscourts.gov/pro-se/pro-se-eds.

## District of Puerto Rico

*United States District Court for the District of Puerto Rico: Local Rules*

> Filing. Pleadings or other papers shall be filed with the court by means of the CM/ECF system.
>
> (e) Unrepresented parties (*pro se*) shall not file pleadings or other papers electronically unless allowed to do so by court order.
>
> (f) Unrepresented parties shall file pleadings and other papers in person, by US mail or private carrier.

R. 5(a).

*United States District Court: District of Puerto Rico: Civil Pro Se Litigant Guidebook*

"Pro se litigants generally submit their documents in paper, and Court personnel scans them for electronic filing." P.2.

## District of Rhode Island

*United States District Court: District of Rhode Island: Local Rules Governing Electronic Case Filing*

> A non-incarcerated *pro se* litigant in a pending case may apply to the Court for permission to file and receive documents electronically on a form prescribed by the Clerk's Office. If the Court grants a *pro se* litigant permission to file documents electronically, that permission is limited to the case

specified, and the Court may withdraw that permission at any time during the pendency of a case.

Gen. R. 302(b).

*United States District Court; District of Rhode Island: Forms* (webpage)

Among the forms posted on the court's website is a "Pro Se Motion to Become an ECF Filing User." www.rid.uscourts.gov/forms/all-forms; *see* www.rid.uscourts.gov/sites/rid/files/documents/forms/Prose_ECF_Motion.pdf.

### District of South Dakota

*CM/ECF (Case Management/Electronic Case files) User Manual and Administrative Procedures: United States District Court: District of South Dakota*

["N]on-prisoner pro se parties may register for e-filing privileges, which may be granted on a case-by-case basis by the court." P.7.

### Eastern District of Tennessee

*Electronic Case Filing Rules and Procedures of the United States District Court for the Eastern District of Tennessee*

"A party to an action who is not represented by an attorney may, with the Court's permission, register as an E-Filer solely for purposes of that action." § 5.

### Middle District of Tennessee

*United States District Court: Middle District of Tennessee: Administrative Practices and Procedures: Electronic Case Filing*

"Pro Se Parties may, with the Court's permission, register as a Filing User solely for purposes of filing documents in their case." § 6.3. "Parties not represented by an attorney ("Pro Se Parties") must file case initiating documents (i.e., complaints, petitions, notices of removal, etc.) in hard-copy by delivering the documents to the Clerk's Office by mail or in person." § 4.5.

*United States District Court: Middle District of Tennessee: Pro Se Handbook for Nonprisoner Federal Civil Actions*

"Pro se litigants must get permission from the Court to join the e-filing system. If you receive permission, you must complete training on electronic filing provided by Court personnel. Training is offered at the courthouse on a regular basis." P.32.

### Eastern District of Texas

*United States District Court for the Eastern District of Texas Local Rules*

"With court permission, a *pro se* litigant may register as a Filing User in the Electronic Filing System solely for purposes of the action." R. CV-5(2)(B). "All pleadings and documents submitted in criminal cases must conform to the

filing, service, and format requirements contained in Local Rules CV-5, CV-10, and CV-11." R. CR-49(a).

## Southern District of Texas

*Local Rules of the United States District Court for the Southern District of Texas*

"Except as expressly provided or unless permitted by the presiding Judge, the Court requires documents being filed to be submitted, signed or verified by electronic means that comply with the procedures established by the Court." R. 5.1. Self-represented litigants may move for permission to file electronically.

## District of the Virgin Islands

*Local Rules of Civil Procedure of the District Court of the Virgin Islands*

"If the Court permits, a party to a pending civil action who is eligible to proceed *pro se* may register as a Filing User in the Electronic Filing System solely for purposes of the action on a form prescribed by the Clerk . . . ." R. 5.4(b)(2).

*District Court of the Virgin Islands Non-Prisoner Pro Se Litigant Guide: Filing a Civil Action in Federal Court*

"Pursuant to Local Rule 5.4(b)(2), pro se applicants may be granted access to CM/ECF. Contact the Clerk's Office for necessary procedures." P.5.

> *Pro se* litigants meeting the necessary technical requirements may request permission to participate in electronic case filing ("e-filing"). Local Rule of Civil Procedure 5.4(b)(2) authorizes the Court to grant an e-filing request at the Court's discretion. If you would like to request permission to participate in e-filing, you must file a Motion for Permission to Use Electronic Case Filing and an ECF Registration Form, in addition to the above documents.

P.9.

*NextGen CM/ECF Registration Guide for Non-Attorney Filers*

> It is not mandatory for a non-attorney filer to electronically file documents in CM/ECF. However, pursuant to LRCi 5.4(b), a non-attorney filer electing to file through CM/ECF must register and obtain permission to file using CM/ECF. It is important to note that pursuant to LCRi 5.4(b)(4), registration as a filing user constitutes consent to electronic service of all documents.

P.1.

## Western District of Virginia

*Administrative Proceedings for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means: United States District Court: Western District of Virginia*

> Non-incarcerated parties to a civil action who are proceeding *pro se* may be permitted to submit documents or pleadings electronically only with the approval of the judge assigned to their case. Once authorized by the court,

*pro se* users will register in the same manner as provided in these procedures for an attorney.

§ C.5. "Unrepresented incarcerated parties will not be permitted to submit documents or pleadings electronically." § C.6.

## Eastern District of Washington

*United States District Court: Eastern District of Washington: ECF Administrative Procedures: Procedures for Filing, Signing, Verifying, and Maintaining Pleadings and Other Papers in the Electronic Case Filing (ECF) System*

"Self-represented filers (pro se) may, but are not required to, electronically file documents and register in the [court's CM/ECF] System." § III.B.3.

> A non-prisoner who is a party to a civil action and who is not represented by an attorney may file a motion to obtain a ECF Filing Authorization on a form prescribed by the clerk's office. Only after the court has granted such a motion may a pro se party attempt to register for ECF.

§ IV.A.2.a.

> Prisoner Procedures
>
> a. A prisoner who is a party to a civil action, is not represented by an attorney and resides in a correctional facility that participates in the prison electronic filing initiative is required to adhere to the procedures established in General Orders 15-35-1 and 16-35-1, absent a court order to the contrary.
>
> b. Prisoners who reside in correctional facilities that do not participate in the prison electronic filing initiative are not eligible to register or participate in electronic filing.

§ IV.A.3.

*United States District Court: Eastern District of Washington: Filing Information* (webpage)

"Unless you are authorized by the court, all documents submitted for filing must be in paper form. To obtain court authorization for electronic filing, you may file a motion to obtain Electronic Case Filing Authorization using the motion form prescribed by the Clerk's Office." www.waed.uscourts.gov/filing-information.

## Northern District of West Virginia

*United States District Court for the Northern District of West Virginia Local Rules*

"Because *pro se* parties are not electronic filers, parties must serve *pro se* parties traditionally with paper." Civ. R. 7.02(d). "Unless and until the administrative rules are changed, pro se litigants are prohibited from using CM/ECF in the Northern District of West Virginia" Prisoner Litig. R. 8. "All electronic filings shall be governed by these Local Rules and this Court's Administrative Procedures for Electronic Case Filing, provisions of which are incorporated by

reference herein, and which may be amended from time to time." Gen. R. 5.03(b).

*United States District Court for the Northern District of West Virginia Administrative Procedures for Electronic Case Filing*

"Non-prisoner pro se parties may file electronically only upon express permission of the Court." § XI.A. "Unrepresented incarcerated parties will not be permitted to submit documents or pleadings electronically." § V.F.

### Southern District of West Virginia

*Administrative Procedures for Electronic Case Filing: United States District Court: Southern District of West Virginia*

"Non-prisoner pro se filers may be permitted to file electronically only when permission of the court has been requested, and the court has granted such request by Order" § 3.1.1.2. "Incarcerated pro se filers are not permitted to file electronically." § 3.1.1.1.

*United States District Court: Southern District of West Virginia: Pro Se Handbook*

"Non-prisoner pro se filers may be permitted to file electronically only when permission of the Court has been requested, and the Court has granted such request by Order. . . . Incarcerated pro se filers are not permitted to file electronically." § 5.4.

### Eastern District of Wisconsin

*United States District Court for the Eastern District of Wisconsin Local Rules*

"Pro se litigants are exempted from the electronic filing requirements . . . and are permitted to file original paper." Gen. R. 5(a)(2).

*United States District Court: Eastern District of Wisconsin: Electronic Case Filing Policies and Procedures Manual*

"Parties proceeding *pro se* cannot file electronically unless authorized by the court." § I.A.1.

## PROHIBITED

### Middle District of Alabama

*Civil Cases: Administrative Procedures for Filing, Signing, and Verifying Pleadings and Documents in the District Court Under the Case Management/Electronic Case Files (CM/ECF) System in the United States District Court for the Middle District of Alabama*

"Parties proceeding pro se . . . shall not file electronically." § I.E.1.

*Criminal Cases: Administrative Procedures for Filing, Signing, and Verifying Pleadings and Documents in the District Court Under the Case Management/Electronic Case Files (CM/ECF) System in the United States District Court for the Middle District of Alabama*

"Parties proceeding pro se . . . shall not file electronically." § I.E.1.

## Northern District of Alabama

*Civil Cases: Administrative Procedures for Filing, Signing, and Verifying Pleadings and Documents in the District Court Under the Case Management/Electronic Case Files System in the United States District Court for the Northern District of Alabama*

"Parties proceeding pro se shall not file electronically." § I.E.1.

*Criminal Cases: Administrative Procedures for Filing, Signing, and Verifying Pleadings and Documents in the District Court Under the Case Management/Electronic Case Files System in the United States District Court for the Northern District of Alabama*

"Parties proceeding pro se shall not file electronically." § I.E.1.

## Eastern District of Arkansas

*Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas*

"A person not represented by an attorney is generally not allowed to electronically file and must submit paper for filing. Electronic filing is only permitted by court order." R. 5.1.

*CM/ECF Administrative Policies and Procedures Manual for Civil Filings: United States District Court: Eastern District of Arkansas*

"Pro se parties shall not be permitted to file electronically." § I.B.

*CM/ECF Administrative Policies and Procedures Manual for Criminal Filings: United States District Court: Eastern District of Arkansas*

"Pro se parties shall not be permitted to file electronically." § I.B.

## Western District of Arkansas

*Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas*

"A person not represented by an attorney is generally not allowed to electronically file and must submit paper for filing. Electronic filing is only permitted by court order." R. 5.1.

## Northern District of Florida

*Northern District of Florida Administrative Order in re Electronic Case Filing* (November 28, 2003)

"*Pro se* litigants who are not attorneys must file all documents with the court in paper form." § 14.

## Southern District of Florida

*Case Management: Electronic Case Filing: CM/ECF NextGen Administrative Procedures: Southern District of Florida*

A "user" is "anyone (including attorneys, the Court, and the Clerk of the Court) who is authorized to use the CM/ECF system in the Southern District of Florida." § 1A. "Pro se litigants will not be permitted to register as Users at this time and must file their documents in the conventional manner." § 2C.

## Northern District of Georgia

*Northern District of Georgia Revised Electronic Case Filing Standing Order and Administrative Procedures*

"A party proceeding *pro se* shall not file electronically unless the party is an attorney in good standing admitted to practice before this Court." § I.A.2.

## Southern District of Georgia

*United States District Court Southern District of Georgia: Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means*

"A party proceeding *pro se*, unless that party is an attorney in good standing and admitted to practice before the Bar of this Court, shall not file electronically." § I.A.5.

*United States District Court: Southern District of Georgia: CM/ECF Frequently Asked Questions* (webpage)

Can any member of the public use CM/ECF to file documents with the court?

> No. Access to the filing portion of CM/ECF is available to authorized attorneys only. Authorization is provided by each individual court.

www.gasd.uscourts.gov/court-info/faq#canmemberfile.

## District of Guam

*United States of America District Court of Guam: Case Management: CM/ECF: Electronic Case Files: Administrative Procedures for the Electronic Filing, Signing, Verifying, and Serving of Civil, Criminal, and Bankruptcy Documents*

"Non-ECF Users, including pro se parties, shall continue to file documents

conventionally by submitting paper documents to the court." P.5.

## Northern District of Indiana

*CM/ECF Civil and Criminal User Manual: Electronic Means for Filing, Signing and Verification of Documents: United States District Court: Northern District of Indiana*

"While all parties, including those proceeding pro se, may register to receive 'read only' PACER accounts, only registered attorneys, as officers of the court, are permitted to file electronically at this time." Introduction. Documents filed by pro se litigants are among those that "shall be filed conventionally and not electronically unless specifically authorized by the Court." § III.A.4.

## Northern District of Iowa

*Local Rules of the United States District Courts for the Northern and Southern Districts of Iowa*

> All documents submitted to the Clerk of Court for filing by parties proceeding pro se must be in paper form. . . . Pro se parties who desire to file documents electronically via the ECF system in a case in which they are a party may request permission to do so by filing a motion with the court requesting such relief.

Rule 5A(c). Pro se parties are not permitted to register as ECF filers; instead they may be granted permission to email filings to the clerk's office for electronic filing.

*Electronic Case Filing Procedures Manual: Procedures for Electronically Serving, Filing, Imaging, and Accessing Documents in CM/ECF for the United States District Courts for the Northern and Southern Districts of Iowa*

"Unless otherwise authorized by the court, all documents submitted to the Clerk for filing by parties proceeding pro se must be in paper form." § VI.B.

## District of Maine

*Administrative Procedures Governing the Filing and Service by Electronic Means: United States District Court: District of Maine*

"A non-prisoner who is a party to a civil action and who is not represented by an attorney may register to receive service electronically and to electronically transmit their documents to the Court for filing in the ECF system." R. (b)(2) (using the expression "electronically transmit" to refer to transmission by email). "Non-prisoner pro se litigants in civil actions may register with ECF or may file (and serve) all pleadings and other documents in paper" R. (o).

*Electronic Case Files User Manual: District of Maine*

"A non-prisoner who is a party to a civil action and who is not represented by an attorney may register to transmit documents electronically to the Court for filing and to receive electronic notification of filings from the ECF System." P.7.

## District of Maryland

*United States District Court for the District of Maryland Electronic Case Filing Policies and Procedures Manual*

> Only an active member in good standing of the bar of this Court or an attorney entitled by statute or Local Rule to practice without being a member of our bar may file electronically. Electronic filing via CM/ECF by self-represented parties is not permitted. Instead, self-represented litigants may submit documents for filing electronically through Electronic Document Submission System (EDSS).

§ II.A.1.

*United States District Court for the District of Maryland Electronic Document Submission System Administrative Procedures*

"EDSS is only available for use by self-represented litigants. Parties represented by counsel must file documents through counsel electronically via CM/ECF or by any other method approved or directed by the Court. Incarcerated litigants are not permitted to use EDSS." § I.

*United States District Court: District of Maryland: Electronic Document Submission System (EDSS)* (webpage)

"Electronic Document Submission System (EDSS) is a service that may be used by self-represented parties who would like to electronically submit documents in civil cases for filing by the Clerk's Office as an alternative to mailing or bringing the documents to the courthouse." www.mdd.uscourts.gov/content/electronic-document-submission-system-edss.

## Northern District of Mississippi

*Administrative Procedures for Electronic Case Filing*

"Only attorneys admitted to practice in this court, including attorneys admitted under the pro hac vice provisions of the local rules of this district, may register as ECF Filing Users. No other person may register as an ECF Filing User." § 11(A). "While all parties, including those proceeding pro se, may register with PACER to receive 'read only' accounts, only registered attorneys, as officers of the court, are permitted to file electronically. Pro se (Non-Prisoner) parties may consent to receive electronic notice of the filing of documents." § 1(B).

## Southern District of Mississippi

*United States District Court: Southern District of Mississippi: Administrative Procedures for Electronic Case Filing*

No one other than an attorney admitted to practice before the court "may register as an ECF user, even if he or she is a party proceeding *pro se*. § 2(A). "[O]nly registered attorneys, as officers of the court, are permitted to file electronically." § 1(B). "Documents filed by pro se litigants will be filed conventionally." § 6(A)(3).

## Eastern District of Missouri

*United States District Court: Eastern District of Missouri: Local Rules*

"Filings shall be made by means of the Court's electronic case filing system, except by self-represented litigants and by attorneys who have been granted an exemption from electronic filing. Registration with the Court shall be required to obtain an attorney login and password." R. 2.10.

*United States District Court: Eastern District of Missouri: Case Management/Electronic Case Filing (CM/ECF) Procedures Manual*

"Pro se litigants will submit all documents for filing in paper format or will send filings via email . . . ." § III.A.

*United States District Court: Eastern District of Missouri: CM/ECF*

"At this time, Self-Represented Litigants (parties who are not represented by an attorney) are not permitted to file cases or documents electronically." www.moed.uscourts.gov/cmecf.

## District of New Jersey

*The United States District Court for the District of New Jersey: Electronic Case Filing Policies and Procedures*

"A party who is not represented by counsel must file documents with the Clerk as a Paper Filing." § 4.

*United States District Court: District of New Jersey: ADS—Pro Se Submission System* (webpage)

> Alternate Document Submission (ADS) is a District of New Jersey service that may be used by self-represented litigants without CM/ECF privileges for filing a new civil case or for filing documents in existing civil, criminal or miscellaneous cases, as an alternative to mailing or bringing the documents to the courthouse. Using ADS is the electronic equivalent of mailing your document(s) to the Court for filing on CM/ECF. You are not required to use ADS. You may continue to elect to submit documents by one of the other filing methods provided for self-represented litigants: by mail; by placing them in the drop box in one of the courthouse lobbies; or delivering them in person at the Clerk's Office.

www.njd.uscourts.gov/ads---pro-se-submission-system.

## Eastern District of New York

*United States District Court: Eastern District of New York: Instructions for Pro Se Registration and Consent for Electronic Service of Orders and Notices Issued by the Court in Civil Cases*

"Electronic service does not allow you to file documents electronically and does not mean that you can serve documents by e-mail to the opposing party. You must continue to file all communications regarding your case in paper copy with the Court and to serve the opposing party." P.1.

## Eastern District of North Carolina

*United States District Court: Eastern District of North Carolina: Local Civil Rules of Practice and Procedure*

"Only an attorney who is registered in CM/ECF may file documents electronically." Civ. R. 5.1(b)(1). "An unrepresented party who is not incarcerated may register to be a receiving user of CM/ECF. A receiving user receives notices of filings by email instead of regular mail but may not file electronically." Civ. R. 5.1(b)(2).

*United States District Court: Eastern District of North Carolina: Local Criminal Rules of Practice and Procedure*

"Only an attorney who is registered in CM/ECF may file documents electronically." Crim. R. 49.1(b).

*Representing Yourself in a Civil Case: A Guide for the Pro Se Litigant: United States District Court: Eastern District of North Carolina*

> If you would like to receive documents electronically, and not by mail, you must (1) sign up for a PACER login and password and (2) complete and sign the Pro Se Consent & Registration Form to Receive Documents Electronically. Registering to receive documents electronically does not allow you to electronically file your documents.

P.13.

*United States District Court for the Eastern District of North Carolina Electronic Case Filing Administrative Policies and Procedures Manual*

"A pro se party who is not incarcerated may consent to be a receiving user of CM/ECF. A receiving user receives notices of filings by email instead of by regular mail, but may not file electronically." § II.A.2.

## Western District of North Carolina

*United States District Court: Western District of North Carolina: Administrative Procedures Governing Filing and Service by Electronic Means*

"Parties proceeding pro se shall not file electronically." § I.A.1.

*United States District Court: Western District of North Carolina: Pro Se Litigant Guide*

> The court requires pro se parties to submit or file an original of each pleading with the Clerk of Court. Clerk's staff will file stamp the document, scan the document into a pdf document and electronically file the document on the court's electronic case docket. Notice of this electronic filing will be emailed to the assigned judge. Pro se parties may file pleadings with the court in person or by mail.

§ G.

## District of North Dakota

*United States District Court for the District of North Dakota Administrative Policy Governing Electronic Filing and Service*

"A *pro se* party may not register to use the ECF system." § II(A).

## District of the Northern Mariana Islands

*United States District Court for the Northern Mariana Islands Local Rules*

"The Clerk's Office will accept filings by e-mail from pro se parties except for the filing of the initial documents, including the complaint and the service of summons." R. 5.3.

*Administrative Procedures for Electronic Filing and Electronic Service for the United States District Court for the Northern Mariana Islands*

"Pro se parties and attorneys prohibited from accessing the Court's electronic filing system may register as E-mail Filers." § 2.

## Eastern District of Oklahoma

*United States District Court: Eastern District of Oklahoma: General Order 24-9* (Nov. 13, 2024)

"[A]ll pleadings filed by pro se parties must either be mailed to the Court or delivered to the Court's intake counter in person. . . . Any requests for an exception to this policy must be made in writing to the presiding judge."

*CM/ECF Administrative Guide: United States District Court for the Eastern District of Oklahoma*

"Pro se litigants and other non-CM/ECF users shall file paper originals and one copy of all complaints, pleadings, motions, affidavits, briefs, and other documents. The Clerk will scan these original documents and upload to the CM/ECF System." P.25.

## Western District of Oklahoma

*United States District Court: Western District of Oklahoma: Electronic Filing Policies & Procedures Manual*

"Litigants proceeding *pro se* (without attorney representation) may not file electronically." § I.A.1.

## District of South Carolina

*Electronic Case Filing Policies and Procedures: District of South Carolina*

"Only attorneys admitted in this district or counsel in multi-district litigation transferred to this district may be *Filing Users*." § 1.3. "A *Pro Se Party* may not register as a *Filing User* to file electronically in the *ECF System*. A *Pro Se Party* shall file papers in the *Traditional Filing Method*." § 3.3.

## Western District of Tennessee

*United States District Court for the Western District of Tennessee Electronic Case Filing (ECF) Policies & Procedures*

> A party who is not represented by an attorney shall file papers in the traditional filing method either by personal delivery to the clerk's office or via mail. An attorney member of the Western District Court Bar who represents himself or herself Pro Se is NOT exempt from the electronic filing of documents, unless he or she has been otherwise excused by order of court from the electronic filing of documents due to substantial and undue hardship.

§ 3.3.

## Western District of Texas

*United States District Court: Western District of Texas: Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases*

"An eligible Pro Se Litigant may file papers with the clerk by Traditional Filing, but is not precluded from filing electronically as approved by the Court." § 6.a. "A Pro Se Litigant who is incarcerated or on probation or supervised release may not participate in the Electronic Filing System and must file all documents by Traditional Filing." § 2.l.

*United States District Court: Western District of Texas: A Step-by-Step Guide to Filing a Civil Lawsuit in the United States District Court for the Western District of Texas*

> In certain circumstances, an individual who is not an attorney can receive permission to file documents electronically, as provided in the Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, ("Electronic Filing Procedures") posted on the court's web site (see www.txwd.uscourts.gov) and available through the Clerk's Office.

P.7.

*United States District Court: Western District of Texas: Electronic Submission for Pro Se Filers* (webpage)

The court maintains an electronic dropbox, which may be used by parties who are not authorized to file electronically. www.txwd.uscourts.gov/filing-without-an-attorney/electronic-filing-for-pro-se/.

## District of Utah

*District of Utah Local Civil Rules*

"An unrepresented party may register to email documents to the Clerk's Office for filing and to receive email notification of case activity." Civ. R. 5-1(b)(1)(A).

*District of Utah ECF Procedures Manual*

"An unrepresented party may return a completed Email Filing and Electronic Notification Form for Unrepresented Parties to the Clerk's Office to sign up

to email file and receive Notices of Electronic Filing (NEF)." § I.B.1.

*United States District Court for the District of Utah Pro Se Litigant Guide*
"Pro Se parties may file documents with the court in person or by mail. Parties may also ask the court for permission to file and receive notice by email." P.12.

## Eastern District of Virginia

*United States District Court: Eastern District of Virginia: Electronic Case Filing Policies and Procedures*
"Although pro se litigants are prohibited from filing documents electronically and are not issued ECF filing log ins and passwords, pro se litigants who are not currently incarcerated have the option to receive documents in their cases electronically (by e-mail) instead of by regular mail." P.12. Documents filed by pro se litigants are among the "[e]xceptions to electronic case filing [that] must be filed as unbound paper documents." P.23.

