FILED - USDC - FLMD - OCA
FEB 27 2026 PM3:48

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

NEIL JOSEPH GILLESPIE,

Plaintiff,

vs. CASE No. 5:25-cv-486-SPC-PRL

WESLEY WILCOX, in his official capacity as
Marion County Supervisor of Elections, Florida,
BEN MARCIANO, in his official capacity as
Mayor of the City of Ocala, Florida
WILLIAM E. SEXTON, in his official capacity as
City Attorney, City of Ocala, Florida,
ANGEL B. JACOBS, in her official capacity as
City Clerk, City of Ocala, Florida,
KRISTEN DREYER, in her official capacity as
President, City Council, City of Ocala, Florida,
IRA BETHEA, Sr, in his official capacity as
President Pro-Tem, City Council, City of Ocala, Florida,
BARRY MANSFIELD, in his official capacity as
City Council Member, City of Ocala, Florida,
JAMES HILTY, Sr, in his official capacity as
City Council Member, City of Ocala, Florida,
JAY MUSLEH, in his official capacity as
City Council Member, City of Ocala, Florida,
CORD BYRD, in his official capacity as
Florida Secretary of State, the FLORIDA
DEPARTMENT OF STATE,
RON DESANTIS, in his official capacity
as Governor of Florida,

Defendants.
_______________________________________/

NOTICE OF FILING

The Plaintiff *pro se*, Neil Joseph Gillespie, gives Notice of Filing, and states:

1. Today I paid the Clerk $605 cash for the filing fee in appeal no. 26-10492-E, per a Civil Docketing Notice dated February 13, 2026 from the U.S. Eleventh Circuit Court of Appeals.

2. I commenced this action on August 5, 2025 by filing a complaint. (Doc 1). I filed an amended complaint under Rule 15 on August 12, 2025. (Doc 10).

3. On August 6, 2025 I filed an Application To Proceed In District Court Without Prepaying Fees or Costs (amended), form AO 239. (Doc 3) The Court has not ruled upon my application.

4. On December 11, 2025 I gave notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i) (Doc 15) because Judge Chappell and Magistrate Lammens engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, in violation of 28 U.S.C. § 351. Specifically, on September 16, 2025, I filed a compliant with the U.S. Department of Justice alleging Judge Chappell and Magistrate Lammens violated 18 U.S.C. § 241, Conspiracy against rights, submission number **665324-SWD**. My complaint alleges in part:

> District Judge Sheri Polster Chappell has violated my civil rights by failing to rule on my amended complaint (DOC 10) filed August 12, 2025 for my right to vote in the City of Ocala, Florida, and to appear on the ballot as a candidate for Mayor. The election is today.
>
> My amended complaint further alleges the Special Election in the City of Ocala being held today September 16, 2025 violates Florida Election Law thereby affecting every voter in the City of Ocala. My amended complaint (DOC 10) is attached. The complaint alleges violation of USC Title 52, Voting and Elections, FRCP 57 Declaratory Judgment, 28 U.S.C. § 2201 Creation of remedy, FRCP 65 Injunctions and Restraining Orders, FRCP 5.1 Constitutional Challenge. The court has supplemental jurisdiction for Florida Election Law under 28 U.S.C. § 1367.
>
> Judge Chappell has not ruled on my amended application to proceed in district court without prepaying fees or costs. (DOC 3). The court has refused to issue summons. (DOC 7). The court has ignored my notice under FRCP 73 and 28 USC 636 that I do not consent to a trial or rulings by a U.S. Magistrate Judge. (DOC 5). U.S. Magistrate Judge Philip R. Lammens denied (DOC 9) my motion (DOC 6) to e-file on the Court's CM/ECF system. Judge Chappell wrongly denied my objection to rulings by a U.S. Magistrate Judge, and wrongly prohibited me from filing on the Court's CM/ECF system. (DOC 13).
>
> Judge Chappell and Magistrate Lammens violated 18 U.S.C. § 241, Conspiracy against rights:

> "If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same;..." https://www.law.cornell.edu/uscode/text/18/241

Judge Chappell has also engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts. (28 U.S.C. § 351).