*United States District Court for the Eastern District of Virginia Pro Se Reference Handbook*
"Although pro se litigants are prohibited from filing documents electronically and are not issued ECF filing log ins and passwords, pro se litigants who are not currently incarcerated have the option to receive documents in their cases electronically (by e-mail) instead of by regular mail." P.7

## District of Wyoming

*United States District Court District of Wyoming CM/ECF Procedures Manual*
"*Pro se* parties may not use ECF or e-mail and must file all their documents conventionally. These documents will be scanned and docketed by Clerk's Office staff." § II.D.iii.[7]

7. We are informed that the District of Wyoming now allows pro se litigants to submit filings by email.

# Federal Courts'

# Electronic Filing by Pro Se Litigants

Federal Judicial Center
2022

This Federal Judicial Center publication was undertaken in furtherance of the Center's statutory mission to conduct and stimulate research and development for the improvement of judicial administration. While the Center regards the content as responsible and valuable, this publication does not reflect policy or recommendations of the Board of the Federal Judicial Center.

*This report was produced at U.S. taxpayer expense.*

# FEDERAL COURTS' ELECTRONIC FILING BY PRO SE LITIGANTS

Tim Reagan, Carly Giffin, and Roy Germano
Federal Judicial Center 2022

We learned from several dozen federal clerks of court and members of their staffs that pro se litigants[1] are sometimes able to file electronically using the federal courts' Case Management/Electronic Case Files (CM/ECF) system, but many courts are hesitant to allow pro se filing in CM/ECF. Prisoners have limited access to the internet at most, so it is seldom feasible for them to use CM/ECF.

Many courts accept filings from pro se litigants, including prisoners, by electronic submission: email, PDF upload, or online form. Like paper submissions, the electronic submissions are docketed as electronic filings by the court's staff. Concerns about malware and cost are among the reasons that courts have not embraced more extensively electronic submission alternatives to CM/ECF.

We conducted this research at the request of the federal rules committees' working group on pro se electronic filing. The most salient rules-related lessons of this research are (1) perhaps paper filers should not be required to serve their filings on parties already receiving electronic service; and (2) because electronic filing is sometimes understood to mean filing using CM/ECF and sometimes understood to mean submitting filings electronically, such as by email, perhaps the rules should clarify their references to electronic filing.

## Contents

**Method**

Important Distinctions 3
Interview Questions 3
Court Selection 4

**Observations**

Electronic Filing by Attorneys 5
Pro Se Filing in the Courts of Appeals 6
Nonprisoner Civil Cases 7
Electronic Filing in Civil Cases by Prisoners 8
Criminal Cases 8
Pro Se Electronic Filing in Bankruptcy Cases 8
Electronic Submission 9
Physical Drop Boxes 10
Filing Fees 10
Signatures 11
Electronic Notice and Service 11
Information About Individual Courts 11

**Courts of Appeals**

First Circuit 11
Sixth Circuit 12
Ninth Circuit 13
Tenth Circuit 13

1. We use the expression "pro se," but we recognize the growing trend to use less jargony expressions, such as "self represented," "unrepresented," "not represented," "uncounseled," "lawyerless," "without an attorney," and "without counsel." The legal community has not yet settled on a preferred alternative to "pro se," and we have declined to weigh in.

Federal Circuit 14

**Combined District and Bankruptcy Courts**

District of Columbia 15
District of Idaho 16
Western District of Missouri 17
District of the Northern Mariana Islands 18
District of Vermont 18
District of the Virgin Islands 19

**District Courts**

Northern District of Alabama 20
Southern District of Alabama 21
District of Arizona 22
Eastern District of Arkansas 23
Western District of Arkansas 23
Eastern District of California 24
District of Colorado 25
District of Delaware 26
Northern District of Florida 27
Southern District of Georgia 27
Northern District of Illinois 28
Southern District of Illinois 29
Southern District of Indiana 29
District of Kansas 30
District of Maine 31
District of Massachusetts 32
District of Minnesota 33
District of Nebraska 34
Northern District of New York 35
Southern District of Ohio 35
Western District of Oklahoma 36
District of Oregon 37
Eastern District of Pennsylvania 38
Western District of Pennsylvania 39
District of Puerto Rico 40
Middle District of Tennessee 40
Eastern District of Texas 41
Northern District of Texas 42
District of Utah 43
Eastern District of Virginia 44
Eastern District of Washington 44
Western District of Washington 45
Western District of Wisconsin 46

**Bankruptcy Courts**

Northern District of Alabama 47
Central District of California 48
District of Delaware 49
Middle District of Georgia 49
District of Hawaii 50
Central District of Illinois 51
Northern District of Indiana 52
District of Kansas 52
Eastern District of Kentucky 53
Eastern District of Louisiana 54
District of Massachusetts 55
Eastern District of Missouri 55
District of Nebraska 56
District of New Jersey 57
District of New Mexico 57
Southern District of New York 58
Western District of New York 59
Western District of North Carolina 60
Northern District of Oklahoma 60
Western District of Oklahoma 61
District of Oregon 61
Eastern District of Pennsylvania 62
Middle District of Pennsylvania 63
Western District of Pennsylvania 64
District of Rhode Island 65
District of South Carolina 66
District of South Dakota 66
Eastern District of Tennessee 67
Western District of Tennessee 67
Eastern District of Texas 68

Eastern District of Virginia 69
Western District of Virginia 70
Northern District of West Virginia 70
District of Wyoming 71

**Appendices**

Electronic Self Representation Confirmation Letter 73
Electronic Self Representation Procedural Charts 76

## Method

*Important Distinctions*

We kept four distinctions in mind:

1. *Case Initiation.* There is a big difference between using CM/ECF to file in an existing case and using CM/ECF to initiate a case. The former is much more available to pro se litigants than the latter.
2. *Electronic Submission.* There is a difference between electronically submitting something to the court—by email, electronic drop box, or preparation software—and actually using CM/ECF to file it. Submissions are converted into filings by the court's staff after a quality control review.
3. *Prisoners.* Prisoners do not have unrestricted access to the internet, so their ability even to submit things electronically depends upon procedures developed by the prisons.
4. *Case Types.* Appeals, civil cases, criminal cases, and bankruptcy cases present different pro se electronic filing challenges and opportunities.

*Interview Questions*

There are 190 clerks of court. This includes one for each of the ninety-four district courts and the thirteen courts of appeals. There are only ninety bankruptcy courts, because there is one bankruptcy court for both districts in Arkansas and three territorial districts have bankruptcy divisions, not separate bankruptcy courts. There seven districts with district court clerks who also oversee the districts' bankruptcy courts. We contacted seventy-nine clerks of court, and all but one agreed to participate in this study. We found a loosely structured interview to be an effective method. We spoke with the clerks or other knowledgeable members of their staffs.

Following are the topics that we discussed.

1. *Permitted.* Are pro se litigants permitted to file electronically?
2. *Prisoners.* Are prisoners ever able to submit filings electronically?
3. *Other Filers.* In bankruptcy cases, to what extent can parties appearing without attorneys, such as pro se creditors, use CM/ECF?
4. *Procedures.* What are the procedures that pro se litigants follow to become electronic filers?
5. *Initiating Cases.* Can pro se litigants initiate cases electronically? In some courts, even attorneys do not open cases in CM/ECF directly; they may submit initial documents to the court electronically, but it is the court that actually opens the case and assigns it a case number.

6. *Criminal Cases.* Are criminal cases opened electronically by the U.S. Attorney's office, or are they opened with the submission of a paper indictment or other charging document? Are criminal defendants ever able to file electronically? Few criminal defendants are pro se, they are typically detained, and they usually have assigned stand-by counsel who help them with filing and service.
7. *Service.* Are paper filers required to provide paper service to parties who are receiving electronic service? Paper filings are docketed electronically by the court, so electronic service on other parties occurs as a matter of course. But some courts require separate service.
8. *Email and Fax.* Does the court ever accept filings by email, fax, or electronic drop box?
9. *Signatures.* When the court receives electronic submissions, as by email or fax, what are the court's requirements for signatures?
10. *Drop Box.* Does the court have a physical drop box? Where is it located? When is it available? Physical drop boxes often were removed when the court began using electronic filing, and they often came back because of the COVID-19 pandemic.
11. *Time Stamp.* How do things submitted to a drop box get a time stamp?

*Court Selection*

From December 2021 through March 2022, we interviewed clerks' offices for five of the thirteen courts of appeals, thirty-nine of the ninety-four district courts, and forty of the ninety-three bankruptcy courts and divisions.

From 2019 through 2022, we studied filing times of day for another project.[2] From a review of court rules for the filing-time project, we were able to classify courts into those that (1) generally permit the use of CM/ECF by pro se litigants, (2) permit pro se use of CM/ECF with permission, (3) forbid pro se use of CM/ECF, and (4) do not clearly state one way or the other whether pro se litigants can seek permission to use CM/ECF.

Among the courts of appeals, five generally permit pro se use of CM/ECF, seven permit it with permission, and one forbids it. We selected one court at random from each group, and we also interviewed the courts of appeals for two unusual circuits: the Ninth, because of its unusual size and complexity, and the Federal, because of its unusual jurisdiction.

There are ten districts that do not have separate bankruptcy clerks of court, including the three territorial courts without separate bankruptcy courts. We interviewed the clerks' offices for four selected at random. In addition, we interviewed the clerks' offices for the two other districts that explicitly authorize pro se use of CM/ECF in the district court, one generally (the District of Vermont) and one with permission (the District of Columbia).

---

2. Tim Reagan, Carly Giffin, Jessica Snowden, George Cort, Jana Laks, Roy Germano, Marie Leary, Saroja Koneru, Jasmine Elmasry, Nafeesah Attah, Rachel Palmer, Annmarie Khairalla, and Danielle Rich, Electronic Filing Times in Federal Courts (Federal Judicial Center 2022), www.fjc.gov/content/365889/electronic-filing-times-federal-courts.

We interviewed thirty-three district courts where the same clerk does not oversee both district court and bankruptcy cases. We interviewed eighteen selected at random. We interviewed five additional district courts so that we would have interviewed all seven that generally permit nonprisoner pro se use of CM/ECF in civil cases, including one that requires pro se use of CM/ECF unless the judge grants an exception (the Northern District of Texas). We interviewed an additional district court that we initially but erroneously thought generally permitted nonprisoner pro se use of CM/ECF. We interviewed one additional district court so that we would have interviewed four of the fourteen that do not clearly state one way or the other whether pro se use of CM/ECF is permitted. We selected to interview at random two of the thirteen district courts that forbid pro se use of CM/ECF, but one court declined to participate. We interviewed another two with rules forbidding pro se use of CM/ECF, because in the filing-time project we observed pro se use of CM/ECF in 2018.

We interviewed the Eastern District of Washington, because its rules state that pro se electronic filing is possible for prisoners. It turns out to be electronic submission rather than use of CM/ECF. We interviewed the Southern District of Alabama, because its rules state that pro se use of CM/ECF can be ordered. The judges wanted this option, but they have never used it. We decided to interview the District of Arizona, because it is often regarded as a model court with respect to judicial policy initiatives. And we interviewed two district courts because their rules provide for a time-of-day deadline before midnight, a feature relevant to the filing-time project.

We interviewed thirty-four bankruptcy courts where the same clerk does not oversee both district court and bankruptcy cases. We interviewed twenty-one selected at random. We interviewed seven additional bankruptcy courts so that we would have interviewed all eight with rules stating that they permit pro se use of CM/ECF with permission. We interviewed one of the remaining six bankruptcy courts, out of eight total, with rules explicitly forbidding pro se use of CM/ECF.

We interviewed another five bankruptcy courts that use the "electronic self-representation" (eSR) module for electronic submission of bankruptcy petitions. These were not selected precisely at random, because we learned about some using eSR after we made the selections.

## Observations

### *Electronic Filing by Attorneys*

Electronic presentation to the court of a document to be included in the case file is faster than regular mail and faster than personal delivery, if the filer has the necessary electronic equipment. Electronic filing has been an option in federal courts for about two decades.

There has long been a distinction between submission of a document to the court and filing it. In the days of paper filing, if a document was obviously suitable for filing, a counter clerk would stamp copies "filed" and add the document to the appropriate case file. Otherwise, the counter clerk would stamp

copies something like "received," and the court would later determine whether it would be included in the case file. A document presented to the court but not immediately accepted for filing was frequently referred to as "lodged" with the court.

With CM/ECF, there is an important distinction between using CM/ECF to immediately add a document to a case file, true e-filing, and otherwise submitting a document to the court, which then perhaps uses CM/ECF to add the document to the case file. The court may do this with a document it receives electronically or with a document it receives on paper.

In most district courts, an attorney opens a civil case directly by filing a complaint in CM/ECF, thereby immediately creating a new case record with a new case number. Attorneys are sometimes interrupted, and they sometimes make mistakes. Failed attempts to create new cases used to result in skipped case numbers. Because skipped case numbers look like sealed cases, courts now typically reuse case numbers for cases that were never fully opened.

In some courts, attorneys may use CM/ECF to file complaints, but they do not create new cases that way. The complaint may be filed in a shell case, and then deputy clerks transfer the new filing to a new case record. A few courts still receive complaints on paper, even from attorneys who will use CM/ECF for later filings in existing cases.

Procedures for filing a bankruptcy petition are similar to procedures for filing a civil complaint.

Criminal cases are typically opened by paper indictment, information, or complaint, which deputy clerks file into new cases. Even if the court accepts filings for new criminal cases electronically, it is typically the court and not the U.S. attorney's office that opens the case in CM/ECF.

In the courts of appeals, it is always members of the court staff who open the cases. When a notice of appeal is filed in a district court, and the filing fee paid to the district court, the staff of the district court electronically transmits the most relevant parts of the record to the court of appeals, and the staff of the court of appeals opens a new case, assigning it a case number. Agency appeals and mandamus actions—original cases in the courts of appeals—can be opened using CM/ECF, but attorneys do not open the cases directly. Similar to how some district courts accept new complaints in shell cases, CM/ECF is used in the courts of appeals to submit an original action electronically, but it is court staff that actually make the new case's electronic record live with a case number.

Once a case is opened, attorneys generally are required to use CM/ECF to file.

### *Pro Se Filing in the Courts of Appeals*

Filing in the courts of appeals is less complicated than filing in the district and bankruptcy courts. It is mostly briefs, with the occasional motion practice. The typical case has an appellant brief, an appellee brief, maybe a reply brief, and a decision. According to their local rules and administrative procedures, five

courts of appeals generally permit pro se litigants to register as CM/ECF users[3] and seven allow them to do so with individual permission.[4] The electronic filing guide for one court states that the court does not permit pro se litigants to use CM/ECF,[5] but some pro se litigants have been granted electronic filing privileges as exceptions to the rule.

*Nonprisoner Civil Cases*

Based on a review of all local rules,[6] the rules for somewhat more than half of the district courts state that nonprisoner pro se litigants are permitted to use CM/ECF to file in their existing cases with individual permission (55%). At least nine courts permit nonprisoner pro se litigants to register as CM/ECF users without advance permission (9.6%),[7] but they usually can file only in their existing cases. Pro se plaintiffs seldom can use CM/ECF to file their complaints. The rules for fourteen district courts state that pro se litigants may not use CM/ECF (15%).[8] The rules for the other district courts do not specify one way or the other whether pro se litigants can use CM/ECF (19%).

To use CM/ECF, the filer must have an email address and be able to create PDFs. Typically it is the presiding judge who considers pro se requests to use CM/ECF, which typically are presented by formal motion. In some courts, the approval decision is made by the clerk's office, and a less formal application is required. Courts generally avoid giving electronic filing privileges to vexatious litigants.

Many courts are leery of letting pro se litigants use CM/ECF, but those that have done so reported fewer problems than expected. Electronic filing saves court time that otherwise would be spent scanning documents.

Pro se litigants sometimes have mental health issues that might result in filings that depart from customary practice. Even without mental health issues, they sometimes make errors using CM/ECF. Attorneys make errors sometimes as well. But attorney errors are somewhat easier to correct than pro se

3. The courts of appeals for the First, Third, Eighth, Eleventh, and Federal Circuits.

4. The courts of appeals for the District of Columbia, Second, Fourth, Fifth, Seventh, Ninth, and Tenth Circuits.

5. The court of appeals for the Sixth Circuit.

6. A review for another project of all of the courts' local rules and all of the courts' office hours was conducted by Tim Reagan, Carly Giffin, Jessica Snowden, Saroja Koneru, Jasmine Elmasry, Nafeesah Attah, Rachel Palmer, Annmarie Khairalla, and Danielle Rich.

7. The district courts for the Northern District of Illinois, the Southern District of Illinois, the District of Kansas, the Western District of Missouri, the District of Nebraska, the Northern District of Texas (where nonprisoner pro se litigants are typically required to use CM/ECF), the District of Vermont, the Western District of Washington, and the Western District of Wisconsin.

8. The district courts for the Middle District of Alabama, the Northern District of Alabama, the District of Alaska, the Northern District of Georgia, the Northern District of Mississippi, the Southern District of Mississippi, the District of Montana, the District of New Jersey, the Eastern District of North Carolina, the Western District of North Carolina, the District of North Dakota, the Western District of Oklahoma, the Eastern District of Virginia, the District of Wyoming.

errors, because the court does not owe attorneys the same level of forgiveness that it owes pro se litigants. Also, because attorneys are familiar with the rules, their mistakes do not arise from substantial misunderstandings about procedures.

Courts that have transitioned to the Next Generation of CM/ECF (NextGen) do not give litigants CM/ECF filing privileges directly. A litigant first registers with Pacer (the federal courts' Public Access to Court Electronic Records). Then the court links the Pacer account to CM/ECF filing privileges in the court. Typically the court limits the filing privileges to the pro se litigants' existing cases.

*Electronic Filing in Civil Cases by Prisoners*

Prisoners cannot use CM/ECF, because they do not have sufficient access to the internet. Some courts have arrangements with some prisons, generally state rather than federal prisons, for electronic submission of prisoner filings. In some arrangements, electronic submission is mandatory and prisoners are not permitted to file on paper.

Typically, a prisoner presents a filing to the prison librarian, who scans it and emails it to the court. Some prisons accept electronic notices on behalf of the prisoners, and then convert them to paper documents. Many prisons do not, so prisoners must be served with other parties' filings and court filings by regular mail.

Courts that have adopted electronic communications with prisoners reported a reduction in controversies over the reliability of prison mail.

Some courts currently require, or used to require, prisons to send to the court in batches the original documents that were scanned and submitted electronically for the prisoners. That provides the court with originals in case there is a problem with the scans, and it provides the court with wet signatures.[9]

*Criminal Cases*

It is theoretically possible for a pro se criminal defendant who is not detained to obtain CM/ECF filing privileges in some district courts. But criminal defendants are often detained. Very few are pro se. Even those that are pro se typically have appointed standby counsel, and one of the things that standby counsel does is assist the defendants with filing.

*Pro Se Electronic Filing in Bankruptcy Cases*

It is very unusual for pro se debtors to receive CM/ECF privileges.

Several courts offer eSR, which is now easily available to courts using NextGen CM/ECF. This "electronic self-representation" module allows the

---

9. A wet signature is an original signature made with a writing device (generally with temporarily wet ink) on physical paper. *See generally* Molly T. Johnson, Bankruptcy Court Rules and Procedures Regarding Electronic Signatures of Persons Other than Filing Attorneys (Federal Judicial Center 2013), www.fjc.gov/content/317113/bankruptcy-court-rules-and-procedures-regarding-electronic-signatures-persons-other.

debtor to prepare a bankruptcy petition package on the court's website, including the petition itself, statements, schedules, and the creditor matrix. The package is electronically submitted to the court, and the debtor must provide payment and signature pages separately, either by regular mail or by a visit to the court.

One of eSR's advantages for the court is that the petitions generated with eSR are structurally whole. The petitions are legible, because they are not handwritten. The debtor benefits from eSR's helping the debtor to create the petition in addition to the obvious benefits of avoiding the inconvenience of travel to the court or the delay of regular mail. Some courts are concerned, however, that eSR may make filing a petition too easy, because the debtor receives no advice on whether bankruptcy is the right way to go. Also, eSR does not really provide electronic self-representation, because actual representation would extend beyond the filing of a petition. Subsequent filings cannot be submitted with eSR. Still, some bankruptcies are "one and done," in that the debtor does not file anything after the initial petition package, which includes the petition itself and the necessary schedules and statements.

Many bankruptcy courts allow pro se creditors to register with CM/ECF as limited filers. Alternatively, most courts allow pro se creditors to use the courts' electronic proof of claim (ePOC) portals. CM/ECF filing privileges are more likely to be granted to and used by large businesses that are frequent filers.

*Electronic Submission*

Forms of electronic submission other than filing in CM/ECF offer many of the benefits of true electronic filing without requiring a pro se litigant to master CM/ECF. Arrangements with prisons for electronic submissions by prisoners are an example. Some courts otherwise accept submissions by email. A few accept submissions by electronic drop box, a web portal that allows a user to upload a PDF. Many to most courts do not accept such electronic submissions.

Electronic submission saves the court the time required to scan paper documents, and it relieves courts of the sometimes physically difficult mail they can get from prisons. Electronic submissions often do require staff time to organize or even sift through PDFs to convert submissions to proper filings. And there are security concerns when the court gets electronic submissions directly from pro se litigants. The court does not have to scan a paper document into an electronic one, but it may need to scan the email for malware.

Although the Administrative Office has developed eSR for bankruptcy petitions, it does not appear to have developed a module for courts to receive other electronic submissions, and costly security requirements have dissuaded some courts from developing their own. Several courts reported that they developed their own electronic drop boxes, typically called the Electronic Document Submission System (EDSS). Courts are also looking at Box.com as an option.

Most courts do not generally accept filings by email or fax, and fax is now a seldom-used method of submission anyway. Many courts have accepted

emergency filings by email with individual special arrangements. During the COVID-19 pandemic, some courts became more lenient with email filings, and some of those courts have become less lenient again as the pandemic eased.

Considering our sampling scheme, we can estimate how many courts have accepted electronic submissions by prisoner or nonprisoner pro se litigants for filing, one way or another, at least occasionally, and perhaps because of the COVID-19 pandemic: 69% of the courts of appeals, 80% of the courts where the same clerk oversees both district court and bankruptcy cases, 50% of the other district courts, and 78% of the other bankruptcy courts.

### *Physical Drop Boxes*

Many courts stopped using drop boxes with the advent of electronic filing. Some began to use them again during the COVID-19 pandemic, when many intake counters closed or reduced their hours.[10] Drop boxes also facilitated social distancing by relieving a filer of a visit to the counter. Some courts that established drop boxes during the pandemic have continued to use them, and some have not.

In a few courts, the drop box is available at all hours, typically because it is outside the building, but in at least one location because the building never closes. Much more commonly, the drop box is available only for a short time before the clerk's office opens and for a short time after it closes, because it is only available during the building's open hours. Although it is typical for a time stamp to be at the drop box, some drop boxes do not have time stamps. If the drop box does not have a time stamp, documents retrieved in the morning typically are dated as received the day before.

Many courts are concerned about the security threat posed by a drop box, especially if it were to be accessible from outside the building's security. Use of drop boxes that do exist appears to be light.

### *Filing Fees*

In many courts, filing fees can be paid electronically using Pay.gov.

Interestingly, many courts no longer accept cash, and those that do often cannot make change. It is sometimes more expensive to maintain bank accounts and transport cash to the bank than the court receives in cash fees.

Bankruptcy courts generally do not accept payment by personal check, debit card, or credit card for bankruptcy petition filing fees. Cashier's check, money order, and sometimes cash are accepted. Some bankruptcy courts accept payments via Pay.gov, but that requires special arrangements with Pay.gov to block credit card and debit card options.

---

10. Court hours are given in this report for each court in the study based on research done in 2019, before the COVID-19 pandemic.

*Signatures*

Electronic signatures are a part of using CM/ECF. Documents submitted electronically some other way will not have wet signatures, but they may have images of original signatures.

The bankruptcy courts are much more concerned about original signatures than the district courts and the courts of appeals are. Filings in the district courts and the courts of appeals do not generally have the same immediate impact on the filer and others, aside from an obligation to respond, as the filing of a bankruptcy petition does. In the district courts and the courts of appeals, an impact on others generally requires court action.

During the COVID-19 pandemic, some courts accepted images of original signatures without requiring wet signatures as an emergency measure.

If a wet signature is required, it must be submitted within a certain number of days after an electronic submission. That is generally the requirement for use of eSR. In the district courts, filers are sometimes required only to maintain original wet signatures for a period of time in case they are needed.