Judge Chappell was appointed by President Obama. I have made legal filings showing Donald J. Trump, a nonlawyer, was the only major constitutionally qualified candidate in the 2016, 2020, and 2024 presidential elections, because lawyers admitted to practice law are officers of the court and members of the judicial branch of government (Ex parte Garland, 71 U.S. 333 (1866), and cannot under the separation of powers doctrine serve in an elected executive branch office such as president, or vice president, an elected legislative branch office, President of the Senate. See, https://neil2024.blogspot.com/2025/02/donald-j-trump-president-of-united.html

> "Lawyers have turned our political system into a never-ending legal contest of lawsuits and court battles, investigations, subpoenas, depositions, and impeachment threats and trials. This is the Democratic Party. Bill Clinton, lawyer. Hillary Clinton, lawyer. Barack Obama, lawyer. Michelle Obama, lawyer. Joe Biden, Lawyer. Kamala Harris, lawyer. A Republican lawyer corrupting our political system is Ron DeSantis, a member of The Florida Bar."

Apparently President Obama facilitated the Russiagate hoax against President Trump.

> "Director of National Intelligence Tulsi Gabbard contends that new declassified documents show that former President Barack Obama engaged in the plot to create the lie that President Donald Trump had conspired with Russia to steal the 2016 presidential election." - Real Clear Politics, by David Harsanyi, July 25, 2025 (copy attached)

Finally, The Federal Election Commission has not provided records in response to my Freedom of Information Act (FOIA) request of May 9, 2025. U.S. Congresswoman Kat Cammack has not been able to assist me either, see the attached documents. Sarah Thompson, an associate of mine who died May 12, 2021 in Ocala, Florida, was named in my emails to the Commission. I will provide evidence showing the death of Sarah Thompson was a politically motivated homicide.

5. My amended complaint further alleges the Special Election in the City of Ocala held September 16, 2025 violates Florida Election Law, and affects every voter in the City of Ocala.

6. On November 12, 2025, Magistrate Lammens entered a 15 page Order (DOC 14) concluding as follows:

> (1) Plaintiff's Amended Motion to Proceed in Forma Pauperis (Doc. 3) is TAKEN UNDER ADVISEMENT. Plaintiff shall file a second amended complaint on or before December 12, 2025. The second amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure and those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute.
>
> (2) Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is DENIED as moot, in light of the filing of the Amended Motion to Proceed in Forma Pauperis (Doc. 3).

7. Magistrate Lammens' Order (DOC 14) was entered on November 12, 2025, which is 96 days after the Complaint (DOC 1) was filed on August 8, 2025, and 92 days after the Amended Complaint (DOC 10) was filed on August 12, 2025.

8. Magistrate Lammens' Order (DOC 14) was entered 57 days after the Special Election held September 16, 2025 in the City of Ocala, Florida.

9. Therefore, the facts pled in paragraph 7 and paragraph 8 show a *prima facia* case that Judge Chappell and Magistrate Lammens engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, in violation of 28 U.S.C. § 351. This violation alone should result in their removal from office.

10. Previously Magistrate Lammens was rejected January 3, 2017 by the U.S. Senate on his nomination April 28, 2016 to be U.S. District Judge for the Northern District of Florida, to fill a vacancy of U.S. Judge John Richard Smoak. On May 29, 2015, all of Judge Smoak's cases were reassigned to other judges by an administrative order issued by Chief Judge M. Casey Rodgers. The record in this case shows the U.S. Senate was justified in rejecting Lammens' nomination.

11. On February 17, 2026, Chief Judge William H. Prior, Jr., U.S. Eleventh Circuit, entered an Order (Exhibit 1) that states in relevant part that the Court has no duty to timely rule on

matters in a pending election. This is the very definition of "conduct prejudicial to the effective and expeditious administration of the business of the courts, in violation of 28 U.S.C. § 351".

12. On January 11, 2026, ChatGPT evaluated my amended complaint in a matter of minutes and produced the evaluation appearing at Exhibit 2. This evaluation was made without cost. A U.S. Judge is currently paid $249,900 annually. A public notice for the appointment of a U.S. Magistrate Judge in the Middle District of Florida shows an annual salary is $229,908.

13. On February 12, 2026 I filed a Motion for Permission to Appeal In Forma Pauperis and Affidavit (Doc 19). The Court has not ruled upon my motion.