*Electronic Notice and Service*

Some courts permit pro se litigants to register for electronic notice of other parties' filings without having CM/ECF filing privileges. CM/ECF electronic notice gives an attorney or a pro se litigant one free look at the filing. If the recipient of the notice does not print or download the document during the one free look, then the recipient will have to pay Pacer fees to look at it again. If a party is represented by more than one attorney, each attorney may get his or her own one free look.

In the bankruptcy courts, pro se debtors can register for the Bankruptcy Noticing Center's debtor electronic bankruptcy noticing (DeBN).

Some courts do not require paper filers to separately serve other parties who already are receiving electronic notice. In some courts, there still is a separate service requirement on paper, but it may not be enforced. Rules are rules, except when they are not rules. But when rules are not rules, when are rules rules? In some courts, separate service is required, and certificates of service are carefully examined to make sure they reflect service on all parties.

*Information About Individual Courts*

The following narratives present what we learned from each of the seventy-eight clerks' offices participating in this study (a sample size of 41%).

## Courts of Appeals

## The Court of Appeals for the First Circuit

This court was selected for this study at random from among the courts of appeals.

The United States Court of Appeals for the First Circuit has six judgeships. The clerk's office in Boston is open from 8:30 to 5:00. 1st Cir. I.O.P. ¶ I.B.

Electronic filing is governed by the court's Rule 25.0. Nonprisoner pro se litigants are permitted to register as filers in CM/ECF. *Id.* R. 25.0(c). "Unless otherwise required by statute, rule, or court order, filing must be completed by midnight in the time zone of the circuit clerk's office in Boston to be considered timely filed that day." *Id.* R. 25.0(d)(3).

Pro se litigants can use CM/ECF without advance permission, but only the clerk's office actually opens cases. Direct appeals begin with the submission of records by the district courts or the Bankruptcy Appellate Panel (BAP) following notices of appeal; the staff in the court of appeals uses those submissions to open cases and assign case numbers. In direct appeals, the filing fee is paid to the district court or to the BAP. Electronic filers can submit initial documents using CM/ECF in petitions for review of agency decisions, mandamus actions, and applications to file successive habeas corpus petitions. The clerk's office uses the electronic submissions to open the cases.

Except on rare occasions, the court does not accept submissions from filers by email or fax. Because of office closures during the COVID-19 pandemic, it established a drop box, which is available when the building is open, a few hours longer than regular court hours. There is a time stamp available at the drop box for filers' use, and the drop box is checked by the court's staff at least twice a day.

There is no procedure for prisoners to file electronically.

## The Court of Appeals for the Sixth Circuit

This court of appeals was selected for this study because it is the only one with rules forbidding electronic filing by pro se litigants.

The United States Court of Appeals for the Sixth Circuit has sixteen judgeships. The clerk's office in Cincinnati is open from 8:00 to 5:00.

Electronic filing is governed by the court's Rule 25 and the court's Guide to Electronic Filing [hereinafter ECF Guide], *see* 6th Cir. R. 15. "No unrepresented party may file electronically; unrepresented parties must submit documents in paper format. The clerk will scan such documents into the ECF system, and the electronic version scanned in by the clerk will constitute the appeal record of the court as reflected on its docket." 6th Cir. ECF Guide ¶ 3.3. Pro se litigants have occasionally been granted individual exceptions to this proscription. The court is exploring more expansive permission for pro se electronic filing.

Because of the COVID-19 pandemic, the court began permitting nonprisoner pro se litigants to submit filings by email without advance permission. This resulted in some improper emails, such as an article a pro se litigant thought, in the middle of the night, that the court should read. The court is more comfortable with email submission than CM/ECF filing for pro se litigants because it gives the clerk's office a chance to review submissions before they are docketed. As it is, even attorneys sometimes make mistakes with their filings, incorrect docket entries are locked, and attorneys are notified of the errors so that they can correct them.

There is no provision in the circuit for electronic submission by prisoners. Paper submissions by prisoners are sometimes physically filthy.

Signatures in email submissions must be handwritten and scanned.

Paper filers must provide paper service even to parties receiving electronic service. Case managers scrutinize certificates of service.

Fax submissions are not accepted. Nor does the court have a physical drop box.

One challenge of electronic docketing is electronic notice. Sometimes attorneys' email addresses change, such as when they change firms. The clerk's office has to track down new email addresses for those attorneys. Electronic notice to pro se filers could pose similar problems, although litigants' street addresses also could change. Pro se litigants currently receive notice only by regular mail. A temporary difficulty arose when the Ohio Department of Corrections decided that each piece of mail to a prisoner had to be registered electronically and individually in advance. The problem was remedied by granting the federal courts an exception, although they still had to register as recognized senders.

## The Court of Appeals for the Ninth Circuit

This court of appeals was selected for this study because of its unusual size and complexity.

The United States Court of Appeals for the Ninth Circuit has twenty-nine judgeships. The clerk's office in San Francisco is open from 8:30 to 5:00.

Electronic filing is governed by the court's Rule 25-5 and the court's CM/ECF User Guide. Instructions in the Guide for pro se filers imply opportunities for pro se litigants to file electronically.

In fact, the court encourages pro se use of CM/ECF. Pro se litigants can register through Pacer to use CM/ECF, and they are not limited to use of CM/ECF in pending cases. The clerk regards litigants as customers, so pro se litigants should be afforded high-quality customer service.

Prisoners who can submit filings to the district courts electronically, generally with the help of prison librarians, can also submit filings electronically to the court of appeals. During the COVID-19 pandemic, the court began to more generally allow pro se filing by email.

The courts of appeals for the Ninth and Second Circuits are developing a new case-management system to replace CM/ECF. Pro se litigants are not yet given filing privileges in the new system.

Electronic filings made by 11:59 p.m. are docketed as filed that day. 9th Cir. R. 25-5(c)(2).

## The Court of Appeals for the Tenth Circuit

This court was selected for this study at random from among the courts of appeals with rules stating that pro se litigants can file electronically with permission.

The United States Court of Appeals for the Tenth Circuit has twelve judgeships. The clerk's office in Denver is open from 8:00 to 5:00.

Electronic filing is governed by the court's Rule 25.3 and the court's CM/ECF User's Manual. A pro se litigant may seek permission to file electronically. 10th Cir. CM/ECF User's Man. ¶¶ II.A.2 and .C.2. The court has delegated to the clerk's office authority to grant electronic filing privileges to pro se litigants. It is on a case-by-case basis, and available only in pending cases. The request can be made by motion or more informally by letter. There are no specific form or content requirements. The court looks at prospective electronic filers' litigation history for evidence of vexatious filing.

Electronic filing privileges have not been granted to criminal defendants or prisoners. But during the COVID-19 pandemic, the court did arrange with a medium-security facility in Wyoming for electronic transmission of a prisoner's filings to the court and electronic transmission to the facility of the court's filings.

The court has a new rule in 2022 that relieves paper filers of the obligation of paper service on parties receiving electronic notice. 10th Cir. R. 25.4(C).

The court does not accept filings by email or fax, except in emergencies. It does have a drop box in its Denver courthouse with a time-stamp machine. The drop box was set up because of COVID-19 closures, but it will remain. It is only available during the court's business hours, but it is available to persons who do not wish to comply with the court's COVID-19 vaccination requirement for entry, and they do not have to go through security.

"Electronic filing must be completed before midnight, Mountain Standard Time, as shown on the Notice of Docket Activity, to be considered timely filed on the day it is due." 10th Cir. CM/ECF User's Man. ¶ II.D.1.

## The Court of Appeals for the Federal Circuit

This court of appeals was selected for this study because of its unusual jurisdiction.

The United States Court of Appeals for the Federal Circuit has twelve judgeships. The clerk's office in Washington is open from 8:30 to 4:30.

Electronic filing is governed by the court's Rule 25 and the court's Electronic Filing Procedures [hereinafter ECF Procs.]. The court also has a Guide for Unrepresented Parties [hereinafter Pro Se Guide]. Unrepresented parties may register as CM/ECF users, "but new notices of appeal or petitions for review must be filed in paper or by email." Fed. Cir. ECF Procs. ¶ II.A; *see* Fed. Cir. R. 25(a)(1)(B) (permitting the clerk to allow pro se electronic filing); Fed Cir. Pro Se Guide ¶ I.C.

An appeal is initiated by filing a notice of appeal and paying the filing fee in the district court, which transfers to the court of appeals a partial record: the docket sheet, the notice of appeal, and the order being appealed. The clerk's office for the court of appeals then electronically opens the appeal. Counsel can open agency appeals using CM/ECF; they electronically submit initiating

documents to the clerk's office, which then opens the case. Pro se litigants cannot use CM/ECF to initiate cases, but they can initiate agency appeals by email. The court does not otherwise accept filings by email or fax. Currently, pro se litigants who initiate cases by email have the option to continue as either electronic or paper filers.

The court requires courtesy paper copies of all briefs to be delivered or shipped to the court.

"Papers may be deposited until midnight on weekdays in the night box at the garage entrance . . . ." Fed Cir. Pro Se Guide ¶ I.A. Documents are time stamped for the previous day when the clerk's office retrieves them in the morning.

Although the rules technically require paper filers to serve parties receiving electronic service, this is not enforced. Parties, counseled or otherwise, can agree with each other to service by email.

"Unless a time for filing is ordered by the court, filing must be completed before midnight Eastern Time on the due date to be considered timely." Fed. Cir. R. 26(a)(2); *see* Fed. Cir. ECF Procs. ¶ IV.A.16(a) ("Filers in other time zones must account for any time difference to ensure a filing is completed before midnight (Eastern) on the day the document is due.").

## Combined District and Bankruptcy Courts

### The District and Bankruptcy Courts for the District of Columbia

This district was selected for this study because its district court rules state that pro se electronic filing is allowed with permission in both civil and criminal cases. It is one of the districts where the district court clerk is also the bankruptcy court clerk.

The United States District Court for the District of Columbia has fifteen judgeships and one office code: Washington (office code 1). The United States Bankruptcy Court for the District of Columbia has one judgeship and one office, also Washington.

The clerk's office is open from 9:00 to 4:00.

Electronic filing in the district court is governed by the court's Civil Rule 5.4 and the court's Criminal Rule 49. "A *pro se* party may obtain a CM/ECF user name and password from the Clerk with leave of Court." D.D.C. Civ. R. 5.4(b)(2); *id.* Crim. R. 49(b)(2). Pro se parties cannot open cases electronically, but they can receive permission from the presiding judge to use CM/ECF in pending cases. The court has not experienced much in the way of abuse of the privilege.

Electronic filing in the bankruptcy court is governed by the court's Rule 5005-4 and the court's Administrative Procedures for Filing, Signing, and Verifying Documents by Electronic Means [hereinafter ECF Procs]. "Pro se debtors and other parties (other than creditors and claimants) not represented by counsel may not file electronically; therefore, the Administrative Procedures do not apply to such filers." Bankr. D.C. Administrative Order Relating to

Electronic Case Filing ¶ 2. Pro se creditors and financial management agents can receive limited electronic filing privileges.

Because of the challenges posed by the COVID-19 pandemic, the courts began to allow submissions of filings by email. That option may extend beyond the pandemic.

Attorneys open civil and bankruptcy cases directly with CM/ECF. Criminal cases are opened by the clerk's office from a paper indictment or complaint. Some criminal complaints may be submitted electronically.

Paper filers do not have to separately serve other parties receiving electronic service, except for filings that initiate contested or adversary matters in the bankruptcy court.

The courts' drop box is available at all hours. If the building is closed, a security officer will respond to a buzzer to allow entry for use of the drop box. There is a time stamp present.

In the bankruptcy court, "The 'last day' set for filing a paper ends at midnight in the Court's time zone, unless otherwise specified, whether the filing is an electronic filing or a filing in paper form." Bankr. D.C. R. 9006-1(b); *see* Bankr. D.C. ECF Procs. ¶ II.A.5 ("The deadline for filing, unless otherwise specifically set, is 11:59:59 P.M. of the due date (Eastern Time).").

## The District and Bankruptcy Courts for the District of Idaho

This district was selected for this study at random from among the districts where the district court clerk is also the bankruptcy court clerk.

The United States District Court for the District of Idaho has two judgeships. The United States Bankruptcy Court for the District of Idaho also has two judgeships. Both courts have the following four office codes: Boise (office code 1), Pocatello (office code 4), Coeur d'Alene (office code 2), and Moscow (office code 3). The bankruptcy court also has an office in Twin Falls (office code 8).

The clerk's office is open from 9:00 to 4:00. D. Idaho Civ. R. 77.1; Bankr. Idaho R. 1001.2.

Electronic filing in the district court is governed by the court's Civil Rule 5.1, and electronic filing in the bankruptcy court is governed by the court's Rule 5003.1. Electronic filing in both courts is also governed by the courts' Electronic Case Filing Procedures [hereinafter ECF Procs.]. D. Idaho Civ. R. 5.1(b); Bankr. Idaho R. 5003.1(b). According to them, "If the Court permits, a party to a pending action who is not represented by an attorney may register as a Registered Participant in the Electronic Filing System solely for purposes of the action." Bankr. Idaho ECF Procs. ¶ 3.A.4.

In fact, pro se litigants are never granted CM/ECF filing privileges. The court has a substantial pro se caseload, and it does not have the staff to provide pro se CM/ECF filings with adequate quality control. Pro se creditors may receive limited CM/ECF filing privileges to file their proofs of claim.

Detention facilities have acquired scanners, and paralegals there submit a majority of pro se filing from there electronically. About the only filings that

the court receives by regular mail from there are very long evidentiary documents.

Because CM/ECF registration waives the right to paper service, paper filers do not have to separately serve other parties who are already receiving electronic service.

The courts do not have a physical drop box.

"An electronic document is considered timely if received by the Court before midnight, Mountain Time, on the date set as a deadline, unless the judge specifically requires another time frame." D. Idaho ECF Procs. ¶ 2.B.2.

## The District and Bankruptcy Courts for the Western District of Missouri

This district was selected for this study at random from among the districts where the district court clerk is also the bankruptcy court clerk.

The United States District Court for the Western District of Missouri has five judgeships, and it shares two additional judgeships with the Eastern District. The United States Bankruptcy Court for the Western District of Missouri has three judgeships. The courts have five office codes: Kansas City (office code 4), Springfield (office code 6), Jefferson City (office code 2), St. Joseph (office code 5), and Joplin (office code 3).

The clerk's office is open from 9:00 to 4:30. *See* Bankr. W.D. Mo. NextGen CM/ECF Procs. ¶ V.A.

Electronic filing in the bankruptcy court is governed by the court's NextGen CM/ECF Administrative Procedures Manual. Electronic filing by pro se debtors is not permitted.

Electronic filing in the district court is governed by the court's Rule 5.1 and the court's CM/ECF Civil and Criminal Administrative Procedures Manual and User's Guide. Pro se filers may use CM/ECF in civil cases but not in criminal cases. *See* W.D. Mo. R. 5.1. They must initiate cases on paper, but the court approves CM/ECF filing privileges for subsequent filings in active cases. Litigants register through Pacer, and their filings immediately appear on the docket. Most pro se litigants still file on paper, but there are currently a little over a dozen electronic filers. Paper filers cannot opt for electronic notice.

Pro se litigants in active civil cases, not bankruptcy cases, can use the court's electronic drop box: Electronic Document Submission System (EDSS). When a litigant begins to use EDSS, the litigant consents to electronic notice and service going forward. Pro se filers are encouraged to either use EDSS or file on paper, but not both. Scanned signatures are adequate; paper signatures are not required. Approximately two dozen pro se litigants are currently using EDSS. Submissions by email or fax are not otherwise accepted.

The court accepts electronic submissions from prisoners in ten state prisons, and in those prisons electronic submission is mandatory. *See* W.D. Mo. Procedures for the Prisoner Electronic Filing Program. Paper submissions are returned. The court has provided scanners, which the prisoners use themselves. Electronic notices of other filings are sent to the prisons, and librarians

or other staff members print out the notices for the prisoners. In the future, the court would like to be able to receive submissions from federal prisoners electronically.

Paper filers are not required to provide paper service on parties receiving electronic service.

The court has a drop box in the clerk's office, which is checked each morning. Submissions are deemed filed on the previous day.

## The District Court for the District of the Northern Mariana Islands, Including Its Bankruptcy Division

This district was selected for this study at random from among the districts where the district court clerk is also the clerk of court for bankruptcy cases.

The United States District Court for the District of the Northern Mariana Islands has one judgeship and one office code: Saipan (office code 1). Bankruptcy cases are heard in the district court's bankruptcy division.

The clerk's office is open from 8:00 to 12:00 and from 1:00 to 4:30.

The court's Administrative Procedures for Electronic Filing and Electronic Service for the United States District Court for the Northern Mariana Islands are included as Appendix A to the court's local rules. *See* D.N.M.I. R. 5.1. Pro se parties may register as e-mail filers. *Id.* app. A § 2. The clerk's office converts the emails to filings, and it does not otherwise accept filings by email or fax. Scanned signatures are adequate.

Permission to file by email is granted by the judge based on a written application. Access to technology and fluency in English are considerations. Many pro se litigants are not fluent in English, and they benefit from interaction with court staff when they file. The clerk's office must be careful not to provide the legal advice that litigants often seek.

Even attorneys do not initiate cases in CM/ECF. The clerk's office opens cases on paper filings.

There is no arrangement for electronic submission by prisoners, who are not located on the island.

Paper filers do not have to separately serve other parties who are receiving electronic notice.

The court does not have a drop box.

"Filing must be completed before midnight local time for the Northern Mariana Islands in order to be considered timely filed that day." D.N.M.I. R. app. A § 3.

## The District and Bankruptcy Courts for the District of Vermont

This district was selected for this study because its district court rules state that pro se litigants can file electronically. It is one of the districts where the district court clerk is also the bankruptcy court clerk.

The United States District Court for the District of Vermont has two judgeships and two office codes: Burlington (office code 2) and Rutland (office

code 5). The United States Bankruptcy Court for the District of Vermont has one judgeship and one office, in Burlington.

The clerk's office is open from 8:30 to 5:00.

Electronic filing in the district court is governed by the court's Administrative Procedures for Electronic Case Filing [hereinafter ECF Procs.]. D. Vt. R. 5(b). "A non-prisoner who is a party to a civil action and who is not represented by an attorney may register as an ECF user." D. Vt. ECF Procs. ¶ (E)(2); *see also id.* ¶ (Q). Rarely to never have electronic filing privileges been denied or abused. It is possible to register as an ECF user and file on paper but receive electronic service of other parties' filings. There are no provisions for electronic submissions to the court by prisoners.

All cases in the district court are initiated on paper.

In bankruptcy cases, "The Clerk accepts documents by e-mail for filing. The Court prefers attorneys file documents via CM/ECF, rather than e-mailing them to the Clerk for filing, and requires non-attorneys who wish to file documents electronically to transmit their documents to the Clerk via e-mail." Bankr. Vt. R. 5005-4(a)(1). Only once has a pro se debtor ever requested CM/ECF privileges.

Paper filers do not have to separately serve other parties who are receiving electronic notices.

The courts do not accept filings by fax, and they do not have a drop box. The courts never closed during the COVID-19 pandemic.

In the district court, "All electronic transmissions of documents must be completed prior to midnight, Eastern Time, in order to be considered timely filed that day. D. Vt. ECF Procs. ¶ (H).

## The District Court for the District of the Virgin Islands, Including Its Bankruptcy Division

This district was selected for this study at random from among the districts where the district court clerk is also the clerk of court for bankruptcy cases.

The United States District Court for the District of the Virgin Islands has two judgeships and two office codes: Charlotte Amalie, St. Thomas (office code 3), and Christiansted, St. Croix (office code 1). The district court has a bankruptcy division.

The clerk's office is open from 8:00 to 5:00.

Electronic filing is governed by Civil Rule 5.4. Electronic filing in bankruptcy cases is governed by the court's Bankruptcy Rule 1002-2 and the court's Electronic Case Filing Procedures [hereinafter ECF Procs.].

Pro se litigants may receive permission to use CM/ECF, but once they become represented by counsel their electronic filing privileges must be terminated. D.V.I. Civ. R. 5.4(b)(2). Permission is granted by the presiding judge on a motion filed in the case, and it is typically granted. Litigants register for CM/ECF through Pacer, complete a Pro Se ECF Registration Form, and then receive training with the clerk's office or online. They typically get the hang of it. It would be possible for a pro se debtor to request CM/ECF privileges, but

the court has few pro se debtors, and none has requested electronic filing privileges.

Attorneys open civil cases directly, but pro se plaintiffs file their complaints on paper. The clerk's office scans and electronically dockets pro se complaints. The clerk's office opens criminal cases from paper indictments, informations, and complaints.

The court does not have an arrangement with a prison facility for electronic submission of prisoner filings.

Paper filers do not have to serve other parties already receiving electronic service.

The court's two locations have drop boxes, which are used during court closures. They are available when the building is open.

In emergencies, the court can accept pro se filings by email. The court does not accept filings by fax.

"Unless otherwise ordered by the Court, a filing must be completed before 11:59 p.m. U.S. Virgin Islands time in order to be considered timely filed that day." *Id.* Civ. R. 5.4(c)(4); *see* D.V.I. Bankr. R. 1002-2.F ("Filing a document electronically must be completed by midnight local time on the applicable deadline for filing."); *see also* D.V.I. Bankr. ECF Proc. 5.

## District Courts

### The District Court for the Northern District of Alabama

This court was selected for this study at random from among the district courts with rules stating that pro se electronic filing is not permitted.

The United States District Court for the Northern District of Alabama has eight judgeships and seven office codes: Birmingham (office code 2), Huntsville (office code 5), Gadsen (office code 4), Tuscaloosa (office code 7), Anniston (office code 1), Florence (office code 3), and Jasper (office code 6).

The clerk's office is open from 8:30 to 4:30.

Electronic filing is governed by two documents, one for civil cases and one for criminal cases: Administrative Procedures for Filing, Signing, and Verifying Pleadings and Documents in the District Court Under the Case Management/Electronic Case Files System [hereinafter ECF Procs.]. "Pro se litigants shall [conventionally] file paper originals of all complaints, pleadings, motions, affidavits, briefs, and other documents which must be signed or which require either verification or an unsworn declaration under any rule or statue." N.D. Ala. Civ. ECF Procs. ¶ III.B (omitting the word "conventionally"); N.D. Ala. Crim. ECF Procs. ¶ III.B (including the word "conventionally"). The court has not granted any exceptions to the proscription on use of CM/ECF by pro se litigants.

Generally, paper filers are required to serve paper copies of their filings on other parties, even parties receiving electronic service. On occasion, a sophisticated pro se litigant has been excused by the presiding judge from paper service on parties receiving electronic service. Pro se litigants themselves may opt

for electronic service, but they often also request paper copies of individual documents, perhaps because they have not saved their one free look.

The court does not accept filings by email or fax. For security reasons, neither does it have a drop box.

"Pleadings or documents will be deemed timely filed on any particular date if filed prior to midnight on that date unless otherwise limited by order of this court." N.D. Ala. Civ. ECF Procs. ¶ II.A.4; N.D. Ala. Crim. ECF Procs. ¶ II.A.3.

## The District Court for the Southern District of Alabama

This court was selected for this study because its rules provide for requiring electronic filing by pro se litigants.

The United States District Court for the Southern District of Alabama has three judges and two office codes: Mobile (office code 1) and Selma (office code 2).

The clerk's office is open from 10:00 to 3:00.

Electronic filing is governed by the court's General Rule 5(b) and the court's Administrative Procedure for Filing, Signing, and Verifying Documents by Electronic Means in the United States District Court for the Southern District of Alabama [hereinafter ECF Procs.]. "Any party not represented by an attorney must file conventionally unless specifically allowed by the Clerk's Office or required by court order to file electronically." S.D. Ala. ECF Procs. ¶ I.B.4; *see id.* ¶ III.B ("Pro se filers may . . . register for electronic filing, subject to approval by the Clerk's Office in its discretion."). According to the court's Pro Se Litigant Handbook, "A judge may order that you use CM/ECF to understand what is happening with your case and to file documents. . . . You may also request that the Court grant you filing privileges on the CM/ECF system." *Id.* at 20.

Pro se use of CM/ECF is not common. The judges wanted to be able to order pro se electronic filing, but it does not appear that any has done so. Permission is granted by the clerk's office upon an oral request. It is not possible for prisoners to use CM/ECF.