14. Since filing the motion (Doc 19), I recalled additional information that should have been included on my application (Doc 3) and motion (Doc 19) explaining why I cannot pay the fees: $3,437.90 owed to Marion County to the Payment Plans Division, for bad prosecutions by the State Attorney for the Florida Fifth Judicial Circuit. I challenged the fees in an appeal to the Florida Fifth District Court of Appeal, DCA 5D2025-1144. My reply brief appears at Exhibit 3 and states in its entirety:

> The State contends this Court lacks jurisdiction in this appeal. Furthermore, the State contends the Appellant may seek to invalidate the costs subject to this appeal by challenging his criminal convictions under Fla. R. Crim. P. 3.850. However, the Appellant does not have any criminal convictions to appeal because adjudication was withheld.
>
> Separately, the State's suggestion is absurd given the facts in this matter. First, State Attorney Bill Gladson essentially murdered the victim, Sarah M. Thompson. Second, this matter is a continuation of a 20 year vendetta by Florida lawyer Ryan Christopher Rodems, Bar No. 947652.
>
> On August 11, 2005, the Appellant sued Rodems' law firm for breach of contract and fraud in Hillsborough County, case no. 2005-CA-7205.
>
> On January 13, 2006, Judge Richard Nielson entered an Order on Rodems' Motion to Dismiss and Strike that established a cause of action against the Defendants Barker, Rodems & Cook et al, for $6,224.78.

Twenty years (20) later the case was still unresolved. On September 2, 2025, the Appellant gave Notice of Dismissal in the case. Twenty years of domestic terrorism by Rodems and the Court was enough.

Time for a new approach.

15. On August 11, 2005, I sued Rodems' law firm for breach of contract and fraud in Hillsborough County, case 2005-CA-7205. (Amscot case). The complaint appears at Exhibit 4.

16. On January 13, 2006, Judge Richard Nielson entered an Order on Rodems' Motion to Dismiss and Strike that established a cause of action against the Defendants Barker, Rodems & Cook et al, for $6,224.78. The Order appears at Exhibit 5.

17. On December 7, 2001, the U.S. Eleventh Circuit entered an Order in the Amscot case, No. 01-14761-AA, that appears at Exhibit 6, and impeaches Mr. Rodems' 20 year fraud.

> The parties joint stipulation for dismissal of this appeal with prejudice, which is construed as a motion to dismiss this appeal with prejudice, with the parties bearing their own costs and attorney's fees, is GRANTED.

Therefore, Mr. Rodems' claim to $50,000 in legal fees and costs is disproved.

18. Amscot is a payday loan case. A composite appearing at Exhibit 7 shows a transcript of a recorded phone call with Mr. Rodems, who was unlawfully representing is own firm:

> Mr. Rodems' breached his duty to avoid a limitation on independent professional judgment, violated Rules 4-1.7, 4-1.9, 4-1.10; McPartland v. ISI Inv. Services, Inc., 890 F.Supp. 1029, M.D.Fla., 1995

Transcript, March 3, 2006, page 6

```
4 MR. GILLESPIE: Now, you call here and just
5 marched into a tirade of insults.
6 MR. RODEMS: No, actually I haven't insulted
7 you at all. I've never said anything about you. I
8 just said that you don't really know the law
9 because you don't know how to practice law.
```

Transcript, March 3, 2006, page 7

```
24 MR. RODEMS: Didn't you at one time purchase a
```

car so that you could get the cash rebate to get

Transcript, March 3, 2006, page 8

some dental work done? We're going to get to the discovery, anyhow, so just tell me, did that really happen?

MR. GILLESPIE: What?

MR. RODEMS: Did you purchase a car so that you could get the cash rebate to get some dental work done?

MR. GILLESPIE: Listen, this is why you need to be disqualified.

MR. RODEMS: No, I mean, that's -- because I know that? Because I know that to be a fact?

MR. GILLESPIE: You know it to be a fact from your previous representation of me.

MR. RODEMS: Well, you know, see that's --

MR. GILLESPIE: If it is -- if it's a fact, anyway.

MR. RODEMS: You need to study the rules and regulations of the Florida Bar because when you make --

MR. GILLESPIE: I think, I think I bought a car so I would have something to drive. I don't know why you buy cars, but that's why I bought it.