Attorneys can use CM/ECF to open civil cases. The clerk's office cleans up errors and provides for the reuse of case numbers for cases that were never completely opened. As in other courts, criminal cases are opened by the clerk's office based on paper filings. It has not been the case that a pro se litigant has been able to use CM/ECF to open a case. It is theoretically possible for a pro se criminal defendant to be granted electronic filing privileges, but that has never happened. Pro se defendants have appointed standby counsel.

It may be the case that paper filers technically are required to do paper service on other parties, but in practice paper service on parties receiving electronic service is not necessary. Pro se filers given CM/ECF privileges must understand that the court will not provide them with paper service.

The court does not accept filings by email or fax. Before moving to its new location, the court did have a nighttime drop box, available at all hours, with

a time stamp machine. It was checked every court day. A drop box has not yet been established at the courthouse that the court moved to in 2018.

There is an interest in expanding electronic filing by pro se litigants and ensuring consistency in how the privilege is granted.

"Generally, a document will be deemed timely if electronically filed prior to midnight on the deadline fixed by court order or applicable rule or statute." S.D. Ala. ECF Procs. ¶ II.A.5.

## The District Court for the District of Arizona

This court was selected for this study because it is often regarded as a model court with respect to judicial policy initiatives.

The United States District Court for the District of Arizona has thirteen judgeships and three office codes: Phoenix (office code 2), Tucson (office code 4), and Prescott (office code 3).

The clerk's office is open from 8:30 to 4:30.

Electronic filing is governed by the court's Electronic Case Filing Administrative Policies and Procedures Manual [hereinafter ECF Procs.]. *See* D. Ariz. Civ. R. 5.5(a); *id.* Crim. R. 49.3.

> *Pro Se Filers.* Unless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office by parties appearing without an attorney must be in legible, paper form. The Clerk's Office will scan and electronically file the document.
>
> A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies referred to in the ECF Administrative Policies and Procedures Manual. If granted leave to electronically file, the pro se party must register as a user with the Clerk's Office and as a subscriber to PACER within five (5) days.
>
> A pro se party must seek leave to electronically file documents in each case filed. If an attorney enters an appearance on behalf of a pro se party, the attorney must advise the Clerk's Office to terminate the login and password for the pro se party.

D. Ariz. ECF Procs. § II.B.3.

The court's judges consistently require permission for pro se use of CM/ECF to be by formal motion.

The court's website has an e-Pro Se page that helps pro se litigants fill out complaints, but the complaints are submitted on paper. This option is not available to prisoners. Electronic submission is available at a limited number of state prisons, including the two largest. The court does not otherwise accept filings by email or fax.

Civil cases in this court are not initiated directly by attorneys; complaints are filed in a shell case, and then the clerk's office uses those filings to open new cases.

Paper filers need not serve other parties who receive electronic service.

The court has drop boxes in Phoenix and Tucson, which it set up because of the COVID-19 pandemic. The drop boxes are available from about half an

hour before court hours to about half an hour after court hours. Submissions are retrieved at least twice a day, and they are date stamped when retrieved.

## The District Court for the Eastern District of Arkansas

This court was selected for this study because it has a filing deadline relevant to another study.

The United States District Court for the Eastern District of Arkansas has five judgeships and five office codes: Little Rock (Central Division, office code 4, the main courthouse), Jonesboro (Northern Division, office code 3, a clerk's office and courtroom in a federal building), and Helena (Delta Division, office code 2, a courtroom but no clerk's office).

The clerk's office is open from 8:00 to 5:00.

The Eastern and Western Districts of Arkansas share a single set of local rules. Electronic filing in the Eastern District is governed by the Eastern District's CM/ECF Administrative Policies and Procedures Manual for Civil Filings [hereinafter Civ. ECF Procs.] and the court's CM/ECF Administrative Policies and Procedures Manual for Criminal Filings [hereinafter Crim. ECF Procs.]. "A person not represented by an attorney is generally not allowed to electronically file and must submit paper for filing. Electronic filing is only permitted by court order." E.D. & W.D. Ark. R. 5.1; *but see* E.D. Ark. Civ. ECF Procs. ¶ I.B ("Pro se parties shall not be permitted to file electronically."); E.D. Ark. Crim. ECF Procs. ¶ I.B (same). According to the clerk, pro se filings must be made by mail or hand delivery. There is no drop box.

The court has a heavy caseload of prisoner petitions, but also a substantial number of pro se filings by nonprisoners.

"If a document is filed prior to midnight, it shall be docketed on that day. However, time sensitive filings, which are electronically filed on the last day of any given deadline, shall be filed by 5:00 p.m., unless otherwise ordered by the Court." E.D. Ark. Civ. ECF Procs. ¶ III.A.3; E.D. Ark. Crim. ECF Procs. ¶ III.A.3. In practice, "time sensitive" means having a due date, so the 5:00 rule applies quite generally. It was established when the court discontinued use of a drop box at the advent of electronic filing as a matter of equity for attorneys, who can file electronically after hours, and pro se litigants, who cannot.

## The District Court for the Western District of Arkansas

This court was selected for this study at random from among the district courts.

The United States District Court for the Western District of Arkansas has three judgeships and six office codes: Fayetteville (office code 5), Hot Springs (office code 6), Fort Smith (office code 2), Texarkana (office code 4), Harrison (office code 3), and El Dorado (office code 1).

The clerk's office is open from 8:00 to 5:00.

The Eastern and Western Districts of Arkansas share a single set of local rules. Electronic filing is governed by the court's Administrative Policies and Procedures Manual for Civil and Criminal Filings [hereinafter ECF Procs.].

"A person not represented by an attorney is generally not allowed to electronically file and must submit paper for filing. Electronic filing is only permitted by court order." E.D. & W.D. Ark. R. 5.1 "All case initiating documents (*e.g.*, civil complaint, notice of removal, criminal complaint, indictment, information, etc.), any pleading or document that adds a party or criminal count (*e.g.*, amended complaint, third-party complaint, superseding indictment, etc.) must be filed conventionally." W.D. Ark. ECF Procs. ¶ III.A.1.a. Electronic submissions, such as by email or on disc, are accepted. *Id.* "Pro se parties may request permission from the presiding judge to submit documents for filing to a designated email address on a case-by-case basis." *Id.* ¶ I.B.

CM/ECF privileges have been granted to pro se litigants quite rarely. The court believes that pro se use of CM/ECF would only work for a sophisticated party without a history of vexatious filing.

There are no procedures for receiving filings by email from prisons; email and fax filings in general are permitted on rare occasions with the judge's permission. Paper filings received from pro se litigants are scanned and shredded.

The court sometimes uses drop boxes at some of its facilities when the clerk's office is closed, such as because of the COVID-19 pandemic. Documents retrieved in the morning are time stamped for the previous day.

"A document will be deemed timely filed if CM/ECF generates an NEF prior to midnight, Central Time, on the date it is due. However, the assigned Judge may order that the document must be filed by a specific time." W.D. Ark. ECF Procs. ¶ III.A.3.

## The District Court for the Eastern District of California

This court was selected for this study at random from among the district courts.

The United States District Court for the Eastern District of California has six judgeships and five office codes: Sacramento (office code 2), Fresno (office code 1), Yosemite (office code 6), Bakersfield (office code 5), and Redding (office code 3).

The clerk's office is open from 9:00 to 4:00.

Electronic filing is governed by the court's Rules 133(a) and (b) and by its CM/ECF User Manual. *See also* E.D. Cal. R. 400(a) ("Local Rules 100 to 199 and 300 to 399 are fully applicable in criminal actions in the absence of a specific Criminal Rule directly on point."). "Any person appearing pro se may **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate judge." E.D. Cal. R. 133(b)(2). Pro se use of CM/ECF is rare. Permission typically is reviewed by the magistrate judge assigned to the case. Considerations are capable and responsible use.

The procedure for a pro se litigant to become an e-filer has grown more challenging with NextGen CM/ECF.

For prisoners, there is an arrangement with the state prison system for prison librarians to scan and submit by email initiating documents. *See* Stand-

ing Order, *In re Procedural Rules for Electronic Submission of Prisoner Litigation Filed by Plaintiffs Incarcerated at Participating Penal Institutions* (E.D. Cal. Feb. 24, 2016, effective Mar. 1, 2016); Standing Order, *In re Procedural Rules for Electronic Submission of Prisoner Litigation Filed by Plaintiffs Incarcerated at Corcoran and Pleasant Valley State Prisons* (E.D. Cal. Sept. 24, 2014). This option is not currently available for later filings in the case. Over time, the prisons will consider whether the burdens of scanning and emailing are outweighed by the burdens of handling regular mail. Electronic submission of complaints has not opened litigation floodgates.

The court has made arrangements with the California Department of Corrections and Rehabilitation to accept service by email on behalf of prison defendants. This has proved to be much faster than waiting for service by the U.S. marshal.

There are few pro se filings by federal prisoners.

The court does not otherwise accept filings by email, and it does not accept filings by fax. Because of the COVID-19 pandemic, the court established drop boxes at its main offices when the buildings were closed. A difficultly with drop boxes is that court staff cannot review a filing for compliance while the filer is in the building.

"A document will generally be deemed filed on a particular day if filed before midnight (Pacific Time) on that business day." E.D. Cal. R. 134(b).

## The District Court for the District of Colorado

This court was selected for this study at random from among the district courts.

The United States District Court for the District of Colorado has seven judgeships and one office code: Denver (office code 1).

The clerk's office is open from 8:00 to 5:00.

Electronic filing is governed by the court's Civil Rule 5.1(a), the court's Electronic Case Filing Procedures for (Civil Cases) [hereinafter Civ. ECF Procs.], and the court's Electronic Case Filing Procedures for the District of Colorado (Criminal Cases) [hereinafter Crim. ECF Procs.]. Nonprisoner pro se parties may use CM/ECF in civil cases after training and the court's approval. D. Colo. Civ. R. 5.1(b)(3); D. Colo. Civ. ECF Procs. ¶ 2.2(b). Before NextGen CM/ECF, parties would request registration from the court. Now they register with Pacer and make a request to the court for a link between their Pacer account and the court's filing system. Approval comes from the clerk's office; judicial approval is not necessary. Approval requires a pending case, so initiating documents are not filed by pro se litigants in CM/ECF.

Attorneys must use CM/ECF, and they initiate civil cases directly. Criminal cases are opened by the clerk's office based on paper indictments. It has probably not been the case that a pro se criminal defendant used CM/ECF. The local rules do not contemplate that.

At the beginning of the COVID-19 pandemic, the court put out a drop box when the intake counter was closed, but it removed the drop box when the

counter opened again. The court also set up an email address for pro se parties to submit filings electronically, and the court is likely to retain this option. Court staff members are pleased to not have to scan or touch the filings that come in this way. The court gave up fax communications years ago.

A few years ago, the court established an arrangement with a state prison for electronic submissions from prisoners. That relationship ended, but now the court has a relationship with another state prison. The court provided the scanner. The prison does not accept electronic notices on behalf of prisoners. Paper filers must serve even parties receiving electronic service.

The clerk's office likes receiving filings electronically. Pro se users of CM/ECF often appreciate immediate confirmation that their filings are part of the court record.

"Unless otherwise ordered, an electronically filed pleading or document shall be filed no later than 11:59:59 p.m. (Mountain Time) on the day required." D. Colo. Civ. R. 77.1; *id.* Crim. R. 56.1; *see also* D. Colo. Civ. ECF Procs. ¶ 4.2(a) (similar); D. Colo. Crim. ECF Procs. ¶ 4.2(a) (similar).

## The District Court for the District of Delaware

This court was selected for this study at random from among the district courts.

The United States District Court for the District of Delaware has four judgeships and one office code: Wilmington (office code 1).

The court's office hours are 8:30 to 4:00. D. Del. R. 77.1. The court never closed during the pandemic, and the office hours never changed.

Electronic filing is governed by the court's Administrative Procedures Governing Filing and Service by Electronic Means [hereinafter ECF Procs.]. D. Del. R. 5.1(a). With the court's permission, pro se parties may file using CM/ECF. D. Del. ECF Procs. ¶ N.

Pro se CM/ECF filing privileges are obtained by motion to the presiding judge. Applicants are required to read the court's electronic filing tips and create a Pacer account. Judges almost always grant electronic filing privileges to pro se litigants. The court typically relates multiple cases with the same pro se litigant. Electronic filing privileges terminate when the case is over, or because of problem filings.

Since 2017, pro se prisoners can file by email. There is a scanner in the principal federal prison in Delaware. No other litigants are permitted to file by email. Prisoners can initiate cases by email; nonprisoner pro se litigants cannot. Nor can attorneys.

The court does not have a drop box.

In civil cases, only members of the Delaware bar may submit court filings. In criminal cases, attorneys in good standing with other bars may apply for filing privileges.

> Aside from initial pleadings, all electronic transmissions of documents (including, but not limited to, motions, briefs, appendices, and discovery re-

sponses) must be completed by 6:00 p.m. Eastern Time, in order to be considered timely filed and served that day. All electronic transmissions of initial pleadings must be completed prior to midnight Eastern Time, in order to be considered timely filed that day.

D. Del. ECF Procs. ¶ F.

## The District Court for the Northern District of Florida

This court was selected for this study at random from among the district courts with rules that do not state whether pro se electronic filing is permitted.

The United States District Court for the Northern District of Florida has four judgeships and four office codes: Pensacola (office code 3), Tallahassee (office code 4), Panama City (office code 5), and Gainesville (office code 1). The Panama City intake counter has been closed since it was destroyed by a hurricane.

The clerk's office is open from 8:00 to 4:30 in Pensacola and from 8:30 to 5:00 in Tallahassee.

Electronic filing is governed by the court's Rule 5.4.

Pro se electronic filing is permitted with a judge's permission, but permission has only been granted once, several years ago.

Attorneys open civil cases directly; criminal cases are opened by the clerk's office from paper indictments, informations, or complaints.

Paper filers are required to serve even parties receiving electronic service. The court is looking into whether that rule can be adjusted for prisoners, and the court is interested in cooperating with state and federal facilities for electronic submission of filings.

The court does not accept filings by email or fax, and it only uses drop boxes when the court is closed because of things like the COVID-19 pandemic.

"A filing is made on a date if it is made prior to midnight on that date in local time at the place of holding court in the division where the case is pending." N.D. Fla. R. 5.4(E).

## The District Court for the Southern District of Georgia

This court was selected for this study at random from among the district courts.

The United States District Court for the Southern District of Georgia has three judgeships and six office codes: Savannah (office code 4), Augusta (office code 1), Brunswick (office code 2), Waycross (office code 5), Statesboro (office code 6), and Dublin (office code 3).

The clerk's office is open from 8:30 to 5:00.

Electronic filing is governed by the court's General Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means [hereinafter ECF Procs.]. S.D. Ga. R. 5.5.

Pro se litigants may not file using CM/ECF. Filings are accepted by email only in special circumstances ordered by a judge, and not by fax.

Attorneys submit complaints in CM/ECF to a shell case, and after a review the clerk's office uses a shell-case filing to open a civil case. Criminal cases also are opened by the clerk's office, from paper indictments and complaints.

The court used a drop box when the counter was closed because of the COVID-19 pandemic, but it does not use one now.

> The Notice of Electronic Filing reflects the date and time the electronic transmission of a document is completed. Accordingly, a document will be deemed timely filed if the Notice of Electronic Filing reflects a time *prior* to midnight on the due date. However, the assigned judge may order that a document be filed by a certain time, which then becomes the filing deadline.

S.D. Ga. ECF Procs. ¶ II.A.1.c.

## The District Court for the Northern District of Illinois

This court was selected for this study because its rules state that pro se litigants can file electronically.

The United States District Court for the Northern District of Illinois has twenty-two judgeships and two office codes: Chicago (office code 1) and Rockford (office code 3).

The clerk's office is open from 8:30 to 4:30.

The court has a general order on Electronic Case Filing. N.D. Ill. Gen. Ord. 16-0020 (Nov. 16, 2004). "A party to a pending civil action who is not represented by an attorney and who is not under filing restrictions imposed by the Executive Committee of this Court, may register as an E-Filer solely for purposes of the case." *Id.* IV(B)(1). "Parties who are in custody are not permitted to register as E-Filers." *Id.* IV(B)(3).

The court is in the process of converting to NextGen CM/ECF. The court permits a nonprisoner pro se litigant to register as a CM/ECF filer in the litigant's existing case after successfully completing an online training module. They are allowed two attempts to complete the training successfully. No judicial approval is required. CM/ECF filing privileges have never been granted to a pro se criminal defendant.

Pro se litigants who are not filing electronically can sign up to receive electronic notice of other parties' filings.

The districts in Illinois have an arrangement with the state prisons for mandatory electronic submission of filings by pro se prisoners. (Electronic submission is not mandatory when a prison is on lockdown.) The court provides the scanners, which scan and email the submissions for filing. Prisoners still receive service of other parties' filings by regular mail. The filers' scanned signatures are adequate.

Paper filers do not have to serve other parties already receiving electronic service.

The court has never accepted filings by fax, but during the COVID-19 pandemic it began to accept filings from pro se litigants by email. The emails must be sent to a designated email address, the subject line and the email text must

contain certain information, and the filing must be in PDF form. The court is considering a move to Box.com.

The Chicago courthouse has a drop box available at all hours in the building lobby, and it is accompanied by a time stamp. The building housing the Rockford courthouse is not open overnight, but it does open a bit before the clerk's office and closes a bit later. The drop box there also has a time stamp.

An aspiration of the court's is a way for pro se litigants to submit digital exhibits.

"Filing must be completed before midnight Central Time in the Northern District of Illinois in order to be considered timely filed that day." N.D. Ill. Gen. Ord. 16-0020 V(G).

## The District Court for the Southern District of Illinois

This court was selected for this study because its rules state that pro se litigants can file electronically.

The United States District Court for the Southern District of Illinois has four judgeships and two office codes: East St. Louis (office code 3) and Benton (office code 4).

The clerk's office is open from 9:00 to 4:30.

Electronic filing is governed by the court's Electronic Filing Rules. "Pro se filers *may*, but do not have to utilize the ECF system." *Id.* R. 1. CM/ECF privileges are granted by motion to the chief judge. About 90% of the motions are granted. The court typically has four or five active pro se users of CM/ECF.

The court has an arrangement with several of the state's prisons for electronic submission of prisoner filings. The prisons also accept electronic notice of other parties' filings on behalf of the prisoners, but the notices do not include the actual filings. Those still have to be mailed to the prisoners.

Aside from the arrangement with prisons, the court does not accept filings by email or fax. Earlier in the COVID-19 pandemic, while members of the clerk's staff were working at home, the court accepted pro se filings by email.

Scanned signatures are acceptable.

Criminal cases are opened by the clerk's office on paper filings. It would theoretically be possible for a pro se criminal defendant who is not detained to be granted CM/ECF filing privileges, but it has not happened.

The court does not have an after-hours drop box at either of its locations.

"Filing must be completed before midnight local time where the court is located in order to be considered timely filed that day, unless a specific time is set by the court." S.D. Ill. ECF R. 3.

## The District Court for the Southern District of Indiana

This court was selected for this study at random from among the district courts.

The United States District Court for the Southern District of Indiana has five judgeships and four office codes: Indianapolis (office code 1), Evansville (office code 3), Terre Haute (office code 2), and New Albany (office code 4).

The clerk's office is open from 8:30 to 4:30.

Electronic filing is governed by the court's Electronic Case Filing Policies and Procedures Manual [hereinafter ECF Procs.]. The court's local rules acknowledge the possibility of pro se electronic filing: "**Electronic Filing by an Unrepresented Person.** If authorized to file electronically pursuant to Fed. R. Civ. P. 5(d)(3)(B), the person's electronic signature . . . ." S.D. Ind. R. 5-3(e). Pro se litigants rarely seek permission from the presiding judge to use CM/ECF. It is theoretically possible for a pro se criminal defendant who is not detained to get CM/ECF privileges.

The court now permits pro se litigants to file by email. General Order, *In re Email Submissions to the Court*, No. 1:22-mc-1 (S.D. Ind. Jan. 14, 2022, D.E. 2). The court converts email submissions to filings. Faxes are not accepted. Pro se litigants can file complaints by email, but not using CM/ECF.

All four courthouses have drop boxes. In Indianapolis and Evansville, each drop box is outside the courthouse in a federal building, outside security and available when the building is open, with somewhat more expanded hours than the clerk's office. Submissions are automatically time stamped.

The court's General Order 2014-1 established an "E-Filing Program" for state prisoners. The program is in place in all of Indiana's state prisons except for the one private prison. There is no similar program for federal prisoners.

Prison librarians scan documents and submit them to the court for filing. The court serves complaints on defendants. Notices of electronic filing are sent to prison librarians. Defendants are required to mail copies of documents that they file to the prisoners.

Prison librarians periodically mail batches of originals to the court, where they are held for three months and then shredded. This permits rescanning if an original scan is bad.

"A document due on a particular day must be filed before midnight local time of the division where the case is pending." S.D. Ind. R. 5-4(a).

## The District Court for the District of Kansas

This court was selected for this study because its rules state that pro se litigants can file electronically.

The United States District Court for the District of Kansas has six judgeships and five office codes: Kansas City (office code 2), Wichita (office code 6), Topeka (office code 5), Junction City (office code B), and Leavenworth (office code 3).

The clerk's office is open from 9:00 to noon and from 12:30 to 4:30.

Electronic filing is governed by the court's Rules 5.4.2 through 5.4.13, the court's Criminal Rules 49.1 through 49.13, and the court's Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas [hereinafter ECF Procs.], one set of procedures for civil cases and another set of procedures for criminal cases. "A party [in a civil case] who is not represented by an attorney may register as a Filing User in the Electronic Filing System." D. Kan.

R. 5.4.2(d); *see* D. Kan. Civ. ECF Procs. ¶ I.C.5.a. Registration requires a wet signature. Pro se litigants are not permitted to use CM/ECF to open cases; their CM/ECF privileges are limited to the existing case or cases for which they have registered for privileges. A CM/ECF registration form may accompany the complaint. Many pro se litigants register to receive electronic notices without doing electronic filing. They understand that the court cannot provide them with technical assistance using their own equipment.

Pro se litigants are permitted to email or fax filings to the court. Other parties are not, except in extraordinary circumstances. Filers by email or fax must follow up with wet signatures.

Prisoners in state facilities transmit filings to the court through the prison librarian, who scans the filings and emails them to the court. The prison receives electronic notice of other parties' filings, but the court also sends paper copies to the prisoners. Persons in federal facilities and local jails must file on paper.

"A party to a criminal action who is not represented by an attorney may not register as a Filing User in the Electronic Filing System unless the court permits." D. Kan. Crim. R. 49.2. Pro se use of CM/ECF in a criminal case may have never come up. Criminal cases are opened by flash drive from the U.S. attorney's office.

Paper filers are supposed to serve on paper even other parties who receive electronic service, but this requirement is not enforced and probably at least frequently not followed.

Drop boxes were removed several years ago.

"Filing must be completed before midnight central time to be considered timely filed that day." D. Kan. R. 5.4.3(e); *id.* Crim. R. 49.3; *see* D. Kan. Civ. ECF Procs. ¶ II.A.5; *id.* Crim. ECF Procs. ¶ II.A.4.

## The District Court for the District of Maine

This court was selected for this study because we thought that its rules state that pro se litigants can file electronically, but we misread the rules. Pro se litigants can receive permission to submit filings electronically.

The United States District Court for the District of Maine has three judgeships and two office codes: Portland (office code 2) and Bangor (office code 1).

The clerk's office is open from 8:00 to 4:30.

Electronic filing is governed by the court's Rule 5(c) and the court's Administrative Procedures Governing the Filing and Service by Electronic Means, D. Me. R. app. IV. "A non-prisoner who is a party to a civil action and who is not represented by an attorney may register to receive service electronically and to electronically transmit their documents to the Court for filing in the ECF system." *Id.* app. IV, ¶ (b)(2); *see id.* ¶ (o) ("Non-prisoner pro se litigants in civil actions may register with ECF or may file (and serve) all pleadings and other documents in paper."); *see also* D. Me. Information for Pro Se Parties at 8 ("By registering to file electronically you are also consenting to be served electronically . . . ."). Pro se litigants approved for CM/ECF registration

are permitted to submit filings to a court email address. The court then scans and electronically dockets the submissions. This policy has been in place since the court began using CM/ECF. The "/s/" format for a signature is now acceptable.

Until the COVID-19 pandemic, registration for email submission happened after the complaint was filed on paper. During the pandemic, some litigants were granted permission to email their complaints.