Transcript, March 3, 2006, page 9

MR. RODEMS: Okay. Well, I just want to be clear because I understand that in talking with you it's very important to be precise because you don't really have a good command of the language that, you know, lawyers speak.

19. Exhibit 7 shows I have a congenital craniofacial birth defect, and was seeking vocational rehabilitation and "some dental work done". See WRONGFUL LIFE, BIRTH, CONCEPTION Black's Law Dictionary, Sixth Edition, https://www.nosue.org/facematters-org/

Wrongful life, Black's Law Dictionary, Sixth Edition. Refers to type of medical malpractice claim brought on behalf of a child born with birth defects, alleging that the child would not have been born but for negligent advice to, or treatment of, the parents. Azzolino v. Dingfelder, 315 N.C. 103, 337 S.E.2d 528, 532. See also Wrongful birth; Wrongful conception. Wrongful life, Wikipedia

Wrongful birth, Black's Law Dictionary, Sixth Edition. A medical malpractice claim brought by the parents of an impaired child, alleging that negligent treatment or advice deprived them of the opportunity to avoid conception or terminate the pregnancy.

> Bruggeman By and Through Bruggeman v. Schimke, 239 Kan. 245, 718 P.2d 635, 638. See also Wrongful conception; Wrongful life. Wrongful birth, Wikipedia
>
> Wrongful conception, Black's Law Dictionary, Sixth Edition. Also know as wrongful pregnancy, it is a claim by parents for damages arising from the negligent performance of a sterilization procedure or abortion, and the subsequent birth of a child. Miller v. Johnson, 231 Va. 177, 343 S.E.2d 301, 304. See also Wrongful birth; Wrongful life. Wrongful conception, Wikipedia

20. By June 21, 2011, Mr. Rodems, with the help of corrupt judges of the Thirteenth Judicial Circuit, concocted thousands of dollars in sanctions against me in 2005-CA-7205. (Exhibit 8), see Neil J. Gillespie v. Thirteenth Judicial Circuit, Florida, U.S. District Court, Middle District of Florida, Ocala Division, Case 5:10-cv-503-Oc-10TBS, Judge William Terrell Hodges presiding.

21. On February 27, 2012, Judge Hodges entered Order of Dismissal (Doc 64) (Exhibit 9) The Order fails to acknowledge that only the Florida Attorney General can represent the state of Florida in federal litigation; Rodems was not the Florida Attorney General - that was Pam Bondi.

22. Also see U.S. Supreme Court Petition No. 12-7747 (Exhibit 10) and telephone recording:

> This petition challenges the constitutionality of Fla. Stat. 934.01 et seq., Security of Communications, and its requirement for two-party consent to record telephone calls, which conflicts with federal one-party consent in 18 USC § 2511, and the laws of most states. [18 USC § 2511(2)(d)] https://www.nosue.org/telephone-recording/
>
> Also see USDC, MDFL, Case No. 5:21-cv-416, U.S. District Judge Paul G. Byron Neil J. Gillespie v. State if Florida, challenges the constitutionality of Fla. Stat. 934.03
>
> AMENDED NOTICE TO ATTORNEY GENERAL ASHLEY MOODY, RULE 9.900 (m) Notice of Constitutional Question, Florida Fifth DCA 5D23-2005 (Exhibit 11)

23. Time for a new approach. Neil J. Gillespie for Mayor of Ocala 2025.

Neil J. Gillespie for Governor of Florida 2026.

Neil J. Gillespie for U.S. Senate, Florida 2026.

Neil J. Gillespie for U.S. President 2028.
https://neil2028.blogspot.com/

NOTICE OF FILING

Neil J. Gillespie for U.S. President 2024.
https://neil2024.blogspot.com/

Neil J. Gillespie for U.S. President 2020.
https://neil2020.blogspot.com/

Respectfully Submitted February 27, 2026.

Neil J. Gillespie, Plaintiff pro se
2801 SW College Rd., STE 3
Ocala, FL 34474
Tel: 352-239-9037
Neil4Justice@yahoo.com
NeilGillespie@mail.com (E-Filing Portal)

Request the Clerk serve this Notice of Filing to the Defendants on the Courts CM/ECF system.