Prisoners still file on paper.

The court has very rarely received and accepted filings by fax.

The court has a drop box at each location, which filers can access when the building is open. There is not a time stamp there. During the COVID-19 pandemic closure, filers were instructed to write the date and time of the deposit on the envelope containing the filing.

"All electronic transmissions of documents must be completed prior to midnight, Eastern Time, in order to be considered timely filed that day." D. Me. R. app. IV, ¶ (f).

## The District Court for the District of Massachusetts

This court was selected for this study because it has a filing deadline relevant to another study.

The United States District Court for the District of Massachusetts has thirteen judgeships and three office codes: Boston (office code 1), Springfield (office code 3), and Worcester (office code 4).

The clerk's office is open from 8:30 to 4:30.

Electronic filing is governed by the court's Rule 5.4 and the court's CM/ECF Case Management/Electronic Case Files Administrative Procedures [hereinafter ECF Procs.]. *See* D. Mass. R. 5.4(b). Nonprisoner pro se parties may register as CM/ECF filers after training and with the court's permission. D. Mass. ECF Procs. ¶ E.2. The court gets about five dozen requests a year, and a substantial majority of the requests are granted. The court does not have procedures for prisoners to submit filings electronically.

On at least one occasion, the court granted electronic filing privileges to a criminal defendant. It took a bit of research to configure the user's account to make it work.

Complaints must be filed in paper form by pro se litigants. The court does not accept filings by fax or email. It is exploring the possibility of creating a way for pro se litigants to use the court's website to upload a complaint that the court can convert into a filing.

The court is interested in exploring software that asks a litigant questions and then generates a text document that the litigant can edit before filing. The court is also contemplating a kiosk where a pro se litigant could scan and upload a filing.

Filing must be complete by 6:00 p.m. on the date due. D. Mass. R. 5.4(d); D. Mass. ECF Procs. ¶ K. The 6:00 rule was established when the court began using CM/ECF. The court does not have physical drop boxes. During the early

months of the COVID-19 pandemic, the court used drop boxes when the court's hours were curtailed.

## The District Court for the District of Minnesota

This court was selected for this study at random from among the district courts.

The United States District Court for the District of Minnesota has seven judgeships and four office codes: Minneapolis (office code 4), St. Paul (office code 3), Duluth (office code 5), and Fergus Falls (office code 6). Cases other than petty offense cases generally are assigned 0 as the office code; infractions on federal property generally are assigned C as the office code.

The clerk's office is open from 8:00 to 4:30.

Electronic filing is governed by the court's Rule 5.1 and the court's civil and criminal Electronic Case Filing Procedures Guides [hereinafter ECF Procs.]. D. Minn. R. 5.1. "Pro se filers (including prisoners) cannot open new cases electronically; they must submit the initiating documents in paper." D. Minn. Civ. ECF Procs. at 7. Nonprisoner pro se parties may apply for permission to use CM/ECF to file other documents in civil cases. D. Minn. Civ. ECF Procs. at 3; D. Minn. Crim. ECF Procs. at 3. Permission is granted by the clerk's office. The court does not generally allow pro se litigants who are not CM/ECF filers to register for electronic notices; judges have ordered a few exceptions. The court has a pro se mailing program that automatically prints out filings by the court, such as judicial orders, with mailing labels for pro se litigants who are paper filers.

The court began granting CM/ECF filing privileges to pro se litigants in 2009, and about 350 pro se litigants have used CM/ECF since then. Some have signed up and then later realized what they got themselves into. For example, some were surprised that they were no longer receiving paper notices. Some pro se CM/ECF filers went back to paper filing. Since the court began using NextGen CM/ECF, the more complicated method for signing up to use CM/ECF—registering as a Pacer user first—weeded out some of the technically unsophisticated.

On one occasion, a pro se criminal defendant sought permission to use CM/ECF. The clerk's office consulted the presiding judge, who denied the request, because the defendant had standby counsel.

The court would like to receive electronic submissions from prisoners, but explorations of that possibility were interrupted by the COVID-19 pandemic.

Attorneys open their civil cases on CM/ECF directly. The clerk's office opens criminal cases, typically from paperless submissions. Some matters, such as pen registers, can be opened directly by the U.S. attorney's office.

Aside from documents opening criminal cases, the court does not accept filings by email or fax.

Paper filers are supposed to serve all other parties, even those receiving electronic service, but that may not always happen.

All four court locations have intake counters. The court only uses a drop box when the counter is closed for weather or the COVID-19 pandemic. Most paper filing comes in by mail.

A document will be deemed to be filed on time if filed electronically before midnight or filed conventionally before 4:30 p.m. on the day that it is due, unless the presiding judge orders otherwise. D. Minn. Civ. ECF Procs. at 2; D. Minn. Crim. ECF Procs. at 2.

## The District Court for the District of Nebraska

This court was selected for this study at random from among the district courts. Its rules state that pro se electronic filing is permitted.

The United States District Court for the District of Nebraska has three judgeships and three office codes: Omaha (office code 8), Lincoln (office code 4), and North Platte (office code 7).

The clerk's office is open from 8:00 to 4:30.

Electronic filing is governed by the court's General Rule 1.3, Civil Rule 5.1, and Criminal Rule 49.1. Pro se parties in pending civil cases may register as CM/ECF filers. *Id.* Gen. R. 1.3(b)(1). A pro se party with a pending case can request a login and password in Pacer, and this happens fairly frequently in this court. If a pro se party does not have a pending case, the request is denied. The unsuccessful filing request typically is a mistaken effort to obtain Pacer access. Pro se parties cannot initiate cases electronically; only at the counter, by mail, or using the court's drop box.

Pro se criminal defendants have occasionally been granted CM/ECF filing privileges by presiding judges on a case-by-case basis.

There is no procedure in this district for electronic submissions from prisoners. A document scanned in prison would not provide the court with an original signature.

The court does not generally accept filings by email or fax, but an exception was granted to a litigant with vision issues when CM/ECF vision accommodations were not working.

Paper filers are required to serve their filings on other parties, even parties receiving electronic service, and the court typically does not intervene if it sees service was by email. Parties can work out service among themselves, and motions for failure to serve are rare.

During closures for the COVID-19 pandemic, the court established drop boxes, which have been available during building hours, slightly more expansive than clerk hours. There are time stamps at the drop boxes.

The court maintains a miscellaneous case record for pro se filings that do not appear to relate to pending cases. It creates a record of the filings, which often are meant for other courts.

"A document is considered timely filed if filed before midnight Central Standard Time (or Central Daylight Time, if in effect). However, the assigned judge may order a document filed by a time certain." D. Neb. Civ. R. 5.1(d); *id.* Crim. R. 49.1(d).

## The District Court for the Northern District of New York

This court was selected for this study at random from among the district courts.

The United States District Court for the Northern District of New York has five judgeships and seven office codes: Albany (office code 1), Syracuse (office code 5), Plattsburgh (office code 8), Binghamton (office code 3), Utica (office code 6), Watertown (office code 7), and prisoner petitions (office code 9).

The clerk's office is open from 9:00 to 4:00.

The clerk's office is open from 10:00 to 3:00.

Electronic filing is governed by the court's Administrative Procedures for Electronic Case Filing [hereinafter ECF Procs.]. *See* N.D.N.Y. R. 5.1.1; N.D.N.Y. Gen. Order No. 22, *Procedural Order on Electronic Case Filing* (Dec. 10, 2021). Nonprisoner pro se parties may be granted permission by the court to file using CM/ECF. N.D.N.Y. ECF Procs. ¶ 12.1. The motion is reviewed by the magistrate judge assigned to the case. The clerk recommends that the motion be considered after the Rule 16 conference so that the court can assess whether the litigant can handle electronic filing.

The judges were reluctant to allow pro se use of CM/ECF, because they expected a lot of inaccurate filings, but experience has been positive. Electronic filing privileges are infrequently requested.

The court has recently used Microsoft Teams to give litigants a virtual visit to the clerk's office for guidance on how to file. This is expected to be especially useful at the smaller locations where each absence by a member of the clerk's staff can hinder customer service.

Pro se parties cannot open cases in CM/ECF. Attorneys do not open cases directly; they make filings in a shell case.

Pro se filing fees can be paid by cash or check at the counter or by check through the mail.

There is no provision for electronic submissions by prisoners.

Drop boxes at the courthouses are available a few more hours than the counters are. The larger courthouses added them because of the COVID-19 pandemic, but the drop boxes are expected to remain beyond that. There is a time stamp at each box.

The court is exploring the development of an electronic drop box which would require malware scanning.

Paper filers are required to serve even parties otherwise receiving electronic service.

"A document will be deemed timely filed if electronically filed prior to midnight Eastern Time." N.D.N.Y. ECF Procs. ¶ 4.3.

## The District Court for the Southern District of Ohio

This court was selected for this study at random from among the district courts.

The United States District Court for the Southern District of Ohio has eight judgeships and three office codes: Columbus (office code 2), Cincinnati (office code 1), and Dayton (office code 3).

The clerk's office is open from 9:00 to 4:00.

Electronic filing is governed by the court's CM/ECF Procedures Guide [hereinafter ECF Procs.]. *See* S.D. Ohio R. 1.1(e). "After making a first appearance, non-incarcerated pro se parties may seek leave of Court to file electronically (e-file) with CM/ECF." S.D. Ohio ECF Procs. § 1.2. The litigant must have a scanner, a printer, and an email address. Electronic filing privileges are revoked on the very rare occasion of repeated improper filings. Pro se litigants may not use CM/ECF to initiate cases.

The court has arrangements with Ohio's five largest state prisons for electronic submission of filings by pro se prisoners. The court provides the prisons with scanners, and the court replaces and updates the scanners regularly. Originally, prison officials would mail the originals to the court so the authenticity of the scans could be verified, but originals are no longer mailed. A big advantage of electronic submission is the elimination of uncertainty about materials delayed or lost in the mail. Prisoners retain the option to file by mail.

The court does not otherwise accept filings by email or fax. Because of the court's shutdown for a few months in 2020 accommodating the COVID-19 pandemic, the court established drop boxes at each of its locations. Even when the court was shut down, there was at least one person in the clerk's office who checked the drop box regularly throughout the day. When the court reopened, the drop box remained useful for persons not adhering to vaccination or mask requirements.

Paper filers are still required to serve other parties on paper, even parties receiving electronic service. Pro se paper filers may request electronic notice.

"Filing must be completed before midnight Eastern Time Zone in order to be considered timely filed that day." S.D. Ohio R. 5.1(e); *see* S.D. Ohio ECF Procs. § 1.1 ("A document will be deemed timely filed if electronically filed prior to midnight on the due date, unless the assigned Judicial Officer has ordered the document to be filed by an earlier time on that date.").

## The District Court for the Western District of Oklahoma

This court was selected for this study because although its rules state that pro se electronic filing is not permitted, we observed in the filing-time project pro se electronic filing in 2018.

The United States District Court for the Western District of Oklahoma has six judgeships, and it shares an additional judgeship with the Eastern and Northern Districts. The Western District has one office code: Oklahoma City (office code 5).

The clerk's office is open from 8:30 to 4:30.

Electronic filing is governed by the court's Civil Rule 5.1, the court's Criminal Rule 49.1, and the court's Electronic Filing Policies & Procedures Manual [hereinafter ECF Procs.]. The court's electronic procedures specify that pro se

parties may not file electronically. W.D. Okla. ECF Procs. ¶ I.A.1. Some pro se parties, however, have been granted permission by the presiding judge to use CM/ECF, and we observed in a study of 2018 filings permission granted to two plaintiffs in four cases.

Civil cases are opened by electronic submission to the court's new cases mailbox. The court converts the submissions to filed and docketed complaints; at the same time, the court seeks filing fees from the filers. On very rare occasions, pro se parties have been granted permission by presiding judges to submit filings by email, and the submissions would go to the new cases mailbox. Criminal cases are initiated with paper filings, which are scanned and docketed by the clerk's office. The court does not accept filings by fax.

There are no provisions for electronic submissions by prisoners.

Paper filers are obligated to serve other parties, even those receiving electronic service when the court converts paper filings to electronic filings.

The court has a drop box available during building hours. It is rarely used. It is checked every morning, and anything there is deemed filed the night before.

Unless otherwise ordered, a filing must be complete by midnight central time on the day that it is due to be considered filed on time. W.D. Okla. ECF Procs. ¶ II.A.1.f.

Possible things to think about for the future include providing prisoners with access to computers for word processing so that their filings are legible. Provisions for electronic submission would enhance efficiency and mitigate angst caused by delay.

## The District Court for the District of Oregon

This court was selected for this study at random from among the district courts.

The United States District Court for the District of Oregon has six judgeships and has four office codes: Portland (office code 3), Eugene (office code 6), Pendleton (office code 2), and Medford (office code 1).

The clerk's office is open from 8:30 to 4:30 Monday through Thursday and from 9:30 to 4:30 on Friday.

Electronic filing is covered by the court's Civil Rule 5-2, the court's Criminal Rule 49, and the court's CM/ECF User Manual. "A *pro se* party who is not incarcerated may apply to the assigned judge for permission to become a Registered [CM/ECF] User . . . ." D. Or. Civ. R. 5-1(a)(2); *id.* Crim. R. 49-4(b). The pro se party must have suitable technical equipment, including the ability to make PDFs. CM/ECF users must show that they have read the rules and completed Pacer training. It is possible for a pro se litigant to receive electronic notices and not electronic filing privileges. Most pro se litigants file on paper. A more user-friendly CM/ECF would make it easier for pro se litigants to use it.

The court has arrangements with two of the state's fourteen prisons—the two with the highest rates of litigation—for electronic submission of pro se

prisoner filings. The court provides the scanners. The prisons accept electronic notices on behalf of the prisoners and print them out for the prisoner litigants. It would be very expensive for the court to provide scanners to all fourteen prisons. Some of the prisons have more than one library, so to provide fair access a scanner would have to be provided to each.

According to the court's Standing Order 2021-1, *In re Inmate Electronic Filing Program* (Jan. 8, 2021), electronic submission is mandatory where available, prisoners are expected to retain originals in case production is later ordered, and the electronic submission procedures cannot be used for discovery requests.

On one occasion, the court granted CM/ECF privileges to a criminal defendant. It was not an especially positive experience, because the filer's not following rules resulted in substantial time spent by the court's staff to untangle and correct filing mistakes.

When the clerk's counter closed because of the COVID-19 pandemic, the court accepted pro se filings by email. The court discontinued that as soon as the counter reopened. Because email submissions are easier to make than paper submissions, the court received even more improper and difficult-to-organize submissions. Fax is a valid way to communicate with the court, but not to submit filings.

The court has a drop box with a time stamp machine at the drop box.

Paper filers must serve other parties, even those receiving electronic service, with some exceptions in social security cases.

"The filing deadline for any document is 11:59 p.m. (Pacific Time) on the day the document is required to be filed." D. Or. Civ. R. 5-3(b).

## The District Court for the Eastern District of Pennsylvania

This court was selected for this study at random from among the district courts.

The United States District Court for the Eastern District of Pennsylvania has twenty-two judgeships and two office codes: Philadelphia (office code 2) and Allentown (office code 5).

The clerk's office used to be open from 8:30 to 5:00. Because of reduced foot traffic, the hours are now from 9:00 to 3:00.

Electronic filing in both civil and criminal cases is governed by the court's Civil Rule 5.1.2, *see id.* Crim. R. 1.2, Electronic Case Filing System (ECF) Attorney User Manual for Civil Cases, and Electronic Case Filing System (ECF) Attorney User Manual for Criminal Cases. "Upon the approval of the judge, a party to a case who is not represented by an attorney may register as an ECF Filing User in the ECF System solely for purposes of the action." E.D. Pa. Civ. R. 5.1.2.4(b). Pro se litigants who move for CM/ECF filing privileges tend to be very savvy technologically, and they rarely make mistakes. They must file their complaints on paper or by email.

The court established an email address for pro se litigants to submit filings at the beginning of the COVID-19 pandemic. The court does not accept filings

by fax. The court accepts PDFs, Word documents, and photos of documents in email submissions, and the court converts the submissions to PDFs. It wants to make access to electronic submission as broad as possible. Anyone who provides the court with an email address—even if they are filing on paper—can receive electronic notices of other parties' filings.

The court has tried to make filing as accessible as possible, and it has been pleasantly surprised by how few problems it has encountered. The broader access to the court has been worth the occasional nonsense submission. Individual abusers can be disciplined, but this is rarely necessary.

The court has had some discussions, but it has not yet established relationships with state prisons for electronic submission of prisoner filings. The court sometimes receives prisoner filings by email: either from family members or from prison social workers. The court is pleased to provide such broad access to electronic submission. The prisoner is mailed a paper notice that the court received by email a filing on behalf of the prisoner, and the prisoner is asked to return a signed statement confirming that the submission was a genuine filing on behalf of the prisoner.

The court accepts electronic signatures, copies of signatures, and even typed signatures in email submissions. The court requests a more reliable signature when there is a question whether the filing came from the litigant.

It is probably not the case that a criminal defendant has ever used the court's CM/ECF, but the court has received email filings from criminal defendants after release.

Each office has a drop box available at all hours. The one in Allentown was added during the COVID-19 pandemic. To submit a document after hours, the filer buzzes for entry into the building, and a security guard lets the filer in to submit the filing.

## The District Court for the Western District of Pennsylvania

This court was selected for this study at random from among the district courts.

The United States District Court for the Western District of Pennsylvania has ten judgeships and three office codes: Pittsburgh (office code 2), Erie (office code 1), and Johnstown (office coded 3).

The clerk's office is open from 8:30 to 4:30.

Electronic filing is governed by the court's Civil Rule 5.5, the court's Criminal Rule 49, the court's Electronic Case Filing Policies and Procedures, and the court's Guide to Working with CM/ECF [hereinafter ECF Guide].

"A party who is not represented by counsel may file papers with the clerk in the traditional manner, but is not precluded from filing electronically." W.D. Pa. ECF Guide at 6. Pro se litigants can register for CM/ECF filing privileges the same way that attorneys can: through Pacer. The court grants pro se litigants CM/ECF filing privileges if they complete training, read the court's policies, and have sufficient technical resources. CM/ECF privileges are granted by the clerk's office, and they can be granted before a case is filed.

Civil cases are opened electronically by uploading a complaint to a shell case, and the clerk's office uses the complaint to open a new case record. Pro se litigants can open cases the same way that attorneys can. Criminal indictments are opened by submission of a paper indictment, but criminal complaints are now opened electronically. It would be theoretically possible for a pro se criminal defendant to use CM/ECF, but they typically are detained, and there are no arrangements with any facility for electronic submissions by prisoners.

The court does not accept filings by fax. It accepts sealed filings by email. Because of the COVID-19 pandemic, the court has from time to time allowed other filings by email on a don't-let-this-happen-again basis. The court does not have a drop box.

Paper filers are not required to do paper service on parties receiving electronic service.

The court expects to expand electronic filing options, such as by allowing attorneys to open civil cases and perhaps establish agreements with prison facilities for electronic submissions.

"Electronic filing must be completed before midnight Eastern Time in order to be considered timely filed that day." W.D. Pa. ECF Guide at 10–11.

## The District Court for the District of Puerto Rico

This court was selected for this study at random from among the district courts.

The United States District Court for the District of Puerto Rico has seven judgeships and one office code: San Juan (office code 3).

The clerk's office is open from 8:30 to noon and from 1:00 to 4:45.

Electronic filing is governed by the court's CM/ECF Manual, currently under revision. "Unrepresented parties (*pro se*) shall not file pleadings or other papers electronically unless allowed to do so by court order." D.P.R. R. 5(a)(1). It has been a very rare event for the presiding judge to approve pro se use of CM/ECF.

Filing by email is not permitted. There is no provision for electronic submission by prisoners. There is a transfer facility on the island, but no prison, so prison mail must come from quite a distance away.

Paper filers do not need to serve parties receiving electronic service.

The court has a drop box, with a time stamp, that is available a little bit beyond court hours. It is seldom used. Many pro se filers are not fluent in English, so they benefit from personal contact with court staff.

"Deadlines expire prior to midnight of a pleading's or document's due date, unless otherwise ordered by the Court." D.P.R. CM/ECF Man. ¶ II.B.7.a.

## The District Court for the Middle District of Tennessee

This court was selected for this study at random from among the district courts.

The United States District Court for the Middle District of Tennessee has four judgeships and three office codes: Nashville (office code 3), Columbia (office code 1), and Cookeville (office code 2).

The clerk's office is open from 8:00 to 5:00.

Electronic filing is governed by the court's Rule 5.02 and the court's Administrative Practices and Procedures: Electronic Case Filing [hereinafter ECF Procs.]. "A party to an action who is not represented by an attorney may, with the Court's permission, register as a [CM/ECF] Filing User solely for purposes of that action." M.D. Tenn. ECF Procs. § 7. The request is made by formal motion to the presiding judge.

Pro se parties cannot initiate cases in CM/ECF; they can do that by submitting paper documents to the clerk's office. Attorneys do not open cases; they file complaints into a shell case, and the clerk's office opens the case.

Pro se filers must pay filing fees in cash—exact change—or money orders.

Paper filers are required to serve even other parties otherwise receiving electronic service.

The court does not accept filings by email or fax. There is a drop box outside the building that is available at all hours. Submissions are retrieved first thing in the morning and time stamped for the previous work day.

"In order for a document to be considered timely filed on a deadline date, the filing must be completed on the deadline date before midnight (local time at the Court's location)." M.D. Tenn. ECF Procs. § 6.

## The District Court for the Eastern District of Texas

This court was selected for this study at random from among the district courts.

The United States District Court for the Eastern District of Texas has eight judgeships and six office codes: Sherman (office code 4), Marshall (office code 2), Tyler (office code 6), Beaumont (office code 1), Lufkin (office code 9), and Texarkana (office code 5).

The clerk's office is open from 8:00 to 5:00.

Electronic filing is governed by the court's Rules CV-5 and CR-49. In civil cases, "[w]ith court permission, a *pro se* litigant may register as a Filing User in the Electronic Filing System solely for purposes of the action." *Id.* R. CV-5(a)(2)(B). A pro se litigant cannot initiate a case electronically, but the litigant can seek permission to file subsequent documents electronically at the time that the complaint is filed. The presiding judge decides. Electronic filing by pro se litigants is seldom denied, but it is also seldom requested. Suitable equipment is required.

Some judges allow pro se litigants to receive electronic notices without CM/ECF filing privileges. A motion is required.

To minimize the need for travel and contact during the COVID-19 pandemic, the court issued General Order 20-05, which allowed pro se litigants to submit documents to the court for filing by email and fax as well as by regular mail. "It is not necessary to mail the original paper to the Court after it is

emailed or faxed. It is, however, important for pro se parties to retain the original signed copy of the paper and present it to the Court upon request." *Id.* The order has now expired, and the court deactivated the email address. Some pro se filers were scanning very large or irrelevant documents, and the court is unlikely to allow email filing in the future.

Prisons in Texas have not been interested in setting up electronic submission possibilities for prisoners.

Theoretically it would be possible for a pro se criminal defendant to file electronically if not detained, but that combination is quite rare.

Paper filers do not have to serve their filings on parties receiving electronic service, but they do have to submit a certificate of service.

The court discontinued physical drop boxes when it started accepting electronic filing.

"Filing must be completed before midnight Central Time in order to be considered timely filed that day." E.D. Tex. R. CV-5(a)(3)(D).

## The District Court for the Northern District of Texas

This court was selected for this study because its rules state that pro se litigants can file electronically.

The United States District Court for the Northern District of Texas has twelve judgeships and seven office codes: Dallas (office code 3), Fort Worth (office code 4), Amarillo (office code 2), Lubbock (office code 5), Abilene (office code 1), Wichita Falls (office code 7), and San Angelo (office code 6).

The clerk's office is open from 8:30 to 4:30. Offices other than Dallas, Fort Worth, and Wichita Falls close for an hour at noon.

Electronic filing is governed by the court's ECF Administrative Procedures Manual. N.D. Tex. R. 3.1. The court's Pro Se Handbook for Civil Suits instructs pro se litigants as follows: "you must file a Complaint on paper but must file any other pleading, motion, or other paper by electronic means, unless you have been excused from this requirement for cause by the presiding judge." *Id.* § 4.G; *see* N.D. Tex. R. 5.1(e). This rule has been in place for several years. Some pro se litigants file on paper. Pro se electronic filers have the same burden as attorneys to retain originals signed by another party until a year after the case is over.

One challenge for pro se litigants using CM/ECF is that CM/ECF gives them one free look at other parties' filings, but after that they have to pay Pacer fees, and log in separately to Pacer, to see the documents if they have not saved them. Attorneys face the same challenge, but they typically acclimate to it.

When a pro se litigant files something on paper, the court's staff converts it to an electronic filing, and parties who are CM/ECF users receive electronic service.

All prisoners file on paper. The court has explored arrangements with state and federal facilities for electronic submission of prisoner filings to the court, but nothing has yet been approved. One possibility explored but not yet

adopted was a dedicated fax machine that would convert scans directly to electronic submissions to the court, and then the court's staff would docket the submissions in CM/ECF.

The court's website has a page on Emergency Filing Procedures that describes how emergency filings may be emailed to the court after hours when CM/ECF is unavailable for any reason. The court does not accept filings by fax. It no longer uses physical drop boxes, except when the court is briefly closed, such as for an annual staff development gathering.

"A pleading, motion, or other paper that is filed by electronic means before midnight central time of any day will be deemed filed on that day." N.D. Tex. R. 6.1; *id.* Crim. R. 45.1.

## The District Court for the District of Utah

This court was selected for this study at random from among the district courts.

The United States District Court for the District of Utah has five judgeships and three office codes: Central Region (office code 2), Northern Region (office code 1), and Southern Region (office code 4). The court's only intake counter is in Salt Lake City.

The clerk's office is open from 8:30 to 4:30.

Electronic filing is governed by the court's CM/ECF and E-Filing Administrative Procedures Manual [hereinafter ECF Procs.]. D. Utah Civ. R. 5-1(a). For some time, pro se parties could seek permission from the court to submit filings by email. *See* D. Utah ECF Procs. ¶ I.A.4. Judicial permission is no longer required. On the court's website is an "Email Filing and Electronic Notification Form for Unrepresented Parties." Pro se parties can register for email filing and electronic notification or judge electronic notification. Scanned signatures in email filings are sufficient. Pro se parties may not use CM/ECF. The court does not accept filings by fax.

The court does not currently have anything set up to receive electronic submissions from prisoners. Nothing precludes pro se criminal defendants from registering as email filers.

Attorneys do not open civil cases directly on CM/ECF; they email the complaint and the civil cover sheet to the clerk's office, which then opens the case. Criminal cases are opened on paper indictments. Informations are usually received by email.

Attorneys do not have electronic access to sealed filings. Filings in sealed cases, such as criminal cases before the defendants have appeared, must be emailed to the court. CM/ECF can be used to file sealed filings in cases not otherwise sealed, but the filers will not be able to see the filings on CM/ECF.

Paper and email filers do not have to serve other parties who are already receiving electronic service.

The court does not have a drop box. The assistant marshals asked the court to stop using one when the court moved to its new building.

Concerns about allowing pro se litigants to use CM/ECF include proper use of event codes, proper formatting of PDFs, and adherence to redaction requirements.

## The District Court for the Eastern District of Virginia

This court was selected for this study because although its rules state that pro se electronic filing is not permitted, we observed in the filing-time project pro se electronic filing in 2018.

The United States District Court for the Eastern District of Virginia has eleven judgeships and four office codes: Alexandria (office code 1), Richmond (office code 3), Norfolk (office code 2), and Newport News (office code 4).

The clerk's office is open from 8:30 to 5:00.

Electronic filing is governed by the court's Electronic Case Filing Policies and Procedures. E.D. Va. Civ. R. 1(A); *id.* Crim. R. 1(A). Pro se litigants are prohibited from filing documents electronically. E.D. Va. Electronic Case Filing Policies and Procedures at 12; E.D. Va. Pro Se Reference Handbook at 7. On some occasions, judges have granted exceptions to this rule and allowed pro se litigants to use CM/ECF. Their permissions are set so that they can file only in their cases.

Filing by email or fax is not permitted.

More expansive opportunities for electronic filing by pro se litigants would save court staff a lot of time spent scanning documents.

Attorneys in this district can open cases directly in CM/ECF.

Paper filers are required to serve other parties on paper, even parties receiving electronic service. Case managers scrutinize certificates of service.

The courthouses have drop boxes outside the clerk's offices but inside the buildings. The buildings are open until 6:30, but members of the public generally are not admitted after 5:00, closing time for the clerk's office. Sometimes a security officer will allow someone access to the drop box after 5:00. At the drop box is a time stamp and a telephone connection to the clerk's office. The drop boxes were put in place to mitigate personal contact during the COVID-19 pandemic.

## The District Court for the Eastern District of Washington

This court was selected for this study because its rules state that pro se electronic filing is possible for prisoners.

The United States District Court for the Eastern District of Washington has four judgeships and three office codes: Spokane (office code 2), Yakima (office code 1), and Richland (office code 4).

The clerk's office is open from 9:00 to 4:30.

Electronic filing is governed by the court's ECF Administrative Procedures [hereinafter ECF Procs.]. E.D. Wash. Civ. R. 3(b)(1). "Self-represented filers (pro se) may, but are not required to, electronically file documents and register in the System." E.D. Wash. ECF Procs. ¶ III.B.3.

> A non-prisoner who is a party to a civil action and who is not represented by an attorney may file a motion to obtain a ECF Filing Authorization on a form prescribed by the clerk's office. Only after the court has granted such a motion may a pro se party attempt to register for ECF.

*Id.* ¶ IV.A.2.a. Electronic filing privileges are granted by the presiding judge on a case-by-case basis for pending cases.

> A prisoner who is a party to a civil action, is not represented by an attorney and resides in a correction facility that participates in the prison electronic filing initiative is required to adhere to the procedures established in General Orders 15-35-1 and 16-35-1, absent a court order to the contrary.

*Id.* ¶ IV.A.3.a. All state prisoners must present pro se filings to their prison librarian, who scans them and submits them electronically to the court. The librarian receives electronic notice of other parties' filings and prints them out for the pro se prisoners. There is no federal facility in the state, and county jails do not participate in the electronic submission program.

The court does not receive original signatures this way, but neither does the court retain original signatures with paper filings.

Paper service by paper filers is not required on parties who have agreed that electronic service is enough.

"At this time, pro se filers are not permitted to electronically file new cases. Only prisoners assigned to facilities participating in the prison electronic filing initiatives are permitted to file new cases electronically." E.D. Wash. ECF Procs. ¶ V.B.2.

The court has a pro se criminal defendant who is not detained, who does not have standby counsel, and who has been granted use of CM/ECF.

The court does not accept filings by email or fax, aside from electronic submissions by prisoners. The court uses a physical drop box only when the court is closed, such as because of COVID-19.

"Unless otherwise ordered by the court, filing deadlines shall be Midnight Pacific Time on the day the documents are required to be filed." E.D. Wash. ECF Procs. ¶ II.E.

## The District Court for the Western District of Washington

This court was selected for this study because its rules state that pro se litigants can file electronically.

The United States District Court for the Western District of Washington has seven judgeships and two office codes: Seattle (office code 2) and Tacoma (office code 3).

The clerk's office is open from 9:00 to 4:00.

Electronic filing is governed by the court's Electronic Filing Procedures for Civil and Criminal Cases [hereinafter ECF Procs.]. *See* W.D. Wash. Civ. R. 5(d). Pro se parties may register to use CM/ECF, but they may not initiate cases electronically. W.D. Wash. R. 5(d); W.D. Wash. ECF Procs. §§ I.A, III.B. The litigant registers as a Pacer user, and then the court grants the user filing

privileges for a specific case. The pro se user cannot use CM/ECF to file complaints the way that attorneys can, because the privileges are tied to an existing case number. Pro se litigants can, however, email their complaints to the court. The court has allowed pro se use of CM/ECF since the beginning, and privileges have seldom been revoked.

One challenge with pro se electronic filing is that the filings sometimes include personal information that should be sealed. The court staff could catch that before filing when documents were presented on paper. Now corrections are made after filing.

The court has established a Prisoner E-Filing Initiative for prisoners to submit filings to the court electronically. W.D. Wash. ECF Procs. § III.B. All prisoners in Washington's state facilities submit filings to the court electronically. Prison librarians scan and email the filings. Prison librarians also receive electronic notices for the prisoners and convert them into paper documents. There is no such process for federal or local facilities. Before the E-Filing Initiative, there were complaints about prison mail, and electronic submissions mitigate that issue.

Criminal cases are opened by the court staff on paper filings. On a couple of occasions, judges have granted pro se criminal defendants CM/ECF filing privileges.

Aside from submissions from prisoners and other pro se complaints, the court does not accept filings by email.

There is a drop box at each of the court's intake counter locations. The drop boxes are available when the buildings are open, and they facilitate social distancing. There is a date stamp at each.

This is one of the courts that no longer accepts cash for filing fees.

"Unless otherwise ordered by the court, filing deadlines shall be 11:59 PM Pacific Time on the day the pleadings are to be filed." W.D. Wash. ECF Procs. § I.B.

## The District Court for the Western District of Wisconsin

This court was selected for this study at random from among the district courts. It is one of the district courts with rules stating that pro se litigants can file electronically.

The United States District Court for the Western District of Wisconsin has two judgeships and one office code: Madison (office code 3).

The clerk's office is open from 8:00 to 4:30.

Electronic filing is governed by the court's Electronic Filing Procedures for the United States District Court for the Western District of Wisconsin. The procedures define filing user as "a lawyer or pro se party who has a registered username and password to file documents electronically in this court." *Id.* § I. The court's pro se guide explicitly tells pro se litigants, "You can file your documents electronically." W.D. Wis. Guide for Litigants Without a Lawyer at 38.

Nonprisoner pro se litigants do not need special permission to register as CM/ECF users in existing cases, just an email address and an ability to create PDFs. Their obligation to retain originals is the same as attorneys'.

Pro se litigants are not permitted to use CM/ECF to open cases, however. Nor are criminal defendants permitted to use CM/ECF; there are too many background features and schedules that would be adversely affected if something was filed incorrectly.

Some of the prisons have a way for a pro se litigant to present a filing to a prison librarian who will scan and email the filing to the court. The court generally does not otherwise accept filings by email or fax. The court would be amenable to procedures that allowed prisoners to file electronically pro se from the prisons.

The court does not have a drop box. It had one briefly during a COVID-19 shutdown.

## Bankruptcy Courts

### The Bankruptcy Court for the Northern District of Alabama

This court was selected for this study at random from among the bankruptcy courts.

The United States Bankruptcy Court for the Northern District of Alabama has five judgeships and four office codes: Birmingham (office code 2), Decatur (office code 8), Tuscaloosa (office code 7), and Anniston (office code 1). *See* Bankr. N.D. Ala. R. 1071-1. Each office has an intake counter.

The clerk's office is open from 8:00 to 4:00.

Electronic filing is governed by the court's Administrative Procedures for Filing, Signing, Retaining, and Verification of Pleadings and Papers in the Case Management/Electronic Case Filing (CM/ECF) System. Bankr. N.D. Ala. R. 5005-4. The court does not permit pro se use of CM/ECF. Pro se creditors can use the court's electronic proof of claim (ePOC) portal.

During the COVID-19 pandemic, the court accepted filings by email and suspended the requirement for original signatures. But the court is again accepting pro se filings only on paper. When it accepted filings by email, the court sometimes received improper submissions, such as redundant pleadings or legal questions.

The court no longer accepts cash for filing fees, and it does not have a drop box. In an emergency, a party can contact the court by telephone and make special arrangements for filing.

The court is considering use of the electronic self-representation (eSR) module used by some other courts for the electronic submission of pro se bankruptcy petitions to the court, but the court does not have a very large pro se debtor caseload.

## The Bankruptcy Court for the Central District of California

This court was selected for this study because it is one of the bankruptcy courts that has an electronic self-representation (eSR) portal.

The United States Bankruptcy Court for the Central District of California has twenty-one judgeships and five office codes: Los Angeles (office code 2), Riverside (office code 6), Santa Ana (office code 8), San Fernando Valley (office code 1), and Santa Barbara (Northern Division, office code 9).

The clerk's office is open from 9:00 to 4:00. Bankr. C.D. Cal. Ct. Man. § 1.1.

Electronic filing is governed by the court's Rule 5005-4 and the court's CM/ECF Procedures, which are section 3 of the Court Manual.

On rare occasions, the court has permitted electronic filing by pro se litigants. In one case, the litigant already had successfully filed electronically in the district court with the district court's permission, and the presiding bankruptcy judge granted the litigant permission to file electronically in a bankruptcy case.

The court's website offers an Electronic Self-Representation (eSR) Bankruptcy Petition Preparation System for Chapter 7 and Chapter 13. Originally, the court offered eSR only for chapter 7 cases, because chapter 13 cases are much more likely to fail without attorney representation. During the COVID-19 pandemic, when the courthouse was closed, the court began to allow the use of eSR for chapter 13 cases, and it kept the chapter 13 option with cooperation of the local bar in linking chapter 13 debtors with attorneys. The court tries to balance the promotion of electronic tools for pro se litigants with the encouragement of qualified legal representation.

Using eSR requires registration with an email address and a password. It results in a petition that is submitted electronically to the court. Filing requires the additional preparation of local forms and payment, which are returned in person or by mail. The local forms for chapter 13 cases are more complex than the local forms for chapter 7 cases. The court no longer accepts cash, and it does not accept personal checks or credit cards from pro se debtors.

When pro se debtors submit petitions either in person or using eSR, they are asked to provide identification, but they are not required to. It is permissible for family members or close friends to assist debtors' use of eSR, but the court is vigilant against the use of eSR by professional filing assistants, who often have words like "legal," "paralegal," or "notary" in their email addresses.

Once a case is open, the court will accept pro se filings by email.

Four of the five courthouses—all except Santa Ana—have physical drop boxes in the building lobbies outside the clerk's offices. The court discontinued the use of drop boxes after September 11, 2001, but it resumed their use when the courts were closed for the COVID-19 pandemic. The drop boxes are available after court hours, but only until the building closes to the public. Documents are date stamped when retrieved by the court's staff. Documents retrieved first thing in the morning, before the clerk's office opens, are stamped with the previous day's date.

The court also uses an Electronic Drop Box, and its website states the following:

> The Electronic Drop Box (EDB) is a tool available to self-represented litigants that enables them to upload court documents for filing electronically in bankruptcy cases and adversary proceedings pending in this District. Once you are determined to be eligible to use the Electronic Drop Box, the court will provide you with a link to upload your documents. After the court reviews the uploaded document it will be filed with the court.

"Filing must be completed before midnight, Pacific Standard or Daylight Saving Time, whichever is then in effect, to be considered timely filed that day." Bankr. C.D. Cal. Ct. Man. § 3.3(b).

## The Bankruptcy Court for the District of Delaware

This court was selected for this study at random from among the bankruptcy courts.

The United States Bankruptcy Court for the District of Delaware has eight judgeships and one office code: Wilmington (office code 1).

The clerk's office is open from 8:00 to 4:00. Bankr. Del. R. 5001-2(a).

Electronic filing is governed by the court's Rule 5005-4 and the court's Administrative Procedures for Electronically Filed Cases. "[T]he District Court's standing order dated October 2, 2014, requiring that all electronic filings be submitted by 6:00 p.m. Eastern Time will not apply to filings that are made in the Bankruptcy Court." *Id.* R. 1001-1(f). Filings in bankruptcy cases are much more of a twenty-four-hour enterprise.

Pro se litigants are not permitted to file electronically. During the court's COVID-19 closure, the court established a web page that allowed a pro se filer to initiate a case online; the website emailed the petition to the clerk's office. Only one filer took advantage of that process, and the court discontinued it when the office opened again.

There is a twenty-four-hour drop box in the lobby of the commercial building where the court sits. There is a time stamp at the drop box. Filings are retrieved every morning.

A big challenge for permitting debtors to file petitions online is proof of identity. Payment is also a challenge, because once the petition is filed, the debtor's personal checks and credit cards are no longer usable.

## The Bankruptcy Court for the Middle District of Georgia

This court was selected for this study because it has rules stating that pro se litigants can file electronically with permission.

The United States Bankruptcy Court for the Middle District of Georgia has three judgeships and six office codes: Macon (office code 5), Albany (office code 1), Valdosta (office code 7), Athens (office code 3), Columbus (office code 4), and Thomasville (office code 6). There are intake counters in Macon and Columbus. The Thomasville location closed several years ago.

The clerk's office is open from 8:30 to 5:00.

Electronic filing is governed by the court's Rule 5005-4 and the court's Clerk's Instructions, especially "II. Filing Information and Requirements." Pro se parties whom the clerk determines file frequently can register as CM/ECF users. Bankr. M.D. Ga. R. 5005-4(a)(2). Judges have granted permission in approximately two cases. In those cases, the debtors were able to use CM/ECF to file their petitions. One of the debtors overused the privilege and tried to file excessive appeals. Most requests are declined after determining that the debtors are unsuitable candidates.

The court is considering the use of the electronic self-representation (eSR) module used by some other courts for the electronic submission of pro se bankruptcy petitions to the court, but the court is concerned about the technical sophistication required to use it. The court is also concerned about the amount of staff time that might be required to fix faulty submissions.

Pro se creditors can receive limited CM/ECF privileges, or they can use the court's electronic proof of claim (ePOC) portal.

The court has traditionally accepted filings be email if travel to the court would be a hardship or regular mail would be too slow. During the COVID-19 pandemic, the court began accepting filings by email more generally. A concern with email submissions is identification verification.

The court does not have a drop box.

Paper filers are not required to serve other parties receiving electronic service.

## The Bankruptcy Court for the District of Hawaii

This court was selected for this study at random from among the bankruptcy courts.

The United States Bankruptcy Court for the District of Hawaii has one judgeship and one office code: Honolulu (office code 1).

The clerk's office is open from 8:30 to noon and from 1:00 to 4:00.

Electronic filing is governed by the court's Rule 5005-4. "The clerk may authorize [individuals other than attorneys] to be ECF Users with full or limited participation in the CM/ECF system, including an unrepresented individual." *Id.* R. 5005-4(b)(1). Creditors and pro se litigants have limited CM/ECF menus. Pro se litigants' electronic filing privileges are limited to the cases for which they receive permission, and the privileges expire at the end of their cases. The single bankruptcy judge in the district delegated approval responsibilities to the clerk's office; pro se CM/ECF filing privileges are obtained by written application. Pro se litigants cannot open cases electronically.

Pro se litigants who file on paper have to serve on paper only parties who do not receive electronic service. Certificates of service are supposed to detail who gets service electronically and who gets service on paper.

The court transitioned to NextGen CM/ECF in November 2021, and NextGen makes granting electronic filing privileges to pro se litigants more complicated.

Electronic filing is regarded as a privilege. An attorney's electronic filing privileges were revoked when the attorney opened a case that was not supported by a signed petition.

On rare occasions, the judge has granted permission for some litigants to submit filings to the court by email or fax. The court does not have a drop box.

"Filing must be completed by 11:59 p.m. Hawaiian Standard Time as recorded by the court's CM/ECF server in order to be considered timely filed that day." Bankr. Haw. R. 5005-4(c)(3).

## The Bankruptcy Court for the Central District of Illinois

This court was selected for this study because it has rules stating that pro se litigants can file electronically with permission.

The United States Bankruptcy Court for the Central District of Illinois has three judgeships and three office codes: Peoria (office code 1), Springfield (office code 3), and Urbana (office code 2).

The clerk's office is open from 8:00 to 5:00.

The district court's local rules govern cases in the district's bankruptcy court. Electronic filing is governed by the district court's Civil Rules 5.2 through 5.9 and by the bankruptcy court's Administrative Procedures for the Case Management/Electronic Case Filing System. "Pro se parties are not required to register for electronic filing but may apply to the court for leave to file electronically." C.D. Ill. Civ. R. 5.2. One pro se debtor has requested and received CM/ECF filing privileges in the past several years.

The court also accepts electronic submissions through its Electronic Documents Submission System (EDSS). Pro se debtors can submit both petitions and later filings this way. The court allows the "/s/" format for signatures. Payment of the filing fee would have to be delivered to the court promptly, but all users have requested fee waivers or installments.

The COVID-19 pandemic showed how important electronic forms of communication are. The court borrowed code from another court to set up its EDSS, which took several hours to install and test.

Pro se creditors can be granted limited filing privileges in CM/ECF after training, or they can use EDSS. Pro se creditors can also use the court's electronic proof of claim (ePOC) portal.

The court does not accept filings by email or fax.

The court has a drop box at each of its locations, just inside the front door on the ground floor. The intake counter is on the second floor, so the drop box helps to maintain social distancing.

The court still accepts cash at the counter, but exact change is required. Cash should not be put in the drop box.

"A document filed electronically by 11:59 p.m. central standard time will be deemed filed on that date." C.D. Ill. Civ. R. 5.7(A)(3); *id.* Crim. R. 49.6(B)(4).

## The Bankruptcy Court for the Northern District of Indiana

This court was selected for this study at random from among the bankruptcy courts.

The United States Bankruptcy Court for the Northern District of Indiana has three judgeships and four office codes: Hammond (office code 2), Fort Wayne (office code 1), South Bend (office code 3), and Lafayette (office code 4). The clerk has an intake counter at all four locations.

The clerk's office is open from 9:00 to 4:00.

Electronic filing is governed by the court's Seventh Amended Order Authorizing Electronic Case Filing, *In re Electronic Case Filing* (Jan. 14, 2022) [hereinafter ECF Order]. Pro se debtors are not permitted to use CM/ECF. Pro se creditors, especially frequent filers, can receive limited CM/ECF privileges.

The court does not accept filings by email or fax. It uses drop boxes only when the staff is not present for some occasional reason. The court will accommodate requests for emergency filings.

Paper filers do not have to separately serve parties already receiving electronic service.

Currently, about 2% of the court's cases have pro se debtors. Because of the low number of pro se filings, the court does not have a formal program to assist pro se filers, but neither does it discourage them. Access to representation may be more important than ease of pro se filing given the long-term consequences of a bankruptcy petition. Making pro se filing easier without also ensuring debtors have a sufficient opportunity to determine if bankruptcy is really the right choice may not be the best approach. The court's local practice and procedures committee has looked into this question on several occasions and concluded that programs sponsored by the various county bar associations and legal service organizations adequately balance these concerns, so no formal court-sponsored program is necessary.

"Filing in the Northern District of Indiana must be completed before midnight in South Bend, Indiana, where the court's ECF server is located, to be considered filed that day." ECF Order ¶ 7.

## The Bankruptcy Court for the District of Kansas

This court was selected for this study because it has rules stating that pro se litigants can file electronically with permission.

The United States Bankruptcy Court for the District of Kansas has four judgeships and three office codes: Kansas City (office code 2), Wichita (office code 6), and Topeka (office code 5).

The clerk's office is open from 9:00 to 4:00.

Electronic filing is governed by the court's Rule 5005.1 and the court's Administrative Procedures for Filing, Signing, and Verifying Pleadings and Documents by Electronic Means [hereinafter ECF Procs.], which is appendix 1-01 to Rule 5005.1. "If the court permits, a party to a pending action who is not represented by an attorney may register as a Filing User in the Electronic Filing System solely for purposes of the action." Bankr. Kan. ECF Procs. ¶ II.B. In

practice, pro se debtors have not been granted CM/ECF filing privileges, but some pro se creditors have been granted limited CM/ECF filing privileges.

The court accepts filings from pro se debtors by email as well as by regular mail, and this includes the bankruptcy petition. The court's "How to File" webpage under "Filing Without an Attorney" provides an email address for each of the three court offices.

For creditors, the court offers several KASBFastFile options for uploading filings without the need for a CM/ECF account: electronic proof of claim (ePOC), electronic reaffirmation agreement (eReaf), and electronic request for notice.

During the COVID-19 pandemic, the court relaxed requirements for wet signatures. A local rule amended on March 17, 2022, keeps in place some relaxation. D. Kan. Bankr. R. 9011.4. A copy of a handwritten signature is sufficient for pro se debtors. For a filing by an attorney that includes someone else's signature, an electronic signature using something like DocuSign suffices if the attorney vouches for the authenticity of the signature. DocuSign signatures are not sufficient for pro se parties.

Paper (or email) filers do not have to separately serve other parties already receiving electronic service.

The court does not have a drop box, but it does have a mail slot at each location that is available when the building is open. Also, if a filer were to knock on the door and there was someone in the office, a filing would be accepted.

The court accepts cash, but exact change is required.

"Filing must be completed before midnight local time where the court is located in order to be considered timely filed that day." Bankr. Kan. ECF Procs. ¶ III.D.

The court is considering use of the electronic self-representation (eSR) module used by some other courts for the electronic submission of pro se bankruptcy petitions to the court. The court would like to see improvements in electronic noticing so that all parties can receive electronic notices instantaneously. A way for pro se debtors to pay filing fees electronically also would be helpful.

## The Bankruptcy Court for the Eastern District of Kentucky

This court was selected for this study at random from among the bankruptcy courts.

The United States Bankruptcy Court for the Eastern District of Kentucky has two judgeships and six office codes: Lexington (office code 5), Covington (office code 2), London (office code 6), Pikeville (office code 7), Frankfort (office code 3), and Ashland (office code 1). The court relinquished its space in Frankfort to the district court and now hears Frankfort cases in Lexington, about forty-five minutes away. The court's intake counter is in Lexington.

The clerk's office is open from 9:00 to 3:00.

Electronic filing is governed by the court's Rule 5005-4 and the court's Administrative Procedures Manual [hereinafter ECF Procs.]. The court does not permit either debtors or other parties appearing pro se to use CM/ECF. Because of the COVID-19 pandemic, the court set up an email address for electronic submissions by pro se parties. The court is very pleased with how this has worked and plans to keep this option. Counter traffic has dropped substantially since virtual filing was adopted.

Virtual filings received after the clerk's office closing time of 3:00 p.m. generally are regarded as received on the following day. Paper originals are required within two weeks, and they will include wet signatures. For filing fees, the court accepts cash and money orders, but not electronic payments. There is a bank in the same building as the court, which facilitates both payment by money order and depositing of cash by the court. The court does not make change.

The court is considering the use of the electronic self-representation (eSR) module used by some other courts for the electronic submission of pro se bankruptcy petitions to the court. The court has adopted the courts' electronic submission modules for proofs of claim, requests for service, and reaffirmation agreements. These submission modules provide for electronic signatures.

The court otherwise does not generally accept filings by email or fax. The court does not have a drop box.

Use of CM/ECF by attorneys, which is required, generally constitutes waiver of separate service, so paper servers do not generally have to separately serve parties receiving electronic service. Bankr. E.D. Ky. ECF Procs. § V.

The court is very interested in expanded opportunities for electronic submissions.

## The Bankruptcy Court for the Eastern District of Louisiana

This court was selected for this study because it is one of the bankruptcy courts that has an electronic self-representation (eSR) portal.

The United States Bankruptcy Court for the Eastern District of Louisiana has two judgeships and one office code: New Orleans (office code 2).

The clerk's office is open from 8:30 to 4:30.

Electronic filing is governed by the court's Rule 2014-1(D) and the court's Administrative Procedures Manual.

The court does not allow pro se use of CM/ECF. Pro se debtors can submit petitions electronically using the court's online tool: Electronic Self-Representation (eSR) Bankruptcy Petition Preparation System for Chapter 7 and Chapter 13. Within ten days of submission, the debtor must provide in paper form a signed declaration, a Social Security statement, and a credit counseling form as well as payment of the filing fee. The case is opened upon initial submission, but it is dismissed if not completed. Users of eSR can receive electronic notice of other parties' filings; pro se debtors who do not use eSR cannot.

Pro se creditors can file claims using the court's electronic proof of claim (ePOC) portal.

Pro se debtors can file emergency petitions by fax (or email during the COVID-19 pandemic) outside of the court's operating hours, but then must file the originals by noon on the next court day.

When the court closed because of the COVID-19 pandemic, it established a drop box with a time stamp available. When the court reopened, the drop box was available only for persons declining to comply with the building's vaccination and testing requirements. When those requirements were lifted, the drop box was removed.

## The Bankruptcy Court for the District of Massachusetts

This court was selected for this study at random from among the bankruptcy courts.

The United States Bankruptcy Court for the District of Massachusetts has five judgeships and three office codes: Boston (office code 1), Worcester (office code 4), and Springfield (office code 3).

The clerk's office is open from 8:30 to 5:00.

Electronic filing is covered by the court's Electronic Filing Rules [hereinafter ECF R.], Bankr. Mass. R. app. 8; *see id.* R. 9036-1, and the court's ECF User Manual.

Pro se parties are not permitted to file using CM/ECF, but to accommodate the COVID-19 pandemic the court now accepts filings from pro se litigants by email and fax. If an emailed petition does not come with a request for a fee waiver or installment payments, then the court issues a notice of deficiency and payment can follow. A scanned signature is required within thirty days, and an original must be produced if requested.

The court uses drop boxes only when the court is closed for some reason, such as during the COVID-19 pandemic.

"[W]here the Court orders that filing must be completed by a specific date but does not specify the time, entry of the document into the ECF System must be completed before 4:30 Eastern Standard (or Daylight, if applicable) Time in order to be deemed timely filed." Bankr. Mass. ECF R. 3(c)(2).

## The Bankruptcy Court for the Eastern District of Missouri

This court was selected for this study at random from among the bankruptcy courts. It is one of the bankruptcy courts that has an electronic self-representation (eSR) portal.

The United States Bankruptcy Court for the Eastern District of Missouri has three judgeships and three office codes: St. Louis (office code 4), Cape Girardeau (office code 1), and Hannibal (office code 2). The court's only intake counter is in St. Louis.

The clerk's office is open from 8:30 to 4:30.

Pro se debtors can file petitions using the court's eSR module. This facilitates the filing of a petition, statements, schedules, and the creditor matrix, but not any filings after a case's opening. Users of eSR must submit a signed dec-

laration and payment separately, and the petition is not filed until that happens. The court has had two dozen users since it began offering eSR in April 2021. On a few occasions, someone began to use it, but they did not go all the way through to complete the petition.

The court does not otherwise accept filings by email or fax, except in the occasional emergency.

The court accepts cash as a payment option, retaining that option to promote access to justice. But exact change is required. The court lets debtors know this in advance.

Pro se debtors may not register for CM/ECF filing privileges. Institutional and professional pro se creditors may receive limited CM/ECF filing privileges; other pro se creditors can use the court's electronic proof of claim (ePOC) portal.

Paper filers must file certificates of service showing service on other parties, even if the other parties receive electronic service.

The eSR portal facilitates the filing of a petition, but not anything else. An electronic drop box for later filings would be cost prohibitive, because of the security protections it would have to include. It would be an easier option for a court with more cases, and that difference presents an access-to-justice issue.

It is not common for debtors to proceed pro se in this court. The local bar has worked hard to make representation affordable.

"All documents filed by an attorney shall be filed electronically in accordance with the procedures for electronic case filing set forth in the Procedures Manual." Bankr. E.D. Mo. R. 5005.A; *see* Bankr. E.D. Mo. Procs.

## The Bankruptcy Court for the District of Nebraska

This court was selected for this study at random from among the bankruptcy courts.

The United States Bankruptcy Court for the District of Nebraska has two judgeships and two office codes: Omaha (office code 8) and Lincoln (office code 4).

The clerk's office is open from 8:00 to 4:30.

Electronic filing is governed by the court's Rule 5005-1.A.

The court is not in a big hurry to implement the electronic self-representation (eSR) module for submission of bankruptcy petitions used by some other courts. Pro se creditors can receive limited CM/ECF privileges for specific filings.

The court's local rules permit fax submissions of filings in an emergency. Bankr. Neb. R. 5005-1.B. Email submissions are accepted on a very limited basis.

Because of the COVID-19 pandemic, the court established a drop box, which is available when the federal building is open. There is a time stamp at the drop box. The filing fee cannot be submitted there; it must be mailed.

## The Bankruptcy Court for the District of New Jersey

This court was selected for this study because it is one of the bankruptcy courts that has an electronic self-representation (eSR) portal.

The United States Bankruptcy Court for the District of New Jersey has eight judgeships and three office codes: Newark (office code 2), Camden (office code 1), and Trenton (office code 3).

The clerk's office was open from 8:30 to 4:00 before the COVID-19 pandemic. Now the counter has limited hours: from 10:00 to 2:00. (Until March 21, 2022, the court's counter hours were further limited to Tuesday through Thursday.) Many members of the court's staff frequently work remotely now.

Electronic filing is governed by the court's Rule 5005-1. The court does not permit pro se litigants to use CM/ECF.

The court, however, is one of the courts that offers pro se debtors a way to submit their petitions electronically: a web page dedicated to Submitting a Bankruptcy Package Electronically (eSR). After the debtor submits the petition, the debtor receives an email requesting additional documents, including the social security number declaration, which is filed separately and restricted from public view.

The filing fee must be paid conventionally, either in person or by mail. Only money orders and certified checks are accepted; the court has not accepted cash for more than fifteen years.

The courthouses have drop boxes that are available outside of the clerk's office hours, but only when the buildings are open. Entry to the buildings requires proof of COVID-19 vaccination or a recent negative test. (The wearing of a face mask also was required until March 16 of this year.) Sometimes members of the clerk's staff have met debtors outside the building to receive documents. Although the counter has limited hours, counter service is available outside those hours by appointment.

The predecessor to eSR was called Pathfinder; New Jersey was a pilot court for that project. It was discontinued when the court moved to NextGen CM/ECF because of incompatibility. The court adopted eSR when the NextGen-compatible eSR module was developed.

A great benefit of eSR is that court staff members do not have to decipher handwriting. But sometimes there is a lot of back and forth with a debtor to get the papers prepared properly. Sometimes face-to-face contact is more efficient than remote contact.

## The Bankruptcy Court for the District of New Mexico

This court was selected for this study at random from among the bankruptcy courts. It is one of the bankruptcy courts that has an electronic self-representation (eSR) portal.

The United States Bankruptcy Court for the District of New Mexico has two judgeships and one office code: Albuquerque (office code 1).

The clerk's office is open from 8:30 to 4:00.

Electronic filing is governed by the court's Rule 5005-2. Pro se parties may be granted permission to use CM/ECF. *See id.* R. 5005-3.

Electronic submission of bankruptcy petitions by chapter 7 pro se debtors is possible using the court's eSR portal, but that is used only rarely. The local bar is concerned about eSR's impact on their practice. A user of eSR must separately submit a paper signature page and pay the filing fee.

The court developed an electronic drop box (EDB) for use by pro se litigants, with the permission of the presiding judge. The clerk's office reviews the electronic submissions and transfers them to the case record. Scanned signatures are accepted.

Since the beginning of the COVID-19 pandemic, the court has accepted personal checks for filing fees, because of the difficulties during the pandemic of getting money orders. The court accepts cash, but it discourages cash payments because of the difficulties sometimes of making change. The court accepts debit card payments, but not credit card payments, from pro se debtors.

Paper filers are not required to separately serve other parties receiving electronic service.

The bankruptcy court and the district court jointly used a drop box during the COVID-19 pandemic closure, but they do not use it now that the courts are open again.

Interest in joining the local bankruptcy bar is mitigated by low bankruptcy filing rates. The U.S. trustees' decision to start doing section 341 creditor meetings by Zoom has made out-of-state attorneys more interested in practicing in New Mexico.

"Unless otherwise ordered, any paper filed electronically must be filed before midnight local time to be considered timely filed that day." Bankr. N.M. R. 5005-2(b).

## The Bankruptcy Court for the Southern District of New York

This court was selected for this study because it has a filing deadline relevant to another study.

The United States Bankruptcy Court for the Southern District of New York has nine judgeships and three office codes: Manhattan (office code 1), Poughkeepsie (office code 4), and White Plains (office code 7).

The clerk's office is open from 8:30 to 5:00. Bankr. S.D.N.Y. R. 5001-1.

"This Court has authorized the limited use of the [electronic filing system] by non-attorneys who obtain a limited-access account." Bankr. S.D.N.Y. Procedures for the Filing, Signing, and Verification of Documents by Electronic Means ¶ I.A.2; *see id.* ¶ I.B. This does not include pro se debtors. With a very large caseload, the court already has to manage CM/ECF accounts for more than twenty thousand attorneys.

Because of the COVID-19 pandemic, the court has accepted filings using an online uploader. Scanned signatures are treated as originals. The court is exploring using the electronic self-representation (eSR) portal used by some other courts for the electronic submission of pro se bankruptcy petitions to

the court, but because eSR only provides a way to submit the petition, other electronic submissions would have to be received a different way. The court is concerned that having to use two different methods to file would be confusing. The court is looking for the best way to expand electronic submission.

Cash, cashier's checks, and money orders are accepted for filing fees. The challenge with using Pay.gov is disabling payment methods, such as credit cards, that the court does not accept from pro se debtors.

The courthouses have drop boxes. In Manhattan, documents can be left in the district court night box, which is available at all hours. There are time stamps at the drop boxes.

Because email notification does not always constitute service, paper filers generally must still serve other parties with their filings, even if the other parties receive electronic service.

Unless an earlier deadline is set, filings are due at midnight on the day due. But motion replies generally must be received by 4:00 p.m. three days before the hearing. Bankr. S.D.N.Y. R. 9006-1(b).

## The Bankruptcy Court for the Western District of New York

This court was selected for this study at random from among the bankruptcy courts.

The United States Bankruptcy Court for the Western District of New York has three judgeships and two office codes: Buffalo (office code 1) and Rochester (office code 2).

The clerk's office is open from 8:00 to 4:30.

Electronic filing is governed by the court's Amended Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers Electronically [hereinafter ECF Procs.]. "Parties proceeding *pro se* . . . will not be permitted to file electronically and must follow all filing requirements of the Bankruptcy Rules and Local Rules." *Id.* § 1.A.3. Even individual creditors appearing pro se must file on paper. Institutional creditors can receive limited CM/ECF filing privileges.

Over the past five years, the percentage of cases that are pro se has ranged from 2% to 4%.

There are drop boxes with time stamps at the clerk's two locations, in buildings that open a little earlier and close a little later than the clerk's offices do. The drop boxes are infrequently used. The clerk's offices never closed altogether for the COVID-19 pandemic. A filer who comes to the court usually comes to the counter.

"Filings are considered timely if received by the Court before midnight on the date set as a deadline, unless the presiding Judge specifically requires an earlier filing, such as by the close of business." Bankr. W.D.N.Y. ECF Procs. § 3.D.2.

## The Bankruptcy Court for the Western District of North Carolina

This court was selected for this study at random from among the bankruptcy courts.

The United States Bankruptcy Court for the Western District of North Carolina has two judgeships and five office codes: Charlotte (office code 3), Statesville (office code 5), Shelby (office code 4), Asheville (office code 1), and Bryson City (office code 2).

The clerk's office is open in Charlotte from 8:30 to 12:30 and from 1:30 to 4:30.

The court's Rule 5005-1 governs electronic case filing. *See also* Administrative Order Adopting Electronic Case Filing Procedures, *In re Order in Aid of Case Administration: Electronic Case Filing Procedures* (Feb. 2, 2001).

The only time that the court ever accepted pro se filings electronically was by email earlier in the COVID-19 pandemic.

## The Bankruptcy Court for the Northern District of Oklahoma

This court was selected for this study at random from among the bankruptcy courts with rules stating that pro se electronic filing is not permitted.

The United States Bankruptcy Court for the Northern District of Oklahoma has two judgeships and one office code: Tulsa (office code 4).

The clerk's office is open from 8:30 to 4:30, except that it closes at 3:00 on Tuesdays.

Electronic filing is governed by the court's CM/ECF Administrative Guide of Policies and Procedures [hereinafter ECF Procs.], the first appendix to the court's local rules. "Generally, parties proceeding pro se will not be authorized to file electronically." *Id.* ¶ III.B.

Pro se debtors cannot receive notices electronically. The court does not use the Bankruptcy Noticing Center for service of orders and notices on pro se debtors, because the BNC is not required to notify the court when notices are returned as undeliverable. The court does use the BNC for pro se creditors.

The court plans to use the electronic self-representation (eSR) module used by some other courts for the electronic submission of pro se bankruptcy petitions to the court, but setting that up is not currently a high priority.

Creditors can use the court's electronic proof of claim (ePOC) portal. Creditors who file many transfers of claims pro se may be granted limited CM/ECF privileges.

Paper filers must serve even parties receiving electronic service.

The court does not have a drop box. The counter did not close during the COVID-19 pandemic. The Department of Homeland Security advised against a drop box outside the courthouse building.

"Filing must be completed before midnight Central Time in order to be considered timely filed that day." Bankr. N.D. Okla. ECF Procs. ¶ II.B.

## The Bankruptcy Court for the Western District of Oklahoma

This court was selected for this study because it has rules stating that pro se litigants can file electronically with permission.

The United States Bankruptcy Court for the Western District of Oklahoma has three judgeships and one office code: Oklahoma City (office code 5).

The clerk's office is open from 8:30 to 4:30.

Electronic filing is governed by the court's Administrative Guidelines for Electronic Case Filing, appendix A of the court's Rules, Bankr. W.D. Okla. R. 1001-1.E, 5005-1.A, and the court's CM/ECF Style Guide. "Pro se parties and bankruptcy petition preparers will not be Registered [CM/ECF] Participants, unless permitted by the Court." Bankr. W.D. Okla. R. app. A § 5.A.

In practice, pro se debtors do not use CM/ECF. Until recently, the court did not use the electronic self-representation (eSR) portal that some other courts use; instead, it developed during the COVID-19 pandemic its own Electronic Document Submission System (EDSS). The court developed three pages of EDSS administrative procedures. Only pro se filers can use EDSS. A scanned signature is sufficient, but the original must be retained for one year beyond final resolution of the case. Electronic submissions are faster for debtors than regular mail, and they do not require taking time off work to visit the courthouse.

In practice, EDSS submissions frequently require work by the court's staff to put in order. Documents may not be in the correct sequence, and file sizes may be excessive.

The court recently decided to offer eSR as an option for filing pro se petitions, and the court will continue to accept subsequent pro se filings in EDSS. Most pro se debtors still file on paper.

Filing fees can be paid using Pay.gov, and they must be paid by midnight or the filing will not be docketed.

Filers without CM/ECF filing privileges cannot receive electronic notices through CM/ECF, but they can through the Bankruptcy Noticing Center's debtor electronic bankruptcy noticing (DeBN). Few do.

Paper and EDSS filers must serve other parties, even those receiving electronic service.

The court does not accept filings by fax. There is a drop box outside the clerk's office, which is seldom used. There used to be a time stamp at the drop box, but there is not one there now.

"The deadline for filing, unless otherwise specifically set, is midnight of the due date, Central Time." Bankr. W.D. Okla. R. app. A § 4.G.

## The Bankruptcy Court for the District of Oregon

This court was selected for this study because it has rules stating that pro se litigants can file electronically with permission. It is one of the bankruptcy courts that has an electronic self-representation (eSR) portal.

The United States Bankruptcy Court for the District of Oregon has five judgeships and two office codes: Portland (office code 3) and Eugene (office code 6).

The clerk's office is open from 9:00 to 4:30.

Electronic filing is governed by the court's Rule 5005-4 and the court's Administrative Procedures for Electronically Filing Case Documents [hereinafter ECF Procs.]. Parties other than attorneys, trustees, and creditors "may also be eligible to request a login for possible ECF participation upon approval of the chief bankruptcy judge." Bankr. Or. ECF Procs. ¶ II.A.

On very few occasions, presiding judges have granted CM/ECF privileges to pro se debtors. One was a former attorney. Another previously clerked for a court. For one chapter 11 debtor, it was easier to let the debtor use CM/ECF so that the court's staff did not have to figure out how to docket the filings.

The court has several alternatives to paper submission of bankruptcy petitions. The court uses the eSR module. Some users find it intimidating. The court also has a Public Document Upload (PDU) page that can be used both for the petition and for later filings. PDU submissions are often out of order or complex, with large documents broken into separate uploads. The court accepts submissions by fax, but not by email.

Written signatures are not required for uploaded submissions. Submission entails an agreement that the submitter is the filer and has signed the documents. Faxes must include copies of written signatures, but the original signatures do not need to be submitted.

Pro se debtors not using CM/ECF do not get electronic notice. The court does not use the Bankruptcy Noticing Center's debtor electronic bankruptcy noticing (DeBN).

Creditors can receive limited CM/ECF privileges, or they can use the court's electronic proof of claim (ePOC) portal.

The court brought back the drop box during the COVID-19 pandemic. It is available when the building is open. It does not have a time stamp. Documents are retrieved each morning.

"Electronic filing must be completed before midnight Pacific time to be considered filed on that day." Bankr. Or. R. 5005-4(f)(1).

## The Bankruptcy Court for the Eastern District of Pennsylvania

This court was selected for this study at random from among the bankruptcy courts. It is one of the bankruptcy courts with rules stating that pro se litigants can file electronically with permission.

The United States Bankruptcy Court for the Eastern District of Pennsylvania has five judgeships and two office codes: Philadelphia (office code 2) and Reading (office code 4).

The clerk's office is open from 8:00 to 4:30 in Reading and from 8:30 to 5:00 in Philadelphia.

Electronic filing is governed by the court's Rules 5005-1 through 5005-8 and by the district court's Rule 5.1.2, Bankr. E.D. Pa. R. 8011-1. According to

Rule 5005-3(c), the court may grant pro se parties permission to use CM/ECF in their cases. In practice, pro se bankruptcy petitions are always filed on paper. The court has considered electronic submission, but it is concerned about legal issues, including issues related to original signatures. A challenge for electronic submission is the heavy use of mobile devices for access to the internet, and filers may have more access to a phone camera than to a scanner.

Creditors and trustees who are not attorneys can apply to use CM/ECF.

The court does not accept filings by email or fax. There is a drop box in the building with hours somewhat longer than the court's. Documents are scanned at the drop box and time-stamped on the spot.

"The electronic filing of a document must be completed before midnight prevailing Eastern Time, to be timely filed on that day." Bankr. E.D. Pa. R. 5005-2(f).

## The Bankruptcy Court for the Middle District of Pennsylvania

This court was selected for this study because it has rules stating that pro se litigants can file electronically with permission.

The United States Bankruptcy Court for the Middle District of Pennsylvania has two judgeships and three office codes: Harrisburg (office code 1), Wilkes-Barre (office code 5), and Williamsport (office code 4). (The district court also has offices in Scranton and Lewisburg.)

The clerk's office is open from 9:00 to 4:00 in Harrisburg and Wilkes-Barre. Bankr. M.D. Pa. R. 5001-1.

Electronic filing is governed by the court's CM/ECF Administrative Procedures. They and the court's local rules state that pro se parties may be given permission by the court to file electronically. *See id.* ¶ I.C. "The Filing must be completed before midnight Eastern Standard Time to be considered timely filed that day." *Id.* ¶ III.B.

**Rule 5005-1** *Filing and Transmittal of Papers.*

(a) *Electronic Filing and Signing.*

(1) *By a Represented Entity.* An entity represented by an attorney must file documents by using the Court's Electronic Case Filing system ("ECF" or "CM/ECF") in accordance with the CM/ECF Administrative Procedures available on the court's website (www.pamb.uscourts.gov). However, nonelectronic filing may be allowed for good cause, or as otherwise provided for by these rules;

(2) *By a Self-Represented Individual.*

(A) *Using the Electronic Document Submission System ("EDSS").* A self-represented individual may file documents (other than proofs of claim) electronically using the EDSS. . . .

(B) *Using the Court's Electronic Case Filing ("CM/ECF") system.* An individual not represented by an attorney:

(i) may file electronically using CM/ECF only if allowed by court order or through compliance with the conditions authorizing same as set forth in the CM/ECF Administrative Procedures adopted by this District; and

(ii) may be required to file electronically only by court order or as otherwise provided for in the CM/ECF Administrative Procedures adopted by this District.

Bankr. M.D. Pa. Bankr. R. 5005-1.

Although the court has received a few requests for use of CM/ECF by pro se debtors, the requests have always been denied. The risk of error is considered too great. A pro se debtor with a law degree was once given permission to read documents in CM/ECF but not file them.

The court created an Electronic Document Submission System (EDSS). Submissions are converted into electronic filings by the court's staff. Scanned signatures are regarded as sufficient, but originals must be retained for up to seven years. Payment must follow within a week. The court does not use Pay.gov. Most pro se debtors use EDSS now. Because EDSS allows for the filing of all documents, the court does not intend to use the electronic self-representation (eSR) portal that some other courts use. For electronic notifications, pro se debtors can sign up for the Bankruptcy Noticing Center's debtor electronic bankruptcy noticing (DeBN).

The court does not accept filings by email. Fax is still an option for after-hour filings and emergency petitions, but EDSS has displaced the use of fax in practice.

Creditors can use the court's electronic proof of claim (ePOC) portal. Some file on paper.

Because of security concerns, the court does not have a drop box.

## The Bankruptcy Court for the Western District of Pennsylvania

This court was selected for this study because it has rules stating that pro se litigants can file electronically with permission.

The United States Bankruptcy Court for the Western District of Pennsylvania has four judgeships and three office codes: Pittsburgh (office code 2), Erie (office code 1), and Johnstown (office code 7).

The clerk's office is open from 9:00 to 4:30. Bankr. W.D. Pa. R. 1002-1(b).

Electronic filing is governed by the court's Rules 5005-1 through 5005-14 and 5005-21. "The Court may grant a *pro se* party to a pending action permission to apply for registration as a Filing User, subject to attending CM/ECF System training provided by the Clerk." *Id.* R. 5005-2(c). The court's debtors are seldom pro se, and it is possible that none has ever sought CM/ECF filing privileges.

Creditors and other unrepresented parties can register as limited users of CM/ECF. Pro se creditors can also file claims using the court's electronic proof of claim (ePOC) portal.

The court uses an Electronic Document Submission System (EDSS), an electronic drop box. Attorneys can use the electronic drop box to submit declarations of emergency filing at case initiation, but they have to use CM/ECF after that.

Pro se debtors can initiate cases using EDSS. The scanned signature is adequate, but filers must retain originals. The court also posted on its COVID-19 web page a link to a fillable "Emergency Petition" that has a submit button at the bottom.

Submissions otherwise by email and fax are not allowed, but the court still receives them, and if they are proper filings the court will accept them. The court has drop boxes with time stamps in Pittsburgh and Erie.

Paper filers do not have to separately serve parties receiving electronic service.

The court is interested in the Bankruptcy Noticing Center's debtor electronic bankruptcy noticing (DeBN), but the court has not set that up yet.

## The Bankruptcy Court for the District of Rhode Island

This court was selected for this study at random from among the bankruptcy courts.

The United States Bankruptcy Court for the District of Rhode Island has one judgeship and one office code: Providence (office code 1).

The clerk's office is open from 9:00 to 4:00.

Electronic filing is governed by the court's Rule 5005-4 and the court's Electronic Filer User Manual.

The only pro se debtors who have used CM/ECF are attorneys who already had electronic filing privileges and who were representing themselves in bankruptcy cases.

At the beginning of the COVID-19 pandemic, the court set up a Self Represented Party Electronic Drop Box (EDB). They acquired the code from another court and set it up in a month or two. The court also began accepting filing fees through Pay.gov.

The court's website provides an email address for submission of an application to use the EDB. The application includes a copy of identification, and there is a separate application for the petition and for later documents. When the court's staff approves the application, the debtor receives by email a unique link for uploading documents for filing. Original paper documents, including wet signatures, must follow within two weeks.

EDB is not used to receive electronic notices of others' filings. Debtors can sign up for the Bankruptcy Noticing Center's debtor electronic bankruptcy noticing (DeBN).

As a small court, with only one judge, they decided not to offer the electronic self-representation (eSR) module used by some other courts for the electronic submission of pro se bankruptcy petitions to the court, because it would be too resource intensive.

Creditors can receive limited CM/ECF privileges, or they can use the court's electronic proof of claim (ePOC) portal.

The court can receive emergency filings by email or fax, but it has been years since anyone has used fax.

The court has had a drop box for a few decades, but after the Oklahoma City bombing, it was moved inside the building. It is useful when the clerk's office is closed for weather or pandemic. It does not have a time stamp. Users of the drop box must contact the court to let them know when they have deposited something.

Paper filers do not have to serve parties otherwise receiving electronic service.

"The deadline for filing, unless otherwise specifically set, is 11:59 P.M. (E.S.T.)." Bankr. R.I. R. 5005-4(f).

## The Bankruptcy Court for the District of South Carolina

This court was selected for this study at random from among the bankruptcy courts.

The United States Bankruptcy Court for the District of South Carolina has three judgeships and three office codes: Columbia (office code 3), Charleston (office code 2), and Greenville (office code 6). The Spartanburg court (office code 7) recently moved to Greenville.

The clerk's office is open from 9:00 to 5:00 in Columbia.

Electronic filing is governed by the court's Rule 5005-4.

Pro se debtors are not permitted to use CM/ECF. Pro se creditors can register as limited filers in CM/ECF. Most creditors are pro se.

Because of the COVID-19 pandemic, the court has been accepting pro se debtor submissions by email or fax. Original signatures must follow on paper. The court has looked at the electronic self-representation (eSR) module used by some other courts for the electronic submission of pro se bankruptcy petitions to the court, but that does not allow for the electronic submission of filings after the petition. When the court receives a bankruptcy petition by email or fax, it issues a notice to pay the filing fee. The court still accepts cash.

Walk-in filings are accepted in Columbia. There are drop boxes in the other two locations; the office staff mails submissions to Columbia. There is a drop box in the Columbia clerk's office for use when the office only has a skeleton crew, or by filers who wish to avoid personal contact. Materials submitted in drop boxes are retrieved immediately, so there is no need for a time stamp.

## The Bankruptcy Court for the District of South Dakota

This court was selected for this study at random from among the bankruptcy courts.

The United States Bankruptcy Court for the District of South Dakota has two judgeships and four office codes: Sioux Falls (office code 4), Rapid City (office code 5), Aberdeen (office code 1), and Pierre (office code 3).

The clerk's office is open from 8:00 to 5:00.

Electronic filing is governed by the court's Electronic Case Filing Administrative Procedures [hereinafter ECF Procs.]. Bankr. S.D. R. 5005-4, 7001-1. "A debtor not represented by an attorney shall either mail documents to the Clerk or deliver them in person to the Clerk's office . . . ." Bankr. S.D. R. app.

1A. The clerk cannot recall a pro se debtor who was able to file electronically. Filings cannot be submitted by email or fax. Petition fees must be paid by cash, cashier's check, or money order.

Paper service by paper filers is not required for persons receiving electronic service.

The court offered a drop box during the COVID-19 pandemic, but it was seldom used. Filers in divisions not staffed can leave filings with the district court.

The court is interested in the electronic self-representation (eSR) module used by some other courts, with which pro se debtors can submit petitions to the court electronically, and the District of South Dakota is watching the District of North Dakota's exploration of that resource.

"Unless the Court sets a different deadline, filing must be completed before midnight (Central Standard Time or Central Daylight Time, whichever is in effect) on the last day to file to be considered timely filed with respect to any such filing deadline." Bankr. S.D. ECF Procs. ¶ VI.D.

## The Bankruptcy Court for the Eastern District of Tennessee

This court was selected for this study at random from among the bankruptcy courts.

The United States Bankruptcy Court for the Eastern District of Tennessee has four judgeships and five office codes: Chattanooga (office code 1), Knoxville (office code 3), Greenville (office code 2), Winchester (office code 4), and Johnson City (office code 5).

The clerk's office is open from 8:00 to 4:30.

Electronic filing is governed by the court's Rule 5005-4.

It does not appear that a pro se debtor has ever filed using CM/ECF. Pro se creditors can register for limited use of CM/ECF. They receive a very limited menu of filing options.

The court does not accept filings by email or fax, and it does not have a drop box. Earlier during the COVID-19 pandemic, the court accepted filings by fax, but it does not now. When the court converted to NextGen CM/ECF recently, it accepted filings from attorneys by email during a period when the system was down. The court is considering the use of the electronic self-representation (eSR) module used by some other courts for the electronic submission of pro se bankruptcy petitions to the court.

Filing fees can be paid by cashier's check, money order, or cash, with exact change. Attorneys can use Pay.gov.

"An electronic filing is timely if it is entered into ECF before midnight of the due date, [Eastern Time]." Bankr. E.D. Tenn. R. 5005-4(f).

## The Bankruptcy Court for the Western District of Tennessee

This court was selected for this study at random from among the bankruptcy courts.

The United States Bankruptcy Court for the Western District of Tennessee has four judgeships and two office codes: Memphis (office code 2) and Jackson (office code 1).

The clerk's office is open from 8:30 to 4:00.

Electronic filing is governed by the court's Electronic Case Filing Guidelines. *See* Bankr. W.D. Tenn. R. 1001-1(b), 1001-2(7). The court does not permit electronic filing by pro se litigants. Nor does the court accept any filings by email.

Each courthouse has a drop box.

The Memphis courthouse is in leased space. The drop box serves only the court, and it is only available when the building is open. The building opens about one-and-a-half hours before the court does, and it closes about two hours later than the court does. It also has Saturday morning hours. Materials retrieved from the drop box are marked received on the business day that they are retrieved. During the COVID-19 shutdown, the drop box was the only way to file hard copies in person.

The Jackson courthouse is in a federal building that also houses the district court, and the drop box there serves the building, not just the bankruptcy court. It also is only available when the building is open. It was reopened during the COVID-19 pandemic after being closed for some time because of security concerns related to issues such as anthrax. The drop box facilitates contact-free filing.

Two important challenges posed by allowing pro se litigants to file electronically—an advancement that also would provide many benefits—are (1) establishing a procedure for retention of original documents, especially signatures, by pro se litigants, and (2) establishing a form of payment, because pro se litigants are currently not permitted to pay the initial filing fee with a personal check or a credit card, just cash, money order, or cashier's check.

A procedure that probably would work well would involve online forms that generate PDFs. There is some concern about developing procedures for electronic filing by pro se litigants, even by modeling what some other courts do, ahead of the development of national standards and procedures.

## The Bankruptcy Court for the Eastern District of Texas

This court was selected for this study at random from among the bankruptcy courts. It is one of the bankruptcy courts that has an electronic self-representation (eSR) portal.

The United States Bankruptcy Court for the Eastern District of Texas has two judgeships and six office codes: Sherman (office code 4), Tyler (office code 6), Beaumont (office code 1), Lufkin (office code 9), Marshall (office code 2), and Texarkana (office code 5).

The clerk's office is open from 8:00 to 4:00. Bankr. E.D. Tex. External Operating Procedures ¶ II.A.

Electronic filing is governed by the four Texas districts' Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic

Means in Texas Bankruptcy Courts [hereinafter Tex. Bankr. ECF Procs.]. Bank. E.D. Tex. R. 1001-1(b)(4), 5005-1. Electronic submission of bankruptcy petitions by pro se debtors is possible using the court's eSR portal, which the court adopted early during the COVID-19 pandemic. Because the court is using NextGen CM/ECF, it was just a matter of turning on that option.

Pro se litigants are not permitted to make subsequent filings using either eSR or CM/ECF, but the court does have an electronic drop box. Within two days of a debtor's submitting a petition using eSR, the debtor must upload a copy of a signed declaration, a Social Security statement, and government identification. A wet signature is due within two weeks.

The court worked with Pay.gov to establish an electronic payment option that supports only the types of payment permitted by the court. This court accepts pro se payments by debit card or ACH.

The court does not have a physical drop box, because of security concerns. Before the court established an electronic drop box, the court accommodated the pandemic with an email option, but the electronic drop box gives the court greater control over what can be submitted, such as by requiring PDFs.

"A document is filed on a particular day if the transmission of the document is completed prior to midnight in the Central time zone." Bankr. Tex. ECF Procs. ¶ III.F.

## The Bankruptcy Court for the Eastern District of Virginia

This court was selected for this study at random from among the bankruptcy courts.

The United States Bankruptcy Court for the Eastern District of Virginia has six judgeships and four office codes: Richmond (office code 3), Norfolk (office code 2), Alexandria (office code 1), and Newport News (office code 4).

The clerk's office is open from 9:00 to 4:00.

Electronic filing is governed by the court's Rule 5005-2 and the court's CM/ECF Attorney Users' Guide. The court has very recently adopted NextGen CM/ECF.

It is possible for a pro se debtor to make a formal motion to use CM/ECF, and the motion receives careful screening by the presiding judge to determine whether the debtor has sufficient technical ability. These motions are rarely granted.

The court plans to adopt an electronic proof of claim (ePOC) portal for pro se creditors. Pro se creditors sometimes receive limited CM/ECF privileges.

Even attorneys do not currently open cases directly in CM/ECF. Petitions are filed in a shell case.

The court temporarily accepted filings by email during the COVID-19 pandemic.

The court has drop boxes, which it established during the COVID-19 pandemic and which the court plans to keep. They are available when the buildings are open, a little beyond counter hours. At each drop box is an electronic

time stamp and a telephone connection to the clerk's office. Filing fees paid in cash must be delivered directly to the counter rather left in a drop box.

## The Bankruptcy Court for the Western District of Virginia

This court was selected for this study at random from among the bankruptcy courts. It is one of the bankruptcy courts that has an electronic self-representation (eSR) portal.

The United States Bankruptcy Court for the Western District of Virginia has three judgeships and three office codes: Lynchburg (office code 6), Roanoke (office code 7), and Harrisonburg (office code 5).

The clerk's office is open from 8:00 to 4:30.

Electronic filing is governed by the court's Rule 5005-4 and the court's Amended Administrative Procedures for Filing, Signing, Retaining and Verification of Pleadings and Papers in the Case Management/Electronic Case Filing (CM/ECF) System. *See* Bankr. W.D. Va. R. 1002-1.D.

The court does not permit pro se debtors to use CM/ECF, but it is thinking about it for the future. Institutional pro se creditors can register as limited filers in CM/ECF.

Pro se debtors have very successfully used the court's eSR portal. Because the program is designed so that all questions must be answered before the petition can be submitted, the court receives complete and legible petitions. A filing fee and a wet signature must follow. Most are mailed. Only the Roanoke location accepts cash.

During the COVID-19 pandemic, the court has allowed pro se debtors to submit their filings to the court by email. Fax submissions would be permitted, but they have not happened. Because email submission of a petition includes only a photocopy of a signature, the court will not continue the email option once the pandemic is over.

The court does not have drop boxes.

The court's biggest challenge with respect to eSR is getting the word out that it is an option for pro se debtors.

## The Bankruptcy Court for the Northern District of West Virginia

This court was selected for this study because it is one of the bankruptcy courts that has an electronic self-representation (eSR) portal.

The United States Bankruptcy Court for the Northern District of West Virginia has one judgeship and four office codes: Martinsburg (office code 3), Clarksburg (office code 1), Wheeling (office code 5), and Elkins (office code 2).

The clerk's office in Wheeling is open from 8:30 to noon and from 1:00 to 4:00. The clerk's office in Clarksburg is open Tuesdays through Thursdays from 9:30 to 3:00 but closed for lunch.

Electronic filing is governed by the court's Rule 5005-4. The rule states that pro se parties may file electronically using the Clerk's Pro Se Party E-Filing

Program. *Id.* R. 5005-4(b). The court may require electronic filing for pro se parties so long as that would not create a hardship or denial of access to the court. *Id.* R. 5005-4(a)–(b). This program allows a pro se litigant to use CM/ECF to electronically submit a filing to the court. After a review and proper classification, the court administrator converts the submission to a public docket entry. Pro se litigants do not use CM/ECF to create docket entries.

The court's website has an Electronic Self-Representation (eSR) Bankruptcy Petition Preparation System for Chapter 7. The petition is filed after the debtor submits to the court in paper form, by mail or in person, (1) a declaration of electronic filing, which includes the debtor's wet signature, (2) a certificate of credit counseling, and (3) a copy of identification, such as a driver's license. The court accepts payment by money order, cashier's check, or credit card. Payment can be made through the court's website pursuant to an order to pay the fee in installments.

Pro se filers must serve on other parties motions that initiate contested matters or adversary complaints, but for other filings service is complete upon filing if the other parties receive electronic service. Parties who receive electronic service of filing might not be inclined to enforce a requirement of separate service by paper filers.

Email filing in general would only be permitted in an emergency, followed by prompt submission of originals, including original signatures. The court does not have a drop box.

A document is timely if filed before midnight on the day that it is due. Bankr. N.D. W. Va. R. 5005-5(b)(1).

## The Bankruptcy Court for the District of Wyoming

This court was selected for this study at random from among the bankruptcy courts.

The United States Bankruptcy Court for the District of Wyoming has one judgeship and one office code: Cheyenne (office code 2).

The clerk's office is open from 8:30 to noon and from 1:00 to 4:00.

Electronic filing is governed by the court's Rule 5005-2.

The court had about two dozen pro se debtors in 2021. In earlier years, it would have been one hundred or so. Pro se debtors typically file their petitions on paper and do not again interact with the court: "one and done."

Pro se debtors occasionally email or fax their petitions. Faxed petitions are converted into emails. The court accepts electronic submissions of petitions so long as the filing fee is addressed. If the petition includes an application for a waiver or an installment plan, then there is no problem. Otherwise the submission must be followed by payment, and the court may ask for an emailed copy of a money order or cashier's check. Rule 5005-1 provides for email or fax submissions with clerk permission, and originals are required seven days later.

What the court is most concerned about with electronic submissions is payment. The court does not use Pay.gov because of the credit card option.

Pro se debtors can arrange with the Bankruptcy Noticing Center for debtor electronic bankruptcy noticing (DeBN), and in a few cases the debtors have been granted electronic noticing in CM/ECF.

Because pro se debtors' interaction with the court after the petition is filed is so limited, there is not much motivation to enhance electronic filing and noticing.

The court does not use an electronic proof of claim (ePOC) portal for pro se creditors. They use CM/ECF.

There is a drop box available when the building is open. It does not have a time stamp; when members of the court's staff retrieve documents in the morning, they time-stamp the documents for the previous day.

## Electronic Self Representation Confirmation Letter

This is an automatically generated email. Please do not reply to this message.

Electronic Self Representation
United States Bankruptcy Court (Central District of California)

Dear _____,

This email confirms the electronic receipt of the bankruptcy petition submitted to the Court as of the date of this email. Please note that the bankruptcy petition has NOT been filed and has NOT been assigned a case number, until the items listed below are received by the Bankruptcy Court. The Court will file this submission if it contains all that we require to file a bankruptcy case. Please note that the minimum items listed below must be received by the Bankruptcy Court within 10 days of the date of this confirmation email. These items must be either hand-delivered or mailed to the court.

To determine where you must submit the items listed below, please visit the Court Locator section of our website. The specific location of where to file for bankruptcy is determined by the zip code of a debtor's residential address.

You may view or print your submitted bankruptcy petition paperwork by logging in to the Electronic Self-Representation (eSR) Bankruptcy Petition site with the password you previously created. The information that you enter in the bankruptcy petition cannot be changed once it is submitted to the Court.

FILING FEE. Payable to "U.S. Bankruptcy Court," the full amount of the filing fee must be MAILED or HAND-DELIVERED by one of the following methods:

- Cashier's check issued by an acceptable financial institution, or
- U.S. Postal money order

NOTE: If you are applying for a fee waiver [CHAPTER 7 CASES ONLY] or fee installments, you must hand-deliver the remaining documents in person to the court.

LIST OF MINIMUM ITEMS REQUIRED WITHIN 10 DAYS:

1. A signed Declaration Regarding Electronic Filing (Self-Represented Individual) [SEE ATTACHED PDF]
2. A signed Statement About Your Social Security Numbers (Form 121) [SEE ATTACHED PDF]
3. A photocopy of your government-issued photo identification such as your driver's license or passport.
4. Copy of the Certificate of Credit Counseling for each Debtor(s) (or printed copy of electronic version).

NOTE: The electronically submitted petition will expire within 10 days of the date of this confirmation email. If you do not provide the items listed above before the expiration date, your case information will be removed from the system and you will not receive a bankruptcy case number.

Additional items may be submitted either by mail or through the Electronic Drop Box. In order to submit documents that do not require a signature or don't include a fee, you may request access to the Court's Electronic Drop Box: https://www.cacb.uscourts.gov/request-access-electronic-drop-box.

Complete, print and sign these additional required documents:
1. Statement of Related Cases F 1015-2.1.STMT.RELATED.CASES
2. Disclosure of Compensation of Bankruptcy Petition Preparer (Form B2800) (if applicable)
3. Bankruptcy Petition Preparer's Notice, Declaration and Signature (Form 119) (if applicable)
4. Verification of Master Mailing List of Creditors (F 1007-1.MAILING.LIST.VERIFICATION)
5. Declaration By Debtor(s) as to Whether Income Was Received From An Employer Within 60 Days of the Petition Date [Include Paystubs (if applicable)]
6. Initial Statement About an Eviction Judgment Against You (Form 101A) (if applicable)
7. Statement About Payment of an Eviction Judgment Against You (Form 101B) (if applicable)
8. Chapter 13 Plan [For Chapter 13 Cases Only]

DISMISSAL OF BANKRUPTCY CASE:

If the petition filing fee is not received within 10 days from the date of filing, your case will be dismissed. Additionally, if any of the required documents are not received by the Court by the deadline, your case will be dismissed.

ONCE YOUR CASE HAS BEEN FILED BY THE COURT:

The official time of filing is when a document is entered and docketed in the case management/electronic case filing system (CM/ECF), regardless of the filing method (in person, electronically through CM/ECF, through eSR or EDB, or placed in a physical drop box).

Once your case has been filed and issued a case number, a Notice of Bankruptcy Case Filing with your bankruptcy case number will be handed, mailed, or emailed to you. The case number is proof of your official bankruptcy filing. You may access the Court's automated Voice Case Information System (VCIS) 24 hours/7 days a week, toll free at (866) 222-8029.

You may request electronic notification for orders and court-generated notices by visiting the Debtor's Electronic Bankruptcy Noticing (DeBN) page and completing a request form: https://www.cacb.uscourts.gov/debtor-electronic-bankruptcy-noticing-debn.

FREE OR LOW COST ASSISTANCE:

If you cannot afford an attorney, the Court offers Help Desks at each court location with volunteer attorneys who may assist you. Visit the Court's Don't Have an Attorney web page for a complete listing of court resources. For information on low cost assistance in a chapter 13 case, view the following link to see the Chapter 13 Panel information: https://www.cacb.uscourts.gov/local-and-county-bar-associations-lawyer-referral-options.

SURVEY:

Please participate in a brief survey to share your experience using eSR. Your responses will be anonymous. You may reach the eSR survey at the following link: https://www.surveymonkey.com/r/CW2W363

Did you access any of the Court's Help Desks for free legal assistance? If so, please participate in a survey regarding your experience, using the following link: https://www.surveymonkey.com/s/CACBSelfHelp

Regards,
The eSR Team

UNITED STATES BANKRUPTCY COURT - CENTRAL DISTRICT OF CALIFORNIA

# Access the Bankruptcy Court in Person or Using Remote Access

## eSR

*electronic Self-Representation*

To file petitions electronically, use eSR. eSR is a free online tool for self-represented debtors to use to prepare the bankruptcy forms.

## How to find an attorney or access free/low cost help:

Find an attorney at www.cacb.uscourts.gov

Local and County Bar Associations & Lawyer Referral Options

## Intake Appointment Scheduling System

This service provides debtors the ability to schedule online appointments with our Intake offices at each Division.

For appointments with the Self Help Desk, please visit our For Debtors page and locate the information under "Free or Low Cost Bankruptcy Help".

## eDB

To submit non-fee documents electronically, use the Electronic Drop Box. The Electronic Drop Box is for self-represented litigants only.

https://www.cacb.uscourts.gov/request-access-electronic-drop-box

## Pay.gov

Free online payment for copies, certified copies and installment payments after the first installment. Visit Online Payments for Self-Represented Litigants for details.

## To file documents by mail, send to:

(Mail to the division assigned, based on the bankruptcy case. See website for additional details.)

U.S. Bankruptcy Court
Attention: Intake Department
255 E Temple St.
Los Angeles, CA 90012

U.S. Bankruptcy Court
Attention: Intake Department
411 West Fourth Street
Santa Ana, CA 92701

U.S. Bankruptcy Court
Attention: Intake Department
3420 Twelfth Street
Riverside, CA 92501

U.S. Bankruptcy Court
Attention: Intake Department
1415 State Street
Santa Barbara, CA 93101

U.S. Bankruptcy Court
Attention: Intake Department
21041 Burbank Boulevard
Woodland Hills, CA 91367

## Have a question?

Call toll free
(855) 460-9641

www.cacb.uscourts.gov

Chat Live!
9am-4pm PST
Online

**U.S. BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**

# HOW TO PREPARE A PETITION USING eSR




**Thomas F. Eagleton U.S. Courthouse**
**111 S. 10th Street, 4th Floor**
**St. Louis, MO 63102**

**(314) 244-4500**
**www.moeb.uscourts.gov**
**Office Hours: Mon – Fri, 8:30 AM – 4:30 PM